1  **Steven Zinnel**,   #66138-097
2  Federal Correctional Institution
3  FPC Sheridan
   P.O. Box 6000
4  Sheridan, OR  97378-6000

**FILED**

MAY - 3 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

7  Defendant  in Pro Se

9            IN THE UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

15  UNITED STATES OF AMERICA,            Case No.:  2:21-mc-00098-**TLN**

16          Plaintiff,
17                                       STEVEN ZINNEL'S REQUEST FOR HEARING
18                  v.
19  STEVEN ZINNEL,                       Criminal Case No.:  2:11-cr-00234-TLN

20          Defendant and Judgment Debtor.

22  TD AMERITRADE CLEARING, INC.,
23  (and its Successors and Assignees)

25          Garnishee.

28  TO THE CLERK OF THE COURT:

29      I, Steven Zinnel, the Defendant and Judgment Debtor, hereby request a hearing on the Writ of

30  Continuing Garnishment (Bank, IRA, Stocks or Brokerage Accounts) be scheduled within  10  days of
    or as soon as practical after the court appoints counsel,
31  the date the Clerk of Court receives this request. I request a hearing based upon the following reason(s):

32      XXX  The property the United States is seeking is exempt under an applicable exemption.  I have

    completed the attached Exemptions Claim Form.

33      XXX   The United States has not complied with the following statutory requirement(s) for the

34  issuance of post-judgment remedy granted by the Court:    The United States failed to

35  give Steven Zinnel notice of the enforcement proceedings and

    failed to serve Steven Zinnel in the above-captioned action.

Page 1

1

2

      XXX  I do not owe the money.  I am attaching documents to this request that I have paid the

3

judgment in full.   See  Attached  Memorandum of Points and Authorities and

4
the attached Exhibits.

Dated: _4/28/21_

5                                        Signature: _____

6                                        Printed Name: __Steven Zinnel__

7                                        Street Address: _P.O. Box 6000_

8

9                                        City: _____Sheridan_____

10                                        State: _____Oregon_____

11
                                         Zip Code: ___97378-6000___

12

13                                        Home Phone: _____

14
                                         Daytime Phone: _____

15

16                                        Cellular Phone: _____

17

18   RETURN ORIGINAL OF THIS REQUEST TO:

19   United States District Court
     Eastern District of California
20   Clerk of the Court
     501 I Street, Room 4-200
21   Sacramento, CA 95814

22

23   SEND A COPY TO:

24   United States Attorney's Office
     KURT A. DIDIER
25   Assistant United States Attorney
     501 I Street, Suite 10-100
26   Sacramento, CA  95814

27

28

     REQUEST FOR HEARING                        2

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
STEVEN ZINNEL'S REQUEST
FOR HEARING

## I.  INTRODUCTION

To paraphrase Adlai Stevenson, "If the government lawyers stop lying about me, I will stop telling the truth about them." Both in this case, and the underlying criminal case, the government lawyers, now at six, have lied to this court, cheated, and tried to win at all costs. (for example, see case no. 2:11-cr-234-TLN, ECF nos. ECF #615, pgs. 244:14-248:4; ECF #560, pgs 24:26-31:11; ECF #586-7, pgs. 26-71). There is a Latin legal principle that says "False in uno, falsus in omnibus," which translates to "False in one thing, false in everthing."  As demonstrated herein, this Latin legal principle applies in Zinnel's cases.

Zinnel opposes the government's latest specious actions for many compelling reasons.  First, the property the government is seeking is likely exempt.  Zinnel has concurrently filed a Notice of Claim of Exemption.  Second, the government has failed to give notice of this action and failed to serve papers its filed in this action.  In aggravation, the government has provided the court and garnishee TD Ameritrade with the wrong address for Zinnel.  (the government falsely stated Zinnel's mailing address is "P.O. Box 5000" when it is P.O. Box 6000. (see ECF# 5-1, pg. 2, line 14 and compare to Zinnel's concurrently filed Notice of Special Appearance.

1

1   Third, Zinnel does not owe any money in the underlying criminal

2   case and the government has actually over-collected

3   $135,310.14 in the criminal case that should be returned to

4   Zinnel.  Fourth, goverment attorney AUSA Kurt A. Didier and
    AUSA Lynn Trinka Ernce,
5   have blatently lied to this court in his court-filings.

6       On a clarification matter, as this Memorandum cites

7   court filings in three (3) different cases pending in

8   the United States District Court, Eastern District of California,

9   (Sacramento), Zinnel will refer to filings in the cases as follows:

10          United States v. Steven Zinnel / TD Ameritrade,
11          ED CA case no. 2:21-mc-00098-TLN    as "Misc. Case" ECF #___

12          United States v. Steven Zinnel,
            ED CA case no. 2:11-cr-00234-TLN  as "Criminal Case" ECF#___
13
            United States v. Steven Zinnel / David Zinnel,
14          ED CA case no. 2:19-mc-00242-TLN  as "Subpoena Case" ECF#___

15      Based on this Memorandum, the attached exhibits, and Zinnel's

16  concurrent filings, the court should stop all collection efforts

17  by the government, order the government to return to Zinnel the

18  $135,310.14 that it has over-collected in the Criminal Case,

19  order the Bureau of Prisons to stop collecting Inmate Financial

20  Responsibility Payments from Zinnel, withdraw the Writ of

21  Continuing Garnishment issued to TD Ameritrade on April 5, 2021,

22  and take appropriate action against the government attorneys,

23  including AUSA Kurt A. Didier for their bald-faced lies to this

24  court and their specious actions in all three of the above-

25  referenced cases.

26      Under the FDCPA, the government is required to provide an

27  alleged judgment debtor with notice but has utterly failed to do so

28  here.  28 U.S.C 3202(b).     2

II.   SOME OF THE PROPERTY THE GOVERNMENT IS SEEKING IS
      LIKELY EXEMPT FROM ENFORCEMENT

To protect his interests, in the abundance of caution, Zinnel has concurrently filed a Notice of Claim of Exemption asserting that if any assets exist of Zinnel, which he does not know after almost 8 years of unjust incarceration, some of those assets are exempt from enforcement.

III.  THE UNITED STATES HAS NOT COMPLIED WITH STATUTORY
      REQUIREMENTS OF ENFORCEMENT

The government and its lawyers have failed to give Zinnel notice of this action or serve him with process.  Further, the government has provided the court and garnishee TD Ameritrade with the wrong mailing address for Zinnel.  The government falsely stated Zinnel's mailing address is "P.O. Box 5000" when it is P.O. Box 6000.  (see Misc. Case ECF#5-1, pg. 2, line 14 and compare to Zinnel's concurrently filed Notice of Special Appearance.

The only way Zinnel even knows about the government's specious actions is that as a courtesy, Zinnel's appeal attorney, Michael Tanaka, who is CJA appointed mailed some of the documents filed in this case.  Michael Tanaka only represents Zinnel on appeal and does not represent Zinnel in this Misc. Case.  Further, attorney Michael Tanaka is not authorized to accept service of process on Zinnel's behalf.

Attorney Michael Tanaka mailed Zinnel some, but not all, of the documents filed thus far in this case on April 8, 2021. Attached hereto as Exhibit A is a true and correct copy of the United States Postal Service envelope reflecting Mr. Tanaka mailing documents to Zinnel on April 8, 2021.

1  It is noteworthy that even though the envelope arrived at
2  FCP Sheridan on April 12, 2021, Zinnel did not receive his
3  legal mail until April 22, 2021. (see Exhibit A). This means
4  Zinnel's legal mail sat in the FPC Sheridan mail room for 10 days.
5  This has been on ongoing problem at FPC Sheridan. Inmates mail
6  is delayed by up to a month. Zinnel moves this court to order
7  that the goverment personally serve all documents filed in this
8  case, including all documents filed in this Misc. Case so
9  Zinnel is not prejudiced by the FPC Sheridan mail room.

10   Some of the documents Zinnel received from attorney
11 Michael Tanaka reference a "Clerk's Notice of Instructions to
12 Judgment Debtor." However, Zinnel has never received any such
13 documents from the Court Clerk. Likewise, documents Zinnel
14 has received reference that garnishee TD Ameritrade Clearing, Inc.
15 is required by law to complete an "Acknowledgement of Service
16 and Answer of Garnishee"and file and serve on Zinnel within
17 ten (10) days of April 5, 2021. As of April 24, 2021, Zinnel
18 has never received any documents from TD Ameritrade in
19 connection with this proceeding.

20   Steven Zinnel has not been given legal notice of these
21 proceedings nor has he been served with the documents filed in
22 this case. Therefore, Zinnel is specially appearing in this action
23 and Zinnel's special appearance shall not be construed as his
24 personal appearance and Zinnel does not waive service of any
25 defects in service. (see concurrently filed Notice of Special
26 Appearance). Further, Zinnel does not live within the boundries
27 of the Eastern District of California which the government lawyers
28 are well aware of.

4

1   Zinnel has reviewed Misc. Case ECF #5-3, pg. 3, lines 8-11.

2   Zinnel has concurrently filed his Request that the Proceedings,

3   Property, Funds, and Account(s) and this Action be transferred

4   to the Federal Judicial District of Oregon.  (see concurrently

5   filed Request to Transfer).

IV.   STEVEN ZINNEL DOES NOT OWE ANY MONEY IN THE UNDERLYING
      CRIMINAL CASE AND THE GOVERNMENT HAS ACTUALLY
      OVER-COLLECTED $135,310.14 IN THE CRIMINAL CASE WHICH
      SHOULD BE RETURNED TO ZINNEL

9        Preliminarily, any Judgments entered in the Criminal Case

10  on either March 4, 2014 or May 30, 2014 are NOT the operative

11  judgments in the underlying Criminal Case.  On February 8,

12  2018, the Court of Appeals for the Ninth Circuit reversed

13  the 2014 judgments.  (see Criminal Case ECF #431).

14       On May 6, 2019, Zinnel was resentenced for a second time

15  to the longest sentence in the history of the United States for

16  Bankruptcy Fraud.  Zinnel's 152-month prison sentence exceeds

17  the longest sentence ever for bankruptcy fraud by 25%

18  Similarly situated defendants were sentenced to an average

19  of 19 months imprisonment with the highest sentence being

20  78 months.  (see Criminal Case ECF #585-7, pgs. 3-26 and

21  ECF#615, pgs. 11-14).  Nevertheless, on May 15, 2019 the

22  district court filed a Second Amended Judgment in a criminal

23  case.  (see Criminal Case ECF #653).  The Second Amended Judgment

24  ordred Zinnel to pay a Special Penalty Assessment of $1,500,

25  Victim Restitution of $2,513,319, and a fine of $500,000.

26  Criminal Case ECF #653. The total ordered is thus $3,014,819.

27  Attached hereto as Exhibit B is a true and correct copy of

5

1  U.S. Courts Case Inquiry printed on 1/11/21 that reflects

2  that the total ordered is $3014,819.  The printout relects

3  that since Zinnel has been incarcerated through 1/11/21,

4  the Bureau of Prisons has collected $525 from Zinnel

5  through the Inmate Financial Responsibility Program pursuant

6  to the operative judgment.  Exhibit B, Criminal Case ECF #653.

7  On September 21, 2016, government lawyer AUSA Kevin Khasigian

8  sent an email to Zinnel's lawyer Suzanne Luban admitting the

9  government had marshalled $3,149,604.14 in assets in Zinnel's

10  case, but "No funds have been applied to restitution or the

11  fine."  Attached hereto as Exhibit C is a true and correct

12  copy of AUSA Kevin Khasigian's Septemeber 21, 2016 email.

13  The September 16, 2016 was a sentencing exhibit and was brought

14  the court's attention in Zinnel's Sentencing Memorandum and

15  during the sentencing proceedings.  (see Criminal Case ECF #586-4,

16  page 19; ECF #615, pg. 360).  Attached hereto as Exhibit E

17  are relevant portions of Zinnel's Sentencing Memorandum,

18  Criminal Case ECF #615, informing the court and the government

19  that the restitution, fine, and special assessment in this case

20  is in fact paid.  (see also Criminal Case ECF #615, pgs 359-360).

21

22     Here is the proper accounting:

23  Total funds with the U.S. Attorney's Office & Court $3,150,129.14
    Total ordered in Judgment                          -$3,014,819.00
24
    Total Amount the government has over-collected      $   135,310.14
25

26

27

28

6

1   When Zinnel moved to stay the sale of real property

2   forfeited on February 25, 2014 prior to Zinnel's first sentencing,

3   (Criminal Case ECF #309), the government opposed the motion to

4   stay. (Criminal Case ECF #314). Zinnel informed the court

5   and the government lawyers of this at Zinnel's resentencing

6   in May of 2019. (see Exhibit E, Criminal Case ECF nos.

7   686-4, pgs. 2-8, 615 pgs. 359-360). The government's opposition

8   filed on March 3, 2014 stated: "The only way that [Zinnel]

9   would be prejudiced by forfeiture and liquidation of these assets

10  would be that they could generate funds that the Attorney General

11  could in his discretion direct to Zinnel's victims (including his

12  ex-wife). Zinnel's spite is a sentencing factor, not a basis for

13  a motion to stay." (Criminal Case ECF nos. 314, pg. 1; 586-4, p.2).

14      Zinnel agreed to restitution so that Zinned could get his

15  children for college. (Criminal Case ECF #586-4, pg. 10).

16  The government and Zinnel stipulated to $150,000 each to

17  Zac and Zayna Zinnel. (Criminal Case ECF nos. 343; 586-4,

18  pgs. 11-13). The Judgment awarded Zac and Zayna Zinnel a

19  $150,000 each. (Criminal Case ECF #586-4, pg. 15). However,

20  contrary to the government lawyer's lofty representations to the

21  court about "getting the victims paid," it took the government

22  until March and June of 2016 to sell Zinnel's property.

23  (Exhibit E; Criminal Case ECF #586-4, pgs. 17 & 18). Therefore,

24  it took the government 756 days to sell the property that the

25  government represented to the court on March 3, 2014 was

26  "expensive to maintain." (see Exhibit E; Criminal Case ECF nos.

27  586-4, pgs. 2-8; 314).

28

7

1     As previously stated above, on September 21, 2016, government
2  lawyer AUSA Kevin Khasigian sent an email to Zinnel's lawyer
3  Suzanne Luban admitting the government was sitting on
4  $3,149,604.14 rather than submitting the millions of dollars
5  it collected in Zinnel's case to the court clerk to disburse
6  to the restitution recipients and apply towards the fine.
7  (see Exhibit C attached hereto).  Over the next year, Zinnel
8  wrote several letters to the government trying to get the
9  government to pay Zinnel's children $150,000 each per the
10 judgment.  (see Exhibit E; Criminal Case ESF #615, pg. 360).
11 The goverment lawyers failed to respond.  Id.  Therefore,
12 on December 5, 2017, Zinnel filed a Motion to Enforce the
13 Judgment and Hold Plaintiff and its lawyers in contempt of court
14 for failing to pay the restitution recipients including Zinnel's
15 children.  (see Exhibit E; Criminal Case ESF nos. 409; 586-4,
16 pgs 21-51.)  The government opposed the motion which is no
17 surprise.  (Criminal Case ECF nos. 421; 586-4, pgs 52-53).
18 Without ruling on the merits of Zinnel's motion, biased Judge
19 Troy L. Nunley "Terminated" Zinnel's motion to get the
20 restitution recipients paid.  (Criminal Case ECF #428).
21 Attached hereto as Exhibit D, is a true and correct copy of
22 Zinnel's Notice of Motion to Enforce the Judgment and hold
23 Plaintiff and its counsel in contempt.  In his motion, Zinnel
24 also moved for a court order directing the BOP to stop
25 deducting FRP payments from Zinnel and return all the money
26 previously collected because thje government had over-collected
27 from Zinnel.
28

8

1    Even though the government has over-collected $135,310.14,

2   and thus has marshalled more than enough funds to pay to the

3   court clerk for the benefit of the restitution recipients,

4   the government's position in its opposition to Zinnel's motion

5   to enforce the judgment is: "The USAO must ensure that the

6   time for filing an appeal challenging either the restitution

7   order or the forfeiture has passed, or all relevant appeals

8   have been adjuducated, prior to submitting the restoration

9   request to AFMLS." (see Criminal Case ECF nos. 421, pg. 5 &

10  ECF #586-4, pg. 53.

11    In the Criminal Case, Zinnel still has a direct appeal

12  pending.  (see Court of Appeals for the Ninth Circuit case no.

13  19-10159).

14    Therefore, it is the government that is spiteful in opposing

15  Zinnel's motion to stay and continuing their harrassing of Zinnel.

16  Zinnel requests that the court order the government to STOP all

17  collection efforts in this case, release the "Writ of

18  Continuing Garnishment issued to TD Ameritrade (Misc. Case

19  ECF #5-2), and terminate this case.

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

V.    THE GOVERNMENT LAWYERS CONTINUE TO LIE TO THE COURT

Many times in the Criminal Case, Zinnel has informed the court that the government lawyers continue to lie to the court in an attempt to win at all costs and malign Zinnel with the court.  (for example, se Criminal Case ECF # 562, pgs. 11-18).  The government attorneys are not only lawyers and officers of the court, but they have even a higher duty of candor as federal prosecutors.

Prosecutors, as servants of the law, are subject to constraints and responsibilities that do not apply to other lawyers; they must serve truth and justice first. United States v. Kojayan, 8 F.3d 1315, 1323 (9th Cir. 1993). There job is not just to win, but to win fairly, staying within the rules.  Berger v. United States, 295 U.S. 78,88 (1935). The government lawyers continue to willfully advance facts prejudicial to the honor or reputation of a party; to wit Steven Zinnel.

Under the State Bar Act, an attorney may only use arguments and methods that "are considtent with truth, and may never seek to mislead the judge or any judicial officer by an artiface or false statement of fact or law."  Cal. Bus. & Prof. Code 6068(d). Likewise, and attorney is prohibited "to advance facts prejudicial to the honor or reputation of a party. Cal. Bus. & Prof. Code 6068(f).  Cal. Bus. & Prof. Code 6128 makes it a crime for an attorney to deceive a court or party. Rule 11 of the Federal Rules of Civil Procedure states by presenting a pleading, written motion, or other paper to the

10

court, the attorney certifies that (1) it is not being
presented for any improper purpose such as to harras and
(3) the factual contentions have evidentiary support.
Zinnel filed exhaustive papers on an attorney's duty of
candor in support of his resentencing. (see Criminal Case
ECF #586-7, pgs 74). In their specious collection efforts,
government lawyers AUSA Kurt A. Didier and AUSA Lynn Trinka
Ernce ignore their duty of candor and lie to this court.

The misrepresentations in the Application for Writ of
Continuing Garnishment (Misc. Case ECF #5-1)

The lawyers represent that Zinnel has an interest in
accounts at TD Ameritrade Clearing Inc. (ECF #5-1, pg. 2).
However, the government lawyers do not identify any account.
Zinnel is unaware of any account that he still has at TD
Ameritrade with any signifcant money in it.

The government lawyers represent to the court that Zinnel
"still owes $3,014,294" in the Criminal Case. However, Zinnel
has demonstrated herein and at his resentencing in May of 2019
that he does not.

The government lawyers state Zinnel's address is
P.O. Box 5000, but it is not.

The misrepresentations in the Ex Parte Application for an
asset restraining order in aid of judgment enforcement
(Criminal Case ECF #670)

On March 24, 2021, AUSA Kurt A. Didier filed an Ex Parte
Application in the Criminal Case that was chalked-full of lies.
Againg, a government lawyer misrepresented to the court that
"[Zinnel] owes over $3M in unpaid criminal monetary penalties."
(Criminal Case ECF #670, pg. 1). Lawyer Didier continued with

11

01 | his lies by stating Zinnel "is the sole beneficiary of
02 | an account with a current balance of over $1.3 M."
03 | (Criminal Case ECF #670, pf. 1).  This is a bald-faced lie.
04 | In the government's opposition to Zinnel's recent bail motion,
05 | the government attached a copy of Zinnel's mother's Trust
06 | entitled "Castana Trust.  (Criminal Case ECF #668-1, pgs.
07 | 18-40).  The government also filed Zinnel's mom's Last Will
08 | and Testament.  (Criminal Case ECF #668-1, pgs. 41-49).
09 | Both the Castana Trust and will were executed in March 2009.
10 | As of March 2009, the Castana Trust owned all of Ardith
11 | Ferris's assets.  However, attorney Kurt Didier ignores this
12 | by filing an exhibit for a TD Ameritrade account in the
13 | name of Ardith Ferris that was signed on August 12, 2005.
14 | (Criminal Case ECF #670-1, pg. 8).  Thus, the TD Ameritrade
15 | account document pre-dates the creation of the Castana Trust
16 | by almost four (4) years.  Compare Criminal Case ECF nos.
17 | 670-1, pg. 8 to 668-1, pg. 39.

18 |     In aggravation, AUSA Kurt Didier filed the Ex Parte
19 | Application AFTER Zinnel filed his Reply to the Government's
20 | Opposition to Zinnel's bail motion which cites binding
21 | law that Zinnel as a"trust beneficiar has no legal title or
22 | ownership interest in trust assets." (Criminal Case ECF
23 | #669, pg. 4 citing Saks v. Damon Raike & Co., 7 Cal. App. 4th
24 | 419, 427 (1992).  As the Reply states, Zinnel owns none of
25 | of the Castana Trust Assets and Zinnel is not the Trustee
26 | of the Castana Trust.  (ECF #669).

1   AUSA Kurt Didier continues his lies by claiming Zinnel "failed

2   to disclose his future interest in an account." (Criminal Case

3   ECF #670, pg. 3). That's absurd. That would be like saying

4   Zinnel should have disclosed in 2019, that he was going to

5   win the California mega-millions lottery on April 3, 2061!

6   Zinnel has received no assets from the Castana Trust and

7   Zinnel has essentially no contact whatsoever with the sole

8   Trustee of the Castana Trust.

9      AUSA Kurt A. Didier also lies to the Court when he writes

10   "The United States recently discovered he is the sole beneficiary..."

11   (Criminal Case ECF 670, pg. 1.) On December 19, 2019, AUSA

12   Kurt A. Didier filed an Application to take the deposition

13   of the Trustee of the Castana Trust Trustee. (see Subpoena Case

14   ECF #1). Kurt Didier subpoened 27 catagories of documents.

15   (Subpoena Case ECF #1, pgs. 7-10). Document requests numbers

16   26 and 27 requested documents relating to any inheritance or

17   money payable to Steven Zinnel. (ECF #1, pg. 10). Again, in the

18   Application for Subpoena, Kurt Didier lied to the court and

19   represented that Zinnel owed over $3,000,000 when in fact

20   lawyer knew Zinnel owed nothing. (Subpoena Case ECF #1, pg.2).

21   According to the application, the Trust's Trustee's deposition

22   was set for January 3, 2020. Id. Thus, the United States

23   did not just discover the Trust's, as opposed to Zinnel's,

24   TD Ameritrade Account.

25      Zinnel requests that the Court admonish the government lawyers

26   and report the misconduct of AUSA Kurt A. Didier to the State Bar

27   of California and the DOJ's Office of Professional Responsibility.

28

Steven Zinnel          Dated: _____4/28/21_____

13

# EXHIBIT

# "A"



**UNITED STATES POSTAL SERVICE®**

# PRIORITY® MAIL

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only

LEGAL MAIL RECEIVED

MAIL ROOM by
DATE _____ TIME 2:00 INIT _____
UNIT STAFF:
DATE 4-22-21 TIME _____ INIT _____
INMATE
DATE _____ TIME _____ INIT _____



**UNITED STATES POSTAL SERVICE®**  **Click-N-Ship®**

**P**

usps.com
$7.95
US POSTAGE
Flat Rate Env

9405 5036 9930 0341 4068 74 0079 5000 0059 7378

**U.S. POSTAGE PAID**
Click-N-Ship®

04/08/2021          Mailed from 90025

## PRIORITY MAIL 3-DAY™

MICHAEL TANAKA                                        Expected Delivery Date: 04/12/21
LAW OFFICE OF MICHAEL TANAKA
12400 WILSHIRE BLVD                                                    **0004**
STE 400
LOS ANGELES CA 90025-1030

**B900**

SHIP
TO: STEVE ZINNEL
REG. NO. 66138-097 - FCI SHERIDAN SATELLITE
PO BOX 6000
SHERIDAN OR 97378-6000

**USPS TRACKING #**



9405 5036 9930 0341 4068 74

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

# EXHIBIT

# "B"

01/11/2021 01:40 PM

**U.S. Courts**
**Case Inquiry Report**
**Case Number: DCAE211CR000234; Party Number: N/A; Payee Code: N/A**
**Show Party Details: N/A; Show Payee Details: N/A; Show Transactions: Y**

**Case Number**   DCAE211CR000234      **Case Title**   USA SV DERIAN EIDSON

**Summary Party Information:**

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 001 | CAEA029557 | STEVEN ZINNEL | CAEAPA18463 | SPECIAL PENALTY ASSESSMENT | | 1,500.00 | 525.00 | 975.00 |
| 001 | CAEA029557 | STEVEN ZINNEL | CAEAPA18463 | VICTIM RESTITUTION | | 2,513,319.00 | 0.00 | 2,513,319.00 |
| 001 | CAEA029557 | STEVEN ZINNEL | CAEAPA18463 | FINE-CRIME VICTIMS FUND | | 500,000.00 | 0.00 | 500,000.00 |
| | | | | | | 3,014,819.00 | 525.00 | 3,014,294.00 |

# EXHIBIT

# "C"

FILED IN ZINNEL'S CASE

**From:** "Khasigian, Kevin (USACAE)" <Kevin.Khasigian@usdoj.gov>
**To:** Suzanne Luban <lubanlaw@sbcglobal.net>; "Segal, Matthew (USACAE)" <Matthew.Segal@usdoj.gov>; "Hemesath, Audrey (USACAE)" <Audrey.Hemesath@usdoj.gov>
**Sent:** Wednesday, September 21, 2016 11:09 AM
**Subject:** RE: sale of Zinnel properties

Suzanne:

The sale of the Luyung Property resulted in net proceeds of $82,608.15, and the sale of 11966 Old Eureka Way netted $41,786.13. The below chart identifies the assets (and net proceeds) forfeited from your client:

| Asset Description | Net Proceeds |
|---|---|
| Vacant land - "The Luyung Property" | $82,608.15 |
| 11966 Old Eureka Way, Gold River | $41,786.13 |
| System 3, Inc. | $2,800,000.00 |
| $65,534.85 First Bank Account | $65,534.85 |
| $53,362.51 Wells Fargo Bank | $53,362.51 |
| Best Build and 3 Checks | $106,312.50 |
| **Totals** | **$3,149,604.14** |

No funds have been applied to restitution or the fine.

The requested closing statements are attached to this email.

--Kevin

EX 2133

# EXHIBIT

# "D"

**FILED**

STEVEN ZINNEL, USM #66138-097
Federal Correctional Institution,
Terminal Island
PO Box 3007
San Pedro, CA 90733-3007

DEC 05 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

Defendant, In Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO)

UNITED STATES OF AMERICA

    Plaintiff,

vs.

STEVEN ZINNEL,

    Defendant.

Case No. 2:11-cr-234-TLN

DEFENDANT STEVEN ZINNEL'S
NOTICE OF MOTION AND MOTION TO
(1) ENFORCE JUDGMENT
(2) HOLD PLAINTIFF AND ITS
ATTORNEYS IN CIVIL CONTEMPT
(3) MOTION FOR ORDER DIRECTING
THE BOP TO STOP TAKING $25.00
QUARTER FROM ZINNEL TO APPLY
TO RESTITUTION
(4) MOTION FOR ORDER DIRECTING
THE BOP, COURT CLERK, AND/OR
PLAINTIFF TO RETURN THE $325
THAT HAS BEEN TAKEN FROM
ZINNEL AT THE RATE OF
$25.00 QUARTER SINCE HE WAS
REMANDED INTO THE CUSTODY
OF THE BOP
(5) MOTION DIRECTING PLAINTIFF TO
PERSONALLY SERVE DEFENDANT
STEVEN ZINNEL WITH ANY PAPERS
PRIOR TO COURT-FILING IN
THIS CASE
(6) MOTION TO EXTEND DUE DATE
OF DEFENDANT'S TIME TO ACT
BY 14 DAYS
(7) MOTION FOR ORDER ISSUED TO
THE BOP DIRECTING ZINNEL TO
APPEAR BY TELEPHONE
AT THE HEARING
(8) MOTION FOR ACCURATE ACCOUNT OF
FUNDS PLAINTIFF HAS MARSHALED

[filed concurrently with defendant's
Motion to Recuse District Court Judge
Troy L. Nunley from presiding over
any further proceedings in this case
and motion for case reassignment
to a new District Court Judge]

Date:      December 14, 2017
Time:      9:30 A.M.
Judge:     Hon. Troy L. Nunley
CtRm:      #2
           [subject to change]

Page 1

EX Z151

1  TO THE HONORABLE COURT, PLAINTIFF UNITED STATES OF AMERICA, ITS ATTORNEYS
   MATTHEW D. SEGAL, AUDREY B. HEMESATH, KEVIN C. KHASIGIAN, PHILLIP A. TALBERT,
2  U.S. ATTORNEY GENERAL JEFFERSON SESSIONS, THE U.S. DEPARTMENT OF JUSTICE,
   DEFENDANT DERIAN EIDSON BY AND THROUGH HER ATTORNEY BECKY S. JAMES, ANY PERSON
3  OR ENTITY THAT HAS APPEARED IN THE ABOVE-CAPTIONED CASE, JUDGMENT RESTITUTION
   RECIPIENTS ZAC ZINNEL AND ZAYNA ZINNEL, AND ANY OTHER INTERESTED PERSON:
4
        PLEASE TAKE NOTICE that on December 14, 2017 at 9:30 AM, or as soon thereafter as this matter
5
   may be heard in the above-entitled Court for hearing, Defendant Steven Zinnel ("Defendant" or "Zinnel"),
6
   in pro se, will and hereby does move the Court to (1) Enforce its Judgment; (2) Hold Plaintiff United States
7
   of America and its attorneys in Civil Contempt, (3) for an order directing the BOP to stop deducting $25.00
8
   quarter from Zinnel to apply to restitution (4) for an order directing the BOP, court clerk, and/or Plaintiff
9
   to return the $325.00 that has been taken from Zinnel at the rate of $25.00 quarter since he was remanded
10
   into the custody of the BOP (5) Direct Plaintiff to personally serve defendant Steven Zinnel with any papers,
11
   PRIOR to court-filing, in this case going forward, (6) motion to extend due date of defendant's time to act
12
   by fourteen (14) days, (7) motion for order issued to the BOP directing Zinnel to appear by telephone at the
13
   hearing, and (8) motion for accurate account of funds plaintiff has marshaled ("Motion"). The hearing is
14
   currently set in Courtroom #2 of the United States Courthouse located at 501 I Street, Sacramento, CA 95814
15
   before the Honorable Troy L. Nunley (subject to change with judge reassignment).
16
        The Motion should be granted for many compelling reasons. The grounds for this Motion are:
17
   The court has the inherent power to enforce its judgments. Contempt is one method of enforcing its
18
   judgment. There is currently a valid enforceable Judgment in this criminal case. The Plaintiff and its
19
   attorneys are aware of the Judgment. Plaintiff and its attorneys can comply with the Judgment because
20  Plaintiff has marshaled, and is holding more than enough funds, to pay out the restitution ordered in the
21
   Judgment. Plaintiff and its attorneys are willfully not paying out the money they are holding as ordered
22
   by the Judgment. Plaintiff and its attorneys have violated the court order memorialized into a Judgment
23
   in the above-captioned case. The violation demonstrably fell short of substantial compliance with the
24
   Judgment. The violation was not based on a good faith and reasonable interpretation of the order.
25
   Thus, it is Plaintiff and its attorneys that are actually spiteful in this case not Zinnel. Since Plaintiff is
26
   sitting on more than enough money to satisfy the Judgment restitution and the entire Judgment
27
   is not being complied with, the court should order the BOP to stop deducting $25.00 a quarter from
28
   Zinnel and order the return of the $325.00 that has been deducted thus far from Zinnel.

EX 2152                                    Page 2

Case 2:21-mc-00098-TLN-AC   Document 20   Filed 05/03/21   Page 25 of 31

Case 2:11-cr-00234-TLN   Document 586-4   Filed 02/21/19   Page 23 of 71
Case 2:11-cr-00234-TLN   Document 409   Filed 12/05/17   Page 3 of 237

1   PLEASE TAKE FURTHER NOTICE that Zinnel has concurrently filed with this Motion a Motion to Recuse

2   District Judge Troy L. Nunley from presiding over any further proceedings in the above-captioned case

3   including the instant Motion. Zinnel objects to Judge Troy L. Nunley deciding this motion and/or presiding

4   over any further proceedings in the above-captioned case. Thus, the presiding Judge, Courtroom, Date,

5   and Time may change when a new Judge is assigned to the above-captioned case. When a new Judge is

6   assigned, either the Court or Zinnel will give notice of any changes.

7   PLEASE TAKE FURTHER NOTICE that because Zinnel is currently unjustly incarcerated in federal

8   prison, not a participant in the court's CM/ECF system, and subject to institution change at any time

9   without notice by the Bureau of Prisons ("BOP"), Zinnel further moves the court for an order directing

10  Plaintiff and its attorneys to cause Zinnel to be personally served with any papers, including any opposition

11  to this Motion, PRIOR to filing the papers with the court, at the BOP institution Zinnel is actually at when

12  Plaintiff's papers/opposition are ready to be filed with the court. Prior to filing with the court, Plaintiff

13  and its attorneys can email or fax any papers to be filed with the court, including any opposition to this

14  Motion, to the BOP institution Zinnel is incarcerated within, so he can be personally served by a BOP staff

    member with any legal papers.

15  PLEASE TAKE FURTHER NOTICE, that Zinnel moves the court to issue an order to Plaintiff and its

16  attorneys requiring them to concurrently file with the court a Certificate of Service reflecting that Zinnel was

17  personally served with their papers, including any opposition to this Motion, before filing any papers

18  and/or opposition with the court utilizing the CM/ECF system.

19  PLEASE TAKE FURTHER NOTICE, that Zinnel moves the court to be personally served with any and

20  all court orders in the above-captioned case going forward which could be accomplished by ordering

21  Plaintiff and its attorneys to personally serve Zinnel with a Notice of Entry of Order.

22  PLEASE TAKE FURTHER NOTICE that because Zinnel is currently unjustly incarcerated in federal

23  prison and subject to institution change at any time, without notice by the BOP, Zinnel further moves

24  the court for an order extending his deadline to act in this case by fourteen (14) calendar days to allow

25  Zinnel sufficient time to review documents, perform legal research, draft any papers, and file any papers

26  with the court by U.S. Mail. Per Local Rule 430.1(d), the Plaintiff's and its attorneys' opposition, if any,

27  is due within seven (7) days of this filing and Zinnel's Reply will be due on the date prescribed by the court.

28

EX2153                         Page 3

Case 2:21-mc-00098-TLN-AC   Document 20   Filed 05/03/21   Page 26 of 31

Case 2:11-cr-00234-TLN   Document 586-4   Filed 02/21/19   Page 24 of 71
Case 2:11-cr-00234-TLN   Document 409   Filed 12/05/17   Page 4 of 237

1   PLEASE TAKE FURTHER NOTICE, because Zinnel is unjustly incarcerated, he is unable to personally

2   attend the hearing. Therefore, Zinnel moves the court to appear by telephone at the hearing. Zinnel

3   requests that the court provide him with written notice of a telephone number to call in on. Due to the

4   constant and continuous Obstruction of Justice by the BOP in the form of not allowing Zinnel to participate

5   at court hearings by telephone, preventing Zinnel from performing legal research, and preventing Zinnel

6   from complying with court orders, Zinnel moves this court to issue an order to the Federal Bureau of

7   Prisons and FCI Terminal Island's Warden Felicia Ponce directing the BOP and Warden Ponce to allow

8   Zinnel to use an institution staff telephone on the date and time of the hearing so Zinnel can appear by

9   telephone at the hearing, under the court's supervisory powers to prevent obstruction of its proceedings.

    Should the court require Zinnel's physical appearance at the hearing, Zinnel requests that the court
10
    appoint the Federal Defender's Office to represent Zinnel at the hearing and Zinnel waives his physical
11
    appearance at the hearing.
12
    Zinnel moves the court for a transcript of the hearing and if any portion of this Motion is denied,
13
    that the court's clerk be ordered to file a Notice of Appeal to the Court of Appeals for the Ninth Circuit
14
    on Zinnel's behalf.
15
    This Motion is based on this notice, the concurrently filed memorandum of points and authorities,
16
    declaration of Steven Zinnel, index of attached exhibits, objection to Judge Troy L. Nunley from deciding
17
    this Motion, the records of this case, and any oral argument permitted at the hearing on the Motion.
18
    Dated: October 31, 2017
19

20

21   Steven Zinnel
     Defendant in pro se
22

23

24

25

26

27

28

EX 215A

# EXHIBIT

# "E"

1   STEVEN ZINNEL,  X-1858541
2   Sacramento County Main Jail
3   651 I Street
4   Sacramento, CA 95814
5
6   Defendant in Pro Se



FILED

APR 18 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

7
8   IN THE UNITED STATES DISTRICT COURT
9
10   EASTERN DISTRICT OF CALIFORNIA
11
12
13   UNITED STATES OF AMERICA          | Case No. 2:11-cr-234-TLN
14                                      |
15          Plaintiff,                  | **DEFENDANT STEVEN ZINNEL'S**
16      v.                              | **SENTENCING MEMORANDUM**
17                                      | **AFTER REMAND**
18   STEVEN ZINNEL,                     | SENTENCING DATE
19                                      |
20          Defendant.                  | Date: May 2, 2019
21                                      | Time: 1:30 PM
22                                      | Court: Hon. Troy L. Nunley
23
24          Defendant Steven Zinnel ("Zinnel") hereby submits his Sentencing Memorandum after
25   remand from the Ninth Circuit Court of Appeals, in Support of his forthcoming resentencing: [1]
26      • *Because we can:*
27          *The motto of power since the idea of power over others was born in our kind.*
28      • *Distrust all in whom the impulse to punish is strong.* Friedrich Nietzsche
29      • *The degree of civilization in a society can be judged by entering its prisons.*
30          Russian writer Fyodor Dostoevsky

---

[1] Zinnel has filed twenty-two (22) volumes of Exhibits in support of this Sentencing Memorandum. (see ECF nos. 585, 586, and the exhibits concurrently filed). Herein, Zinnel will refer to the Exhibits by Volume number and the exhibit number on the bottom left of each page of the exhibits. e.g. (Vol. ___, Ex. ___).

1

2

**25.  Provide restitution to any victims of the offense** - 18 U.S.C. § 3553 (a)(7)

4

Congress has mandated that sentencing judges **shall** consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553 (a)(7).  The Ninth Circuit teaches "the district court's goal of obtaining restitution for the victims of Defendant's offense, 18 U.S.C. § 3553(a)(7), is better served by a non-incarcerated and employed defendant." *United States v. Menyweather*, 447 F.3d 625, 634 (9 CA, 2006) (en banc).

When Zinnel moved to stay the sale of real property forfeited prior to sentencing, the government opposed the motion to stay. (Vol. 15, Ex. 2101-2107). The government's opposition filed March 3, 2014, stated: "*The only way that he would be prejudiced by forfeiture and liquidation of these assets would be that they could generate funds that the Attorney General could in his discretion direct to Zinnel's victims (including his ex-wife).  Zinnel's spite is a sentencing factor, not a basis for a motion to stay.*" (Vol. 15, Ex. 2101, lines 22-25). Zinnel agreed to restitution so that Zinnel could get his children Zac and Zayna Zinnel money for college.  (Vol. 15, Ex. 2115).  The government and Zinnel stipulated to $150,000 each to Zac and Zayna Zinnel (Vol. 15, Ex. 2121-2123).   The Judgment awarded Zac and Zayna Zinnel $150,000 each.   (Vol. 15, Ex. 2125).  However, contrary to the government lawyers' lofty representations to the Court about "getting the victims paid,"  it took the government until March and June of 2016 to sell the property.  (Vol. 15, Ex. 2131 & 2132).   Therefore it took the government 756 days to sell the property that the government represented to the Court on March 3, 2014 was "expensive to maintain."  (Vol. 15, Ex. 2101-2107).

✳ 1     ⌐On September 21, 2016, government lawyer AUSA Kevin Khasigian sent an email to

2    Zinnel's lawyer Suzanne Luban admitting the government was sitting on $3,149,604.14.⌐ (Vol.

3    15, Ex. 2133). Over the next year, Zinnel wrote several letters to the government trying to get

4    the government to pay his children $150,000 each per the Judgment. The government lawyers

5    failed to respond. ⌐Therefore, on December 5, 2017, Zinnel filed a Motion to Enforce the

6    Judgment and Hold Plaintiff and its lawyers in contempt of court for failing to pay the restitution

7    recipients including Zinnel's children.⌐ (Vol. 15, Ex. 2151-2181).   AUSA Matthew D. Segal

8    opposed the motion which is no surprise.    (Vol. 15, Ex. 2190-2191). Even though the

9    government opposed Zinnel's motion to stay calling Zinnel "spiteful," AUSA Matthew D. Segal

10    talked out of the other side of his mouth in opposing Zinnel's Motion to Enforce the Judgment

11    by writing that the U.S. Dept. of Justice Asset Forfeiture Policy Manual states:⌐"*The USAO must*

12    *ensure that the time for filing an appeal challenging either the restitution order or the forfeiture*

13    *has passed, or all relevant appeals have been adjudicated, prior to submitting the restoration*

14    *request to AFMLS.*"⌐(Vol. 15, Ex. 2191)⌐ Therefore, it is the government that is spiteful in

15    opposing Zinnel's motion to stay pending appeal when they claim that it is DOJ policy not to pay

16    out restitution money the government is sitting on during the pendency of appeal.⌐

17

18

19
20
21
22
23
24
25
26
27
28

Page 360

## CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18.  I further certify that

on ___4/28/21___ I served a true and correct copy of the foregoing on:

AUSA Kurt A. Didier
AUSA Matthew D. Segal
United States Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA 95814

TD Ameritrade Clearing, Inc.
Incorporating Service, LTD
7801 Folsom Blvd., #202
Sacramento, CA  95826

Attorney for Plaintiff

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities

Pursuant to *Houston v. Lack*, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a Pro Se prisoner's filing is deemed filed with the Court on the date of delivery to prison authorities for filing with the Court.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Steven Zinnel**,  #66138-097
Federal Correctional Institution
P.O. Box 6000
Sheridan, OR  97378-6000