UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant. | No. 2:21-mc-00098-TLN-AC<br><br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel (ECF No. 19). Plaintiff is incarcerated and is a self-represented litigant in this miscellaneous case.

## I. Motions

Plaintiff requests that the court appoint counsel, asserting he has a right to counsel under the Sixth Amendment in this "quasi-criminal" garnishment case. ECF No. 19 at 1-2. Plaintiff notes that his incarceration makes it difficult for him to properly litigate this case. Id.

## II. Analysis

It is well-established that there is no Sixth Amendment constitutional right to counsel in post-conviction collateral proceedings.[1] Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir. 1995). This

---

[1] Defendant was found guilty on several criminal charges on July 16, 2013 and was sentenced to a term of confinement, penalties, and restitution. USA v. Zinnel, et al., 2:11-cr-00234-TLN-1 (E.D.CA) at ECF Nos. 219, 321, 343.

1

rule extends to garnishment cases. See United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015) ("a writ of garnishment seeks to enforce an already existing order of restitution. It is not part of defendant's criminal sentencing because it does not implicate the imposition of restitution. Collecting the restitution owed is decidedly civil in nature.")

In civil cases, a pro se litigant's access to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. The fact that plaintiff has limited resources while incarcerated does not constitute exceptional circumstances. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Appointment of counsel therefore is not appropriate.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 19) is DENIED.

IT IS SO ORDERED.

DATED: May 6, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE