```
 1  Steven Zinnel,  #66138-097
 2  Federal Correctional Institution
 3  FPC Sheridan
    P.O. Box 6000
 4  Sheridan, OR  97378-6000
 5
 6
 7  Defendant in Pro Se
```

**FILED**

MAY 20 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
               DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN ZINNEL,<br><br>　　　Defendant and Judgment Debtor.<br><br>TD AMERITRADE CLEARING, INC.,<br>(and its Successors and Assignees)<br><br>　　　Garnishee. | Case No.: 2:21-mc-00098-TLN AC<br>Criminal Case No.: 2:11-cr-00234-TLN<br><br>**DEFENDANT STEVEN ZINNEL'S**<br>OBJECTION TO THE MAGISTRATE<br>JUDGE'S MAY 7, 2021 ORDER (ECF 27)<br>DENYING STEVEN ZINNEL'S TIMELY<br>REQUEST PURSUANT TO<br>28 U.S.C. 3004(b)(2) TO TRANSFER<br>THIS GARNISHMENT PROCEEDING TO<br>THE DISTRICT COURT FOR THE<br>DISTRICT IN WHICH THE ALLEGED<br>DEBTOR RESIDES WHICH IS THE<br>DISTRICT OF OREGON |

　　　Defendant and alleged judgment debtor Steven Zinnel ("Zinnel") hereby objects to United States Magistrate Judge Allison Claire's May 7, 2021 order, ECF #27, unlawfully denying Zinnel's timely request pursuant to 28 U.S.C. 3004(b)(2), ECF #21, to transfer this garnishment proceeding to the district court for the district in which the alleged debtor resides which is the District of Oregon on the following grounds:

I.  BACKGROUND

Plaintiff United States of America ("government") commenced this garnishment proceeding on or about April 2, 2021.  However, the government's lawyers did not mail Zinnel the required papers or provide Zinnel notice of the action until April 20, 2021.  In agravation, the government lawyers mailed the required papers giving Zinnel notice of the action and his rights to the wrong mailing address of "P.O. Box 5000).

On April 22, 2021, Zinnel received court-filings ECF nos. 2-1, 5-1, 5-2, 5-3, 5-4, 5-5, 5-6, 5-7, and 5-8, as a courtesy from Zinnel's appellate attorney Michael Tanaka. Mr. Tanaka only respresents Zinnel on appeal and does not represent Zinnel in this garnishment proceeding.  Zinnel has never authorized Mr. Tanaka to accept service on Zinnel's behalf in this case.

28 U.S.C. 3004(b)(2) of the Federal Debt Collection Procedures Act ("FDCPA") states:

> "If the debtor so requests, within 20 days after receiving the notice described in section 28 U.S.C. 3202(b), the action or proceeding in which the writ...was issued <u>shall</u> be transferred to the district court for the district in which the debtor resides."   (emphasis added)

The Supreme Court has found "<u>shall</u> to be the language of command." Escoe v. Zerbst, 295 U.S. 490, 493 (1935).

28 U.S.C. 3202(b) of the FDCPA requires the "Clerk's Notice of Instructions to the Judgment Debtor" to provide the above section 3004(b)(2) notice to the debtor.  In drafting the "Clerk's Notice," the government lawyers complied

1  with the 28 U.S.C. 3202(b) requirment. (see ECF #2-1, pg. 3,
2  lines 8 -11).  On April 5, 2021, the Court Clerk signed
3  the "Clerk's Notice of Instructions to Judgment Debtor"
4  containing the required 28 U.S.C. 3202(b) notice.
5  (ECF # 5-3, pg 3, lines 8-11).  On April 28, 2021, six days
6  after he received the courtesy papers informing him of the
7  action, Zinnel exercised his right under 28 U.S.C. 3004(b)(2)
8  and mailed his written Request that the Proceedings,
9  Property, Funds, and Account(s) be Transferred to the Federal
10 Judicial District of Oregon because Steven Zinnel lives in
11 Sheridan Oregon which is Outside the Eastern District
12 of California.  (see ECF #21 filed on May 3, 2021).
13 In his written request, Zinnel specifically cited the
14 applicable paragraph in the Clerk's 28 U.S.C. 3202(b) notice.
15 (see ECF #21, 1:29).
16      On May 7, 2021, United States Magistrate Judge
17 Allison Claire issued an erroneous order denying Zinnel's
18 "motion to transfer this case to the District of Oregon
19 because he is currently incarcerated in Sheridan Oregon.".
20 (see ECF #27).  Zinnel received the magistrate judge's
21 May 7, 2021 order on May 13, 2021.  In her ruling,
22 Magistrate Judge Allison Claire erroneously based her
23 ruling on the "federal venue statute," 28 U.S.C. 1391(b)
24 instead of the controlling statute 28 U.S.C. 3004(b)(2).
25 Therefore, U.S. Magistrate Judge Allison Claire's Order
26 (ECF #27) is clearly erroneous and contrary to law.
27

28 U.S.C. 636(b)(1)(A). Zinnel's objection to the magistrate judge's erroneous ruling naturally follows. The District Court Judge ruling on this objection must sustain Zinnel's objection and order the proceedings transferred to the District of Oregon as mandated by 28 U.S.C. 3004(b)(2). To do otherwise, would be reversible error on appeal. Finally, Zinnel has objected to Judge Troy L. Nunley presiding over this case and Zinnel has renewed his Motion to Recuse and Disqualify Judge Troy L. Nunley, Judge Nunley cannot rule on this objection.

II. <u>KEY LAW</u>

A party may object to a non-dispositive pre-trial order of a magistrate judge within fourteen days after service of the order. Fed R.Civ.P. 72(a). Here, the objected-to order was served on Zinnel by U.S. Mail on May 10, 2021. (ECF #27). Therefore, this objection is timely made. (see also L.R. 304(b)).

The "clearly erroneous" standard applies to a magistrate judge's factual findings whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. e.g. Grimes v. Cty of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's finding is "clearly erroneous" if the district court judge has a "definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). An order is "contrary to law" when it fails to apply or misapplies relevant statutes,

case law, or rules of procedure." United States v. Desage, 229 F.Supp. 3d 1029 (D. Nev., 1/9/17).

The FDCPA provides that "[i]f the [alleged] debtor so requests, within 20 days after receiving the notice...the action or proceeding in which the writ...was issued <u>shall</u> be transferred to the district court for the district in in which the [alleged] debtor resides." 28 U.S.C 3004(b)(2). The phrase "shall be transferred" indicates that, upon the filing of a written request, which Zinnel timely did, under 28 U.S.C. 3004(b)(2), transfer is mandatory.

The Supreme Court has found "shall to be the language of command." Escoe v. Zerbst, 295 U.S. 490, 493 (1935). "The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive." Association of Civilian Technicians v. FLRA, 22 F.3d 1150, 1153 (D.C. 1994). The Ninth Circuit has of course held the same: "The word 'shall' is ordinarily the language of command." United States v. Kowalczyk, 805 F.3d 847, 857 (9th Cir. 2015).

The district court must assume that Congress meant what it said when it used the term "shall be transferred to the district court for the district in which the [alleged] debtor resides." See United States v. Gonzales, 520 U.S. 1, 5 (1997). A district court judge has confirmed what Zinnel's research reveals:

> "The only court of appeals to address the issue [of mandatory transfer under 28 U.S.C. 3004(b)(2)] in a published decision so concluded that transfer is mandatory."
>
> United States of America, on behalf of its agency, the U.S. Small Business Administration v. EDF Resource Capital, Inc., 2013 U.S. Dist. LEXIS 202299 (U.S.D.C. Dist. of Columbia, May 30, 2013 citing the Sixth Circuit Court of Appeals decision in United States v. Nash, 175 F.3d 440 (6th Cir. 1999)

In Nash, the same government as here, conceded that Nash's request was timely, and that the district court erred in not granting the mandatory transfer request. Id. In Nash, the Sixth Circuit held in its published opinion that because the plain language of 28 U.S.C. 3004(b)(2) is mandatory, the district court must grant such a transfer as long as it is made in a timely manner. Id.

III. ANALYSIS

The facts in this case cannot be in dispute. The law codified in 28 U.SC. 3004(b)(2) is clear that Zinnel can request that the proceeding is transferred to the District of Oregon, Zinnel timely requested the transfer in writing, and the district court must transfer the proceeding to the District of Oregon forthwith. As in Nash, the government lawyers evidently concede that Zinnel has the sole option of transferring the proceedings to the district in which he lives, because the government lawyers drafted the Clerk's Notice informing Zinnel of his sole right to transfer. (see ECF #2-1, pg. 3, lines 8-11). On April 5, 2021, the Court Clerk signed the "Clerk's Notice of Instructions to

6

Judgment Debtor" containing the required 28 U.S.C. 3202(b) notice. (ECF #5-3, pg. 3, lines 8-11). On April 28, 2021, six days after he received the courtesy papers informing him of the action, Zinnel exercised his right under 28 U.S.C. 3004(b)(2) and mailed his written Request that the Proceedings, Property, Funds, and Account(s) be Transferred to the Federal Judicial District of Oregon because Steven Zinnel lives in Sheridan Oregon, albeit against his will because Plaintiff United States forced Zinnel to live in Sheridan Oregon. (see ECF #21 filed on May 3, 2021).

Magistrate Judge Allison Claire's May 7, 2021 order denying Zinnel's motion to transfer this case to the District of Oregon, ECF #27, is clearly contrary to the law. Magistrate Judge Allison Claire erroneously based her ruling on the "federal venue statute," 28 U.S.C. 1391(b) instead of the controlling statute 28 U.S.C. 3004(b)(2). Further, the objected-to order violates the holdings in the Sixth Circuit published opinion of United States v. Nash, 175 F.3d 440. (6th Cir. 1999). Moreover, the "federal venue statute," also mandates the transfer as the magistrate judge correctly recited: "a civil action may be brought in a judicial district in which any defendant resides." (ECF #27, pg.1, lines 20-21). Zinnel clearly resides within the District of Oregon because Plaintiff United States forced him to live there. Thus, under 28 U.S.C. 3004(b)(2), Plaintiff United States must litigate **in** the district Plaintiff forced

1 | Zinnel to live.  Further facts that the magistrate judge's
2 | order is contrary to law, is that her order does not even
3 | mention the controlling garnishment statute 28 U.S.C.
4 | 3004(b)(2).  Magistrate judge Allison Claire's order fails
5 | to apply the relevant statute, 28 U.S.C. 3004(b)(2), and
6 | case law, United States v. Nash, supra., thus her
7 | May 7, 2021 order, ECF #27, is "contrary to law.  United
8 | States v.Desage, supra.

9 | Therefore, under Fed.R. Civ. P. 72(a) and 28 U.S.C.
10 | 636(b)(1)(A), a district court judge, other than Judge
11 | Troy L. Nunley, must modify and/or set aside Magistrate
12 | Judge Allison Clairs's May 7, 2021 erroneous order, ECF #27,
13 | and enter a new order granting Zinnel's request to transfer
14 | this case and enter an order transferring this garnishment
15 | case to the District Court for the District of Oregon
16 | forthwith for all further proceedings in this case.

Steven Zinnel                                Date: 5/16/21

8

CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that on  5/16/21
I served a true and correct copy of the foregoing on:

AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA  95814

Attorney for Plaintiff

TD Ameritrade Clearing, Inc.
Incorporating Service, LTD
7801 Folsom Blvd., #202
Sacramento, CA  95826

Garnishee

K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA  95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR  97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/_

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR  97378-6000