PHILLIP A. TALBERT
Acting United States Attorney
LYNN TRINKA ERNCE
KURT A. DIDIER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN ZINNEL,<br><br>    Defendant and Judgment Debtor.<br><br>TD AMERITRADE CLEARING, INC.,<br><br>    Garnishee. | Case No.: 2:21-mc-00098-TLN-AC<br><br>**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO DISMISS** |

The Court should deny Steven Zinnel's motion to dismiss based on allegedly insufficient service of process because the United States properly served Zinnel at his last known address, as authorized by the Federal Rules of Civil Procedure, and then at his new address based on Zinnel's change of address notice. Moreover, even before the United States served Zinnel at his new address, he was able to prepare, sign, and serve by mail a total of twenty-two pleadings. ECF 16-23, 29-38, 40-43. Thus, the Court should reject Zinnel's argument that he did not receive documents from the United States and that he was prejudiced as a result. Accordingly, the Court should deny Zinnel's motion to dismiss on service of process grounds in its entirety.

///

///

**Applicable Standards**

The Federal Debt Collection Procedures Act ("FDCPA") "sets forth the 'exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution.'" *United States v. Mays,* 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(b)) (alterations in original).  The Mandatory Victims Restitution Act ("MVRA") provides that the United States may enforce a judgment in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA.  18 U.S.C. § 3664(m)(1)(A)(i); 18 U.S.C. § 3613(a), (f).  "A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).

The FDCPA requires the United States to provide the judgment debtor with notice of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b) (specifying language to be contained in notice to be provided to judgment debtor).  Counsel for the United States must serve a copy of the notice and a copy of the writ of garnishment application on the judgment debtor.  28 U.S.C. § 3202(c).  Once the Clerk of Court issues the writ of garnishment, the United States must serve the garnishee and the judgment debtor with a copy of the writ, instructions explaining the requirement that the garnishee must submit a written answer to the writ, and instructions to the judgment debtor for objecting to the answer of the garnishee and obtaining a hearing on the objections.  *Id.*  The FDCPA requires that the writ be served in accordance with the Federal Rules of Civil Procedure and authorizes nationwide service of process.  28 U.S.C. § 3006.  The Federal Rules authorize service by mail to a person's last known address.  Fed. R. Civ. P. 5(b)(2)(C).

**Argument**

The Court should deny Zinnel's motion to dismiss because the United States properly served Zinnel and his arguments that he did not receive documents and was prejudiced as a result are meritless.

The United States commenced this garnishment action by filing its application for a writ of garnishment on the TD Ameritrade individual retirement account on April 2, 2021.  ECF 1-2.  The Clerk of Court issued the writ of garnishment and the Clerk's notice of instructions to judgment debtor on April 5, 2021.  ECF 3.

On April 7, 2021, the United States served Zinnel's appeals attorney, Guy Michael Tanaka, by FedEx: its writ application; the writ of garnishment; the clerk's instructions to Zinnel regarding the writ, objecting to the garnishee's answer and claiming exemptions; the request for hearing form; information regarding the availability of magistrate jurisdiction; and the form by which to consent or decline to magistrate jurisdiction.  ECF 5; 28 U.S.C. § 3202(c).

On April 20, 2021, the United States re-served Zinnel the entire writ package, plus the related case order, by certified mail to his last known address, FCI Sheridan, P.O. Box 5000, Sheridan, Oregon, 97378, which is the address for inmates at FCI Sheridan.[1]  ECF 9; Fed. R. Civ. P. 5(b)(2)(C) (authorizing mail service to recipient's last known address).  That service package was received at Sheridan on April 26, 2021.[2]

On April 28, 2021, Zinnel signed and served a Notice of Change of Address to FPC Sheridan, P.O. Box 6000, Sheridan, Oregon, 93738-6000, which is the address for the Satellite Camp at FCI Sheridan.[3]  ECF 16.  That same day, he also signed and served his request for hearing (ECF 20), special appearance notice (ECF 17), recusal motion (ECF 18), motion to appoint co-counsel (ECF 19), request to transfer venue (ECF 21) waiver of physical presence (ECF 22), and claim of exemptions (ECF 23).  All eight of these documents were filed on May 3, 2021.  ECF 16-23.

On May 3, 2021, the United States served Zinnel with garnishee TD Ameritrade's writ acknowledgment and answer at the P.O. Box 5000 address.  ECF 15.  That package was received at Sheridan on May 6, 2021.[4]

Based on Zinnel's change of address notice, on May 14, 2021, the United States re-served by certified mail all the documents that it previously served on Zinnel (via his attorney and P.O. Box 5000)

---

[1] *See* How to send things here, Inmate Mail https://www.bop.gov/locations/institutions/she/ (address for inmates at the FCI) (last visited 6/1/2021).

[2] *See* Delivery Confirmation at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=70131090000120876922%2C%2C&tABt=false (last visited 6/2/2021).

[3] *See* How to send things here, Inmate Mail https://www.bop.gov/locations/institutions/she/ (address for inmates at the Camp) (last visited 6/1/2021).

[4] *See* Delivery Confirmation at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70180360000065863531%2C (last visited 6/2/2021).

UNITED STATES' OPPOSITION TO STEVEN ZINNEL'S MOTION TO DISMISS GARNISHMENT ACTION                    3

to P.O. Box 6000, and included copies of the Postal Service delivery confirmations for the previous service packages. ECF 28. The all-inclusive service package the United States sent to Zinnel at P.O. Box 6000 was received at Sheridan on May 17, 2021.[5]

Zinnel signed and served by mail ten more pleadings on May 16, 2021 – the day before the United States' service package was received at the P.O. Box 6000 address. ECF 29-38.[6] He signed and mailed an additional four pleadings on May 17, 2021 – the same day that the United States' service package was received at the P.O. Box 6000 address. ECF 40-43.[7]

All told, despite his complaints that the United States did not properly serve him, Zinnel was able to prepare, sign and serve twenty-two pleadings before ever receiving the United States' service package mailed to his new P.O. Box 6000 address. Zinnel's contentions that he did not receive the United States' earlier mailings, or that he was prejudiced because the United States initially served him at P.O. Box 5000, rather than P.O. Box 6000, are implausible and unfounded.

## Conclusion

For all these reasons, the Court should deny Zinnel's motion to dismiss.

Dated:  June 2, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ *Lynn Trinka Ernce*
LYNN TRINKA ERNCE
Assistant United States Attorney

---

[5] *See* Delivery Confirmation at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=70180360000065863555%2C%2C (last visited 6/2/2021).

[6] The new set of pleadings included Zinnel's: objection, motion to strike, and request for hearing on TD Ameritrade's answer (ECF 29); response, objection, and motion to strike portions of David Zinnel's third-party claim (ECF 30); objection to the United States' request for a litigation surcharge (ECF 31); objection to two magistrate judge orders (ECF 32, 33); motion for order requiring personal service (ECF 34); motion for standing extension of time to respond (ECF 35); request for copy of complete case docket (ECF 36); motion to quash writ of garnishment (ECF 37); and notice of appeal of any final judgment and appealable order in this case (ECF 38).

[7] These pleadings were: an objection to the order denying his request for co-counsel (ECF 40); a motion for an order directing that Zinnel receive all court filings (ECF 41); objections to any court ruling in this case (ECF 42); and his motion to dismiss the garnishment action (ECF 43).