PHILLIP A. TALBERT
Acting United States Attorney
LYNN TRINKA ERNCE
KURT A. DIDIER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 2:21-mc-00098-TLN-AC |
|---|---|
| Plaintiff, | **UNITED STATES OF AMERICA'S OBJECTION TO DAVID ZINNEL'S REPLY [ECF 61 at 2-3]; OR, ALTERNATIVELY, REQUEST FOR LEAVE TO RESPOND TO NEW ARGUMENT RAISED IN REPLY** |
| v. | |
| STEVEN ZINNEL, | |
| Defendant and Judgment Debtor. | |
| TD AMERITRADE CLEARING, INC., | |
| Garnishee. | |

The United States of America objects to the first argument in David Zinnel's ("Zinnel") reply brief at ECF 61, pages 2-3, and requests that it be stricken, based on the following:

1. Zinnel filed his "third-party claim" to the TD Ameritrade individual retirement account ("IRA") and request for evidentiary hearing, with supporting memorandum of points and authorities and exhibits, on May 3, 2021. ECF 11-13. The Court ordered the United States to respond by no later than June 2 and that optional replies would be due June 9. ECF 24.

2. At 4:59 p.m. on the day the United States' response to Zinnel's claim was due, Zinnel filed an unauthorized "Supplement" to his claim. ECF 45. Although he previously submitted argument and evidence for the Court to consider in deciding whether Steven Zinnel is the 100% owner of the IRA, as the United States asserts, or it is an asset of the Castana Trust, as David Zinnel asserts (ECF 11-13),

he notified the Court in the Supplement that he had filed a petition in probate court for determination of the very same issue and that the probate court, not this Court, should decide the issue. ECF 45.

3. That same night, the United States filed a very short objection to the Supplement and asked the Court to strike it, among other reasons, because it is unauthorized by the Court's briefing schedule, and the Court has exclusive jurisdiction to adjudicate the United States' garnishment action in its entirety. ECF 48. The United States also opposed David Zinnel's claim and evidentiary hearing request. ECF 53.

4. Although the Court has not authorized the Supplement, Zinnel's reply in support of his claim also replies to the Supplement and the United States' opposition to it. ECF 61 at 2-3. This is the second time Zinnel has filed a pleading outside of the briefing schedule without prior Court approval.

5. In his reply to the unauthorized Supplement, Zinnel argues for the first time that this Court lacks jurisdiction to decide ownership of the IRA under the so-called "probate exception" to federal jurisdiction. ECF 61 at 2-3. Since briefing is closed, the United States has no opportunity to respond to Zinnel's new jurisdictional argument and explain to the Court why it is incorrect.

For these reasons, in addition to striking the Supplement as the United States previously requested (ECF 48), the Court also should strike the new jurisdictional argument raised for the first time in Zinnel's reply brief. ECF 61 at 2:11-3:14; *see Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (providing that courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond). Alternatively, if it would assist the Court, the United States respectfully requests that it be permitted to submit a brief response to Zinnel's new probate exception argument.

Respectfully submitted,

Dated: June 11, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ *Kurt A. Didier*
KURT A. DIDIER
Assistant United States Attorney