Steven Zinnel, #66138-097
Federal Correctional Institution
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000

Defendant in Pro Se



FILED

JUN 28 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant and Judgment Debtor.<br><br>TD AMERITRADE CLEARING, INC.,<br>(and its Successors and Assignees)<br><br>Garnishee. | Case No.: 2:21-mc-00098-TLN<br>Criminal Case No.: 2:11-cr-00234-TLN<br><br>**DEFENDANT STEVEN ZINNEL'S SUPPLEMENTAL OBJECTION TO THE MAGISTRATE JUDGE'S MAY 7, 2021 ORDER (ECF #27) DENYING STEVEN ZINNEL'S TIMELY REQUEST PURSUANT TO 28 U.S.C. 3004(b)(2) TO TRANSFER THIS GARNISHMENT PROCEEDING TO THE DISTRICT IN WHICH THE ALLEGED DEBTOR RESIDES WHICH IS THE DISTRICT OF OREGON** |

Defendant and alleged judgment debtor Steven Zinnel ("Zinnel") hereby supplements his Objection to the Magistrate Judge's May 7, 2021 Order (ECF #27) Denying Steven Zinnel's Timely Request Pursuant to 28 U.S.C. 3004(b)(2) to Transfer this Garnishment Proceeding to the District in which the Alleged Debtor Resides which is the District of Oregon filed on May 20, 2021 for the following compelling reasons:

///
///

Since Zinnel filed his Objection on May 20, 2021, on or about June 9, 2021, Plaintiff United States initiated a new garnishment case entitled <u>United States of America v. Steven Zinnel</u>, U.S.D.C. ED CA case no. 2:21-00143-TLN-CKD. While conducting legal research to respond to Plaintiff's latest specious actions, Zinnel found additional legal authority that confirms that the magistrate judge's May 7, 2021 Order (ECF #27) is "contrary to law" as the district court has no discretion and <u>shall</u> transfer this garnishment case to the District of Oregon where Plaintiff forced Zinnel to reside.

In his Objection filed on May 20, 2021, Zinnel cited <u>United States v. Nash</u>, 175 F.3d 440 (6th Cir. 1999) as being the only Court of Appeals to decide in a published decision that under 28 U.S.C. 3004(b)(2) a district judge <u>must</u> transfer the garnishment case to the District where the debtor resides if timely requested. Obj. p. 6.  Zinnel relied primarily on the findings by a district judge in the District of Columbia that <u>Nash</u> was the only Court of Appeals to decide the transfer requirment under 28 U.S.C. 3004(b)(2).  However, based on Zinnel's legal research, Zinnel provides the district court with additional legal authority that the district court judge ruling on Zinnel's Objection must sustain the objection and transfer this garnishment case to the District of Oregon:

///

///

Since Nash Id. was decided, the Eleventh Circuit has weighed in holding that under 28 U.S. 3004(b)(2), transfer to the district where the alleged debtor is incarcerated is mandatory if timely requested. In United States v. Peters, 783 F.3d 1361, (11th Cir. 2015), the Eleventh Circuit wrote:

> "If the debtor so requests,...the action or proceeding ...shall be transferred to the district in which the debtor resides. 28 U.S.C. 3004(b)(2)" [emphasis added by the Court of Appeals]

> "Shall creates an obligation not subject to judicial discretion. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998)"

> "Peters' request required the district judge to transfer his case to California, where he is incarcerated." (emphasis added)

> "The case is remanded to the district judge to enter an order transferring Peters' proceeding to the California district court with jurisdiction for a hearing and decision. VACATED AND REMANDED" (emphasis added)

On February 10, 2020, a district judge in Idaho ordered a garnishment case transferred to the Northern District of California pursuant to 28 U.S.C. 3004(b)(2) because the debtor timely requested and the debtor resided in California. United States v. Vigil, U.S.D.C. D. Idaho, 2020 U.S. Dist. LEXIS 24537 (D. Idaho, 2/10/20). The district judge wrote "authority is relatively sparse on the issue" and "the Ninth Circuit has not yet weighed in on the issue." Id. Nevertheless, the district judge, as opposed to a mgistrate judge, relied on the plain language of 28 U.S.C. 3004(b)(2), the Sixth Circuit's holding in Nash supra., and the Supreme Court's directive concerning "shall" in Lexcon v. Milberg supra. and ordered the case transferred.

3

Based on Zinnel's Objection filed on May 20, 2021 and the foregoing, the District Court Judge ruling on Zinnel's Objection has no discretion and must sustain Zinnel's Objection and transfer this garnishment case to the District of Oregon forthwith. Failure to do so, will result in reversal and remand with instructions to transfer the case. Peters supra.

Seeking justice in an unjust case,

_____
Steven Zinnel                                       Date: 6/23/21

CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that on  6/23/21

I served a true and correct copy of the foregoing on:
AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA 95814

Attorney for Plaintiff


K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA 95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR 97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000