1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-mc-0098 TLN AC |
| Plaintiff, | |
| v. | ORDER and |
| STEVEN ZINNEL, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Before the undersigned for findings and recommendations are two requests for evidentiary hearings on a writ of garnishment application: one from third-party claimant David Zinnel (ECF No. 13) and one from defendant-debtor Steven Zinnel (ECF No. 20).  Concurrently before the undersigned[1] are several miscellaneous motions brought by Steven Zinnel.  ECF Nos. 43 (motion to dismiss), 70, 71, 72, 77, 85, and 87.  For the reasons set forth below, the court recommends denial of the evidentiary hearing request by Steven Zinnel, and denial of Steven Zinnel's motion to dismiss; the undersigned denies the motions at ECF Nos. 70, 71, 72, 77, 85, and 87.  The court further withholds a determination on third-party David Zinnel's Request for an Evidentiary Hearing and sets a status conference with David Zinnel and plaintiff, the United States of America, on November 3, 2021 at 10:00 A.M. in Courtroom 26 (AC).  Should the status

---

[1]  Steven Zinnel also filed several motions which are pending before the District Judge in this case.  ECF Nos. 69, 76, 77, 86.

1

1    conference become unnecessary, the parties are instructed to immediately inform the court.

2                              I.        BACKGROUND

3         This is a miscellaneous case brought by the United States of America to establish a

4    continuing writ of garnishment against property in which defendant-debtor Steven Zinnel has an

5    interest.  ECF No. 1 at 1-2.  The government reports that on March 4, 2014, Steven Zinnel was

6    sentenced in case number 2:11-cr-00234-TLN and ordered to pay a $1,500.00 statutory

7    assessment and a $500,000.00 fine, and on May 30, 2014, he was ordered to pay $2,513,319.00 in

8    restitution (the Judgment Amount), $3,014,294.00 of which remained outstanding as of the filing

9    of this case.  ECF No. 1 at 2; see also United States v. Zinnel, et al., 2:11-cr-00234-TLN-1

10   ("criminal case") at ECF 653 at 7-9 ("second amended judgment" entered May 16, 2019

11   reflecting the same financial penalties).  By this action the United States seeks to recover a

12   litigation surcharge of ten percent (10%) of the amount of the debt ($301,429.40) pursuant to 28

13   U.S.C. § 3011(a) for a total amount $3,315,723.40.  Id.  The proposed garnishee is TD

14   Ameritrade Clearing, Inc.  Id.  A writ of continuing garnishment was issued by the Clerk of Court

15   on April 5, 2021.  ECF No. 3.  On April 14, 2021, the garnishee acknowledged service and

16   answered, identifying two Rollover IRA accounts (XXX-XXX536, account owner Steve Zinnel,

17   containing $25.01, and XXX-XXX613, account owner Ardith Ferris, deceased, Steve Zinnel sole

18   beneficiary, containing $1,458,451.66).

19        On May 3, 2021, third-party David Zinnel, by and through counsel, moved for an

20   evidentiary hearing arguing that he has a 50% interest in the X613 Ameritrade account.  ECF No.

21   13, memorandum at ECF No. 12.  That same day, Steven Zinnel requested an evidentiary hearing

22   on the grounds that the property is exempt from garnishment, that he does not owe the money,

23   and that he did not receive proper notice of the garnishment action.  ECF No. 20.  In the seventy-

24   three (73) days between May 3, 2021 and July 15, 2021, Steven Zinnel filed twenty-two (22)

25   motions (ECF Nos. 19, 21, 29, 30, 34, 35, 36, 37, 41, 43, 58, 59, 63, 67, 69, 70, 71, 72, 77, 85, 86,

26   and 87) along with numerous other documents.  Many of these filings are duplicative and attempt

27   to re-litigate issues settled by prior court orders.

28   ////

                                        2

1          II.      EVIDENTIARY HEARING REQUESTS

2          Upon review of the record as a whole, the undersigned recommends Steven Zinnel's

3    motion for an evidentiary hearing pertaining to the writ of garnishment be denied.  The

4    undersigned withholds a recommendation as to David Zinnel's request.  Orders for restitution

5    may be enforced by the United States in the same manner as the enforcement of fines or "by all

6    other available and reasonable means."  18 U.S.C. § 3664(m)(1)(A)(i)-(ii).  See United States v.

7    Novak, 476 F.3d 1041, 1044 (9th Cir.2007) (en banc ) ("The government is responsible for

8    enforcing restitution orders and turning the funds collected over to victims.").  One available

9    procedure is a writ of garnishment against a judgment debtor's property.

10          The Federal Debt Collection Practices Act ("FDCPA") "sets forth the 'exclusive civil

11   procedures for the United States . . . to recover a judgment on...an amount that is owing to the

12   United States on account of . . . restitution.'"  United States v. Mays, 430 F.3d 963, 965 (9th Cir.

13   2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)).  The Mandatory

14   Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), allows the United States to collect on a

15   restitution judgment using the procedures available for the collection of criminal fines outlined in

16   18 U.S.C. § 3613(a), see 18 U.S.C. §§ 3613(f) and 3664(m); it "may enforce a judgment

17   imposing a fine in accordance with the practices and procedures for the enforcement of a civil

18   judgment under Federal law or State law [.]"  United States v. Berger, 574 F.3d 1202, 1204 (9th

19   Cir. 2009) (quoting 18 U.S.C. § 3613(a)).

20          Under the FDCPA, the government is required to provide the judgment debtor with notice

21   of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b)-(c).  The judgment

22   debtor has twenty days after receipt of the notice to request a hearing, at which the judgment

23   debtor may move to quash any order granting the garnishment.  28 U.S.C. § 3202(d).  If a

24   garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim

25   of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the

26   issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the

27   extent that the Constitution or another law of the United States provides a right to a hearing on the

28   issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment;

3

1    and (B) the existence of good cause for setting aside such judgment."  28 U.S.C. § 3202(d).

2            "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts

3    have denied a hearing where the debtor did not object based on one of the issues specified in 28

4    U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply

5    a matter of statutory interpretation."  United States v. Bruneau, No. CR-09-8098-1-PCT-FJM,

6    2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013), report and recommendation adopted as

7    modified on other grounds, No. CR-09-08098-PHX-FJM, 2013 WL 6409486 (D. Ariz. Dec. 9,

8    2013) (quoting United States v. Miller, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (citations

9    omitted)); see also United States v. Baugus, 310 Fed.Appx. 120 (9th Cir.2009) ("[W]e conclude

10   that any error was harmless in light of the district court's subsequent correct ruling that Baugus

11   was not entitled ... to a hearing, see 28 U.S.C. § 3202(d)."); United States v. Pedro, 2011 WL

12   2262226, at *2 (D. Ariz. May 16, 2011) (denying a hearing) (citing, inter alia, United States v.

13   Tanya Marie Smith, 88 Fed.Appx. 981, at * 1 (8th Cir.2004) (noting that issues at a garnishment

14   hearing are "limited to determining validity of any claim of exemption, government's compliance

15   with statutory requirements and validity of default judgment.")).

16           The objections brought by David Zinnel present a question that may be an appropriate

17   subject for an evidentiary hearing, but the central evidentiary issue is currently pending for

18   determination in state court.  David Zinnel argues that though the beneficiary designation on

19   record at TD Ameritrade identifies Steven Zinnel as the sole beneficiary of the IRA in the account

20   agreement, that document was forged by Steven.  ECF No. 11 at 2-3 (Declaration of David

21   Zinnel).  David Zinnel asserts that state probate court is set to make a determination on the

22   validity of the beneficiary designation by October of 2021.  ECF No. 61 at 3.  In the interest of

23   judicial economy, the undersigned will defer a finding and recommendation on David Zinnel's

24   request until November of 2021, at which point a status conference will take place to determine if

25   an evidentiary hearing remains necessary.

26           However, it is clear that there is no basis to hold an evidentiary hearing based on the

27   request by defendant Steven Zinnel because his objections plainly without merit.  Defendant

28   makes three primary arguments: (1) the property is exempt from garnishment, (2) he does not

1   owe the money, and (3) he did not receive proper notice of the garnishment action.  First, Steven

2   Zinnel's notice claim is meritless.  He has litigated this matter excessively.  The docket clearly

3   reflects defendant's notice of this action and opportunity to be heard.  No reasonable mind could

4   conclude that Steven Zinnel was not on notice.

5           Second, defendant clearly owes the money at issue.  The financial penalties were

6   unquestionably imposed in his criminal case.  Case No. 2:11-cr-00234-TLN-1, ECF 653 at 7-9.

7   Steven Zinnel claims, however, that because the United States seized and forfeited assets

8   exceeding $3 million, the forfeited assets plus the minimal amount he has paid through the Inmate

9   Financial Responsibility Program have fully paid the special assessment, fine, and restitution.

10  ECF 20 at 7-9.  Defendant is incorrect.  The court ordered *both* the payment of criminal monetary

11  penalties and the assessment, fine and restitution (Case No. 2:11-cr-00234-TLN-1, ECF 653 at 7-

12  9) and forfeiture of defendant's assets; these are separate and distinct remedies with different

13  purposes, and both forfeiture and restitution are independently enforceable.

14          As the Ninth Circuit explained in United States v. Newman, 659 F.3d 1235 (9th Cir.

15  2011):

16                  Congress conceived of forfeiture as punishment for the commission
                    of various crimes. The purpose of restitution . . . however, is not to
17                  punish the defendant, but to make the victim whole again by
                    restoring to him or her the value of the losses suffered as a result of
18                  the defendant's crime.

19  Id. at 1241 (internal citations and quotations omitted, emphases in original).  Thus, "defendants

20  may be required to pay restitution and forfeit the same amounts."  Id. (quoting United States v.

21  Boulware, 384 F.3d 794, 813 (9th Cir. 2004)).  The Ninth Circuit has soundly rejected Zinnel's

22  double-recovery argument, by making clear that:

23                  Because "restitution and forfeiture are distinct remedies, ordering
                    both in the same or similar amounts does not generally amount to a
24                  double recovery . . . Paying restitution plus forfeiture at worst forces
                    the offender to disgorge a total amount equal to twice the value of
25                  the proceeds of the crime. Given the many tangible and intangible
                    costs of criminal activity, this is in no way disproportionate to the
26                  harm inflicted upon government and society by the offense.

27  Id. (quoting United States v. McGinty, 610 F.3d 1242, 1247-48) (10th Cir. 2010)).  Thus, the

28  Ninth Circuit held that requiring defendants to pay both restitution and criminal forfeiture "is not

1   an impermissible double recovery" and that the district court erred to the extent it reduced or

2   eliminated criminal forfeiture because of restitution.  Id. at 1241, 1242.[2]

3          Finally, Steven Zinnel argues that the TD Ameritrade IRA is exempt from garnishment

4   because it is an asset of his mother's Castana Trust that must be split and equally distributed

5   between himself and his brother, David Zinnel.  ECF No. 20 at 14.  This argument is meritless.

6   The government argues that under California law, the beneficiary designation effected a non-

7   probate transfer of the IRA to Zinnel upon Ferris' death in September 2016, and because Ferris

8   never took the steps required to add the IRA to the Castana Trust, the IRA is not a trust asset.

9   Assuming there was no forgery involved, as argued only by David Zinnel, the court agrees with

10  the government.

11         Under California law, "[a] provision for a nonprobate transfer on death in an . . .

12  individual retirement plan . . . is not invalid because the instrument does not comply with the

13  requirements for execution of a will, and this code does not invalidate the instrument."  Cal. Prob.

14  Code § 5000(a).  This includes a "written provision that moneys or other benefits due to,

15  controlled by, or owned by a decedent before death shall be paid after the decedent's death to a

16  person whom the decedent designates either in the instrument or in a separate writing . . ."  Id. §

17  5000(b)(1).

18         The comments to Probate Code section 5000 make clear that the purpose of the statute is

19  to allow transfers upon death that avoid probate.  See id., comment 3 ("The sole purpose of this

20  [Section 5000] is to prevent the transfers covered by the section from being treated as

21  testamentary").  Thus, "[s]ection 5000 explicitly recognizes the validity of nonprobate transfers

22  upon death . . . in an . . . individual retirement plan . . ."  Estate of Petersen, 28 Cal. App. 4th

23  1742, 1751 (1994) (holding that an annuity contract fits the broad description of section 5000 and

24  "the written instructions for payment to the survivor upon the death of the owner or spouse should

25  be given effect").

26  _____

27  [2]  To the extent defendant relies on the fact that his sentence is on appeal to the Ninth Circuit, the undersigned notes that a memorandum opinion by the Ninth Circuit issued June 17, 2021 in the associated criminal case reflects that he only appealed "his sentence and term of supervised

28  release," not the financial penalties.  Case No. 2:11-cr-00234-TLN-1, ECF No. 678 at 2.

1    Under Probate Code section 5000, when Ferris died in September 2016, her interest in the

2    IRA immediately became 100% vested in Zinnel directly (again, assuming the IRA was not

3    fraudulent), by operation of law.  See Estate of Davis, 171 Cal. App. 3d 854, 857-58 (1985) (upon

4    her death, title to decedent's two IRAs did not become an asset of her estate, but rather, vested

5    and passed to respondent, whom she had designated as the beneficiary of the accounts).

6    Therefore, assuming the IRA was not fraudulently created, the United States can garnish the

7    entire 100% of Zinnel's interest in the IRA.  28 U.S.C. § 3205.  Steven Zinnel's claims are clearly

8    without merit and they do not warrant an evidentiary hearing.

9                    III.    STEVEN ZINNEL'S MOTION TO DISMISS

10    On May 24, 2021, Steven Zinnel filed a motion to dismiss this case for lack of personal

11    jurisdiction, insufficient service of process, and insufficient process.  ECF No. 43.  The personal

12    jurisdiction argument is predicated only on the theory that "without proper service, the court

13    cannot exercise jurisdiction over a defendant."  Id. at 43.  As discussed above, defendant's notice

14    and service arguments are without merit; the docket itself makes it clear that he has had a full and

15    fair opportunity to litigate this matter.  As explained in detail by the government's opposition

16    memorandum, ECF No. 46 at 3-4, the proper steps for service were performed.  Even if there was

17    some procedural deficiency with service, which there was not, no reasonable mind could

18    conclude that Steven Zinnel was not fully informed of this garnishment action based on the sheer

19    number of filings he has submitted in this case.  The motion to dismiss (ECF No. 43) should be

20    DENIED.

21                    IV.    STEVEN ZINNEL'S REMAINING MOTIONS

22    Remaining before the court are several miscellaneous, non-dispositive motions from

23    Steven Zinnel.  First, defendant brings two separate motions to vacate the reference of this matter

24    to the magistrate judge.  ECF Nos. 70, 85.  This miscellaneous matter is referred to the

25    undersigned by Local Rule 302(c)(21).  The district judge remains assigned to the case and

26    reviews all findings and recommendations issued.  There is no legal reason why referral is

27    inappropriate, and no authority exists for vacating the referral.  The motions at ECF No. 70 and

28    85 are DENIED.

Second, defendant asks that this case be stayed until the district judge rules on his motion to vacate the reference of this case to the undersigned.  ECF No. 71.  The motion to stay does not show good cause to delay this case.  The motion at ECF No. 71 is DENIED.

Third, Steven Zinnel asked for an extension of time to file reply briefing.  ECF No. 71. Defendant has not filed his reply briefing.  ECF No. 84.  The motion at ECF No. 72 is therefore DENIED as MOOT.

Finally, defendant asks to use e-filing in this case.  ECF No. 87.  The thrust of his argument is that he does not have the time and resources to file and serve conventionally.  Id. at 87.  Defendant does not address his access to computers or his familiarity with electronic filing. Finding no good cause to allow defendant to e-file, the request is DENIED.

V.   CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.   A status conference is set on the request by David Zinnel (ECF No. 13) for November 3, 2021 at 10:00 AM in Courtroom 26 (AC).  If this status conference becomes unnecessary at any point, the parties are ordered to immediately inform the court.

2.   Steven Zinnel's motions at ECF Nos. 70, 71, 72, 85, and 87 are DENIED.

Further, IT IS HEREBY RECOMMENDED Steven Zinnel's motion to dismiss (ECF No. 43) be DENIED and that Steven Zinnel's request for an evidentiary hearing (ECF No. 20) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order.
Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9