1  Steven Zinnel,  #66138-097
2  Federal Correctional Institution
3  FPC Sheridan
   P.O. Box 6000
4  Sheridan, OR 97378-6000
5
6
7  Defendant in Pro Se



FILED

AUG 09 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

8
9           IN THE UNITED STATES DISTRICT COURT
10
11              EASTERN DISTRICT OF CALIFORNIA
12
13
14  UNITED STATES OF AMERICA          | Case No.: 2:21-mc-00098-TLN-AC
15                                    | Criminal Case No.: 2:11-cr-00234-TLN
16          Plaintiff,                |
17     v.                             | DEFENDANT STEVEN ZINNEL'S
18                                    | OBJECTIONS TO MAGISTRATE JUDGE'S
19  STEVEN ZINNEL,                    | FINDINGS AND RECOMMENDATIONS
20                                    | MADE BY MAGISTRATE JUDGE
21       Defendant and Judgment Debtor.| ALLISON CLAIRE ON OR ABOUT
                                      | JULY 19, 2021 AND ENTERED IN
22                                    | THE COURT'S DOCKET ON JULY 20,
23  TD AMERITRADE CLEARING, INC.,     | 2021 AS ECF #89;
    (and its Successors and Assignees)|
24                                    | MEMORANDUM OF POINTS AND
25                                    | AUTHORITIES
          Garnishee.                  |
26                                    | HEARING [Oral Argument Requested
27                                    |          by video appearance]
28                                    |
29                                    | Date:    September 16, 2021
                                      | Time:    2:00 PM
                                      | Judge:   Hon. Troy L. Nunley
                                      | Ct.Rm.:  2
30
31      Defendant and alleged judgment debtor Steven Zinnel ("Zinnel")

hereby objects to and makes his request for reconsideration

32  by the district court of the "Order and Findings and

Recommendations" signed by Magistrate Judge Allison Claire on
33
    July 19, 2021 and entered in the Court's Docket on July 20, 2021
34
    as ECF #89 as follows:
35

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   KEY LAW

Zinnel requests that a district court judge other than Judge Troy L. Nunley rule on this Objection and Request for Reconsideration because of Zinnel's still-pending Motion to Recuse and Disqualify Judge Troy L. Nunley.  (see ECF #18).  Further, as Zinnel has timely requested that this garnishment case be transferred to the District of Oregon pursuant to 28 U.S.C. 3004(b)(2), ECF #21, Zinnel's position and the requirement of the law is that the District of Oregon must rule.

The right to adjudication before an Article III judge is an important constitutional right.  United States v. Mortensen, 860 F.2d 948, 950 (9th Cir. 1988); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc).  Critically, under the magistrate judge system, even though a magistrate judge may be designated to determine most pretrial matters directly, the parties can ask the district court to reconsider any such matter if "the magistrate judge's order is clearly erroneous or contrary to law."
28 U.S.C. 636(b)(1)(A); Louis Branch v. D. Umphenour, 936 F.3d 994 (9th Cir. 2019) (reversing an Eastern District of California judicial decision).  Under the magistrate judge system, no party will be denied independent review by an Article III judge.  Louis Branch Id.  This includes Zinnel who in fact is the named defendant in this case.  Any denial would lack the requisite supervision by an Article III officer.

1 | Fed.R.Civ.P. 72(a) concerns Magistrate Judge's pretrial
2 | orders on Nondispositive matters and states in relevant part:

3 | When a pretrial matter not dispositive of a party's
  | claim or defense is referred to a magistrate
4 | judge to hear and decide, the magistrate judge
  | must promptly...issue a written order stating the
5 | decision.

6 | A party may serve and file objections to the order
  | within 14 days after being served with a copy.
7 |

  | The district judge in the case must consider timely
8 | objections and modify or set aside any part of the
  | order that is clearly erroneous or contrary to law.
9 | (emphasis added)

10 | U.S.D.C. ED CA Local Rule 304(b) is alligned with
11 | Fed.R.Civ.P. 72(a) as it states a party may seek
12 | reconsideration by a district court judge of a magistrate
13 | judge's ruling.  ED CA Local Rule 304(d) requires any
14 | opposition to a party's objection to a magistrate judge's
15 | ruling shall be served and filed within fourteen (14) days.
16 | (emphasis added).

17 | Form of Objection

18 | Ordinarily, when a pro se litigant submits a letter
19 | expressing disapproval of an adverse magistrate judge's
20 | ruling on a non-dispositve matter within the fourteen (14)
21 | day allotted time period, the court of appeals would deem
22 | the letter to be a motion for reconsideration so long as it
23 | reasonable apprised the district court that the magistrate
24 | judge's ruling was being contested.  McKeever v. Block,
25 | 932 F.2d 795 (9th Cir. 1991).  For purposes of Rule 72,
26 | written objections of a prisoner proceeding pro se, are
27 | deemed filed and served when they are forwarded to prison

officials.  Thompson v. Rasberry, 993 F.2d 513 (5th Cir. 1983).

3

A party may object to a non-dispositive pre-trial order of a magistrate judge within fourteen (14) days after service of the order.  Fed.R.Civ.P. 72(a); ED CA Local Rule 303(c) and 304(b).  Here, the objected-to order was received by Zinnel via United States Mail on July 27, 2021  Therefore, this objection is timely made.

The "clearly erroneous" standard applies to a magistrate judge's factual findings whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. e.g. Grimes v. City of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991).  A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  An order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." United States v. Desage, 229 F.Supp 3d 1029 (D. Nev., 1/9/17).

The law is well-settled that no party will be denied independent review by an Article III judge.  Louis Branch v. D. Umphenour, 936 F.3d 994 (9th Cir. 2019) (reversing an Eastern District of California judicial decision).  Thus, in upholding the magistrate judge system against constitutional attacks, Article III judges retain "continuing responsibility for the administration of the judicial business of the United States."  Pacemaker v. Instromedix, 725 F.2d 537 (9th Cir. 1984).

4

II.   DOCKET CITATIONS

On a clarification matter, as this Memorandum cites court-filings in four (4) different cases filed in the United States District Court, Eastern District of California (Sacramento), Zinnel will refer to court-filings in the cases:

United States v. Steven Zinnel,
Case No. 2:11-cr-00234-TLN        as "Criminal Case"

United States v. Steven Zinnel / TD Ameritrade,
Case No. 2:21-mc-00098-TLN-AC     as "Misc. Case #1"

United States v. Steven Zinnel / David Zinnel, Castana,
Case No. 2:21-mc-00143-TLN-AC     as "Misc. Case #2"

United States v. Steven Zinnel / David Zinnel,
Case No. 2:19-mc-00242-TLN        as "Subpoena Case"

III.   OBJECTIONS

A.   Objection #1 concerning jurisdiction

This Court does not have jurisdiction to make any rulings in this case other than to transfer this case to the District of Oregon.  Because Plaintiff United States has forced Zinnel to live in Sheridan, Oregon, pursuant to 28 U.S.C. 3004(b)(2) Zinnel made a timely request to transfer this case to the District of Oregon.  (see ECF #21).  Transfer is mandatory; 28 U.S.C. 3004(b)(2); 28 U.S.C. 3202(b); United States v. Nash, 175 F.3d 440 (6th Cir. 1999); United States v. Peters, 783 F.3d 1361 (11th Cir. 2015); United States v. Vigil, U.S.D.C.  D. Idaho, 2020 U.S. Dist. LEXIS 24537 (D. Idaho, 2/10/20); United States v. Gipson, 714 F. Supp. 2d 571 (N.D. Va. 2010); Misc. Case #1, ECF nos. 21, 32, & 74. Zinnel objected to this Court ruling on any matters pending in this case other than transferring the case to Oregon. Misc. Case #1, ECF #42.

5

1  Zinnel filed an ex parte appication to stay this case unitil
2  the district court rules on Zinnel's still pending objection
3  to the magistrate judge's May 7, 2021 order denying Zinnel's
4  timely request pursuant to 28 U.S.C. 3004(b)(2) to transfer
5  this garnishment case to the District of Oregon.  (Misc. Case
6  #1, ECF #59).

7      Based on the aforementioned and the citations to
8  28 U.S.C. 3004(b)(2) and case law, Magistrate Judge Allison
9  Claire or the District Court, has no jurisdiction to make
10 any orders in this garnishment case other than transferring
11 this case to the District of Oregon.  Therefore, the
12 District Court must sustain Zinnel's objection to the
13 magistrate judge's orders reflected in the Misc. Case #1
14 docket as ECF #89.

15         B.    Objection #2 concerning motion to vacate reference
               of this case to a magistrate judge and motion that
16             all further proceedings in this case are
               conducted by an Article III Judge
17
18     Zinnel objects to the magistrate judge's orders and
   findings and recommendations on the grounds that prior to
19 magistrate judge Allison Claire's July 19, 2021 erroneous
20 rulings, Zinnel filed a noticed Motion to Vacate Reference
21 of this Case to a Magistrate Judge and Motion that all
22 further Proceedings in this Case are Conducted by an
23 Article III Judge pursuant to 28 U.S.C. 636(c)(4) and
24 Federal Rule of Civil Procedure 73(b)(3).  (Misc. Case #1,
25 ECF #85).  The hearing is set for August 25, 2021. Id.
26 Therefore, Magistrate Judge Allison Claire should not have
27 made any orders or findings in this case until after

6

1 | Zinnel's Motion to Vacate Reference is ruled upon.

2 |       C.   Objection #3 concerning the magistrate judge not
             considering Zinnel's Reply Brief

3 |

4 |       Zinnel timely filed a Reply to the United States of

5 | America's Response to Steven Zinnel's Claim of Exemptions

6 | and Request for Hearing [ECF #47]. (see Misc. Case #1,

7 | ECF #84.  Under the "prison mail box" rule, Zinnel's

8 | Reply Brief is deemed constructively filed on June 29, 2021.

9 | (see Misc. Case #1, ECF #84, Certification of Service.)

10 | Zinnel's Reply Brief is nineteen pages and has numerous

11 | exhibits attached to it.  Id. The court clerk stamped the

12 | Reply Brief filed on July 2, 2021.  Attached hereto as

13 | Exhibit A, is a true and correct copy of the face page of

14 | Zinnel's Reply Brief stamped filed on July 2, 2021. Therefore,

15 | Zinnel's Reply Brief was on the court's docket seventeen (17)

16 | days before Magistrate Judge Allison Claire signed her

17 | erroneous Order and Findings and Recomendations on July 19,

18 | 2021.  However, Magistrate Judge Allison Claire did not even

19 | consider Zinnel's Reply Brief containing dispositive law and

20 | facts as evidenced by Magistrate Judge Claire writing in

21 | her Order and Findings and Recommendations:

22 |       "Defendant has not filed his reply briefing."
         Misc. Case #1, ECF #89, 8:5

23 |       Zinnel timely filed a Reply Brief, and the Court has

24 | an obligation to actually consider it.  Thus the objected-to

25 | magistrate judge's order is "clearly erroneous" and "contrary

26 | to law."  Therefore, the Order should be vacated.

27 |

1     D.   Objection #4  The District Court shall hold a
2             hearing as madated by 28 U.S.C. 3202(d)

3      The Magistrate Judge's Order and Findings and
4  Recommendations is objected to on the grounds that it
5  unlawfully denies Zinnel a hearing.  The objected-to Order
6  states in relevant part: "For the reasons set forth below,
7  the court recommends denial of the evidentiary request by
8  Steven Zinnel."  (see Misc. Case #1, ECF #89, 1:21-22).
9  The Order and Findings and Recommendations is "clearly
10 erroneous" and "contrary to law" based on the following:

11     Like 28 U.S.C. 3004(b)(2) mandates that this Court shall
12 transfer this garnishment case to the District of Oregon,
13 28 U.S.C. 3202(d) mandates:

14     "The court that issued such order shall hold a hearing."

15     The Supreme Court has found "shall to be the language of
16 command."  Escoe v. Zerbst, 295 U.S. 490, 493 (1935).
17 Sixty-three (63) years later, the Supreme Court reaffirmed
18 what "shall" means:  "Shall created an obligation not subject
19 to judicial discretion."  Lexecon, Inc. v. Milberg, Weiss,
20 Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998).  Circuit Courts
21 including the Ninth Circuit have of course held the same:
22 "The word 'shall' is ordinarily the language of command."
23 United States v. Kowalczyk, 805 F.3d 847, 857 (9th Cir. 2015);
24 "The word 'shall' generally indicates a command that admits
25 of no discretion on the part of the person instructed to
26 carry out the directive."  Association of Civilian Technicians
27 v. FLRA, 22 F.3d 1150, 1153 (D.C. 1994).

1 | The district court must assume that Congress meant what
2 | it said in 28 U.S.C. 3202(d) when it used the term "shall
3 | hold a hearing." United States v. Gonzales, 520 U.S. 1, 5
4 | (1997).

5 | Here, Zinnel timely requested a hearing on the form
6 | Plaintiff United States provided him. (see Misc. Case #1,
7 | ECF #20). Zinnel requested a hearing based upon the
8 | following reasons:

9  | (1) Zinnel does not owe any money in the underlying
     | Criminal Case and the government has actually
10 | over-collected $135,310.14 in the Criminal Case
     | that should be returned to Zinnel;

11 | (2) Zinnel as a trust beneficiary, has no legal title
12 | or ownership interest in trust assets;

13 | (3) The criminal monetary penalties assessed in the
     | underlying Criminal Case have not become a debt
14 | yet under the FDCPA until Zinnel's available
     | challenges are resolved;

15 | (4) Plaintiff United States of America and its attorneys
16 | have not complied with statutory requirements for
     | the issuance of the post judgment remedy;

17 | (5) The property the United States is seeking is
18 | exempt under an applicable exemption;

19 | (6) The Sacramento Superior Court, Probate Division,
     | will decide the question of the Castana Trust's
20 | ownership of assets.

21 | (see Misc. Case #1, ECF nos. 20, 23, 29, 30, 31, 83, & 84)

22 | In addition to timely requesting a hearing, Zinnel filed
23 | a Notice of Claim of Exemption (Misc. Case #1, ECF #23), a
24 | Motion to Quash Writ of Continuing Garnishment (ECF #37),
25 | an Objection to the Acknowledgment and Answer of Garnishee
26 | TD Ameritrade Clearing, Inc. and Motion to Strike (ECF #29),
27 | a Response and Objection to Third-Party Claim of David Zinnel

9

1  and Motion to Strike (ECF #29), a Request to Transfer the

2  Proceedings and Property to the District of Oregon (ECF #21),

3  an Objection to the United States's Request to Recover a

4  Litigation Surcharge of Ten Percent (10%) in the Amount of

5  $301,429 (ECF #31), a Notice of Joinder to Third-Party

6  Claimant David Zinnel's Reply to United States of America's

7  Opposition to Third-Party Claim to Garnished TD Ameritrade

8  IRA (ECF #83), and a Reply to United States of America's

9  Response to Steven Zinnel's Claim of Exemptions and

10 Request for Hearing. Zinnel's filings raise serious legal

11 and factual issues regarding the government's specious

12 garnishment proceedings which warrant a hearing. Further,

13 the government cannot claim prejudice in any delay caused

14 by a hearing as the government slept on its perceived

15 debt collection rights for over seven years. The initial

16 judgment in the Criminal Case was entered in 2014. The

17 government did not file its first garnishment case,

18 Misc. Case #1, until 2021; a seven-year delay.

19         Magistrate Judge Allison Claire's "justification"
        for denying Zinnel's statutory right to a

20         hearing clearly misses the mark

21     In a woefully inadequate attempt to justify denying

22 Zinnel's statutory right to a hearing, that he requested

23 and exhaustively supported, Magistrate Judge Allison Claire

24 copied word-for-word the legal authority cited by a single

25 district court judge that bares no resemblance to

26 the facts and court-filings in this case. Magistrate Judge

27 Allison Claire lifted word-for-word the case law she cites

1 in her Order at ECF #89, 4:2-15 from the Arizona District
2 Court case of <u>United States v. Bruneau</u>, 2013 U.S. Dist.
3 172733 (D. Ariz. October 23, 2013). However, the facts in
4 everyone of the cases Magistrate Judge Claire cites at 4:2-15
5 are radically different than the facts in this case and
6 offer not a scintilla of support to Magistrate Judge
7 Allison Claire's "Findings and Recommendations" and her
8 "justification" for denying Zinnel his statutory right to
9 a hearing in the District of Oregon is "clearly erroneous"
10 and "contrary to law" as demonstrated by the following:
11 Zinnel has objected to the Writ of Garnishment for <u>all</u> the
12 issues specified in 28 U.S.C. 3202(d) (see Misc. Case #1,
13 ECF nos. 20, 23, 29, 30, 31, 83, and 84). In <u>United States v.</u>
14 <u>Miller</u>, 588 F.Supp.2d 789 (W.D. Mich. 2008), "The defendant
15 was was not entitled to an evidentiary hearing because his
16 objection did not include any of the grounds listed in
17 28 U.S.C. 3202(d)." In <u>United States v. Baugus</u>, 310 Fed.Appx.
18 120 (9th Cir. 2009), the Ninth Circuit wrote in relevant part:

19     "Baughus appeals pro se from the district court's
    order denying as <u>untimely</u> his motion for
20     appointment of counsel and a hearing...We conclude
    that any error was harmless in light of the
21     district court's subsequent correct ruling that
    Baugus was not entitled to appointment of counsel
22     or to a hearing, see 28 U.S.C. 3202(d) [detailing
    issues at any hearing]

23 In <u>United States v. Pedro</u>, 2011 U.S. Dist. 64049 (D. Ariz.
24 May 16, 2011), the magistrate judge wrote:

25     "On April 29, 2011, Pedro filed another request for
    hearing that failed to set forth any reason why
26     a hearing was requested and thereby violated
    the Court's April 20, 2011 order."
27

Thus, Pedro's failure to claim any grounds identified in
28 U.S.C. 3202(d) and violation of a court order was the
reason no hearing was held.  Here, with Zinnel, it is the
complete opposite and there is no similarity to Pedro. Id.

In United States v. Tanya Marie Smith, 88 Fed.Appx. 981
(8th Cir. 2004), Smith requested a hearing arguing that the
fine was invalid and illegal.  The district court denied
Smith's request for a hearing because she did not dispute
that the fine had been imposed and not paid. Rather, she
sought to challenge the validity of the fine imposed, which
she may not do in a FDCPA hearing.  see 28 U.S.C. 3202(d).
The Eigth Circuit affirmed. Here, Zinnel unequivocally
disputes the Plaintiff's claim that the restitution and fine
imposed is not paid.  Zinnel requests a hearing because he
does not owe the debt because the government has collected,
and is sitting on, $3,150,129.14 which is more than the total
ordered in the judgment which is $3,014,819 by $135,310.14.
(see Misc. Case #1, ECF nos. 20 and 84).  Further, Zinnel
filed a Notice of Claim of Exemption.  (see ECF #23).

In United States v. Bruneau, 2013 U.S. Dist. 172733
(D. Ariz. October 23, 2013), the order plagiarized by
Magistrate Judge Allison Claire, "the judgment debtor
did not raise any of the issues enumerated in 28 U.S.C. 3202(d)
to warrant a hearing."  This is in complete contrast to what
Zinnel had done here.

The district court must sustain Zinnel's objection and
order a hearing.  Failure to do so, will be Zinnel's second

issue on appeal after the issue on appeal of the Court's error in not transfering this garnishment case to the District of Oregon as required by 28 U.S.C. 3004(b)(2).

E.   Objection #5 concerning the court ignoring that Plaintiff United States of America has represented to Zinnel and the Court in the Criminal Case that forfeited assets will be used for restitution and in another case the government is using forfeited assets to compensate victims

As contained in Zinnel's Request for Hearing and Reply Brief, in this case, Zinnel and the government agreed and stipulated to restitution so that the funds the government had marshalled to date, $3,025,210 as of April 2014, would be immediately paid to restitution recipients including $150,000 to each of Zinnel's children so they both had money for college.  (see Misc. Case #1, ECF # 20, pgs. 6-9 and ECF #84, pgs. 4-11).  Further, in a court filing in the Criminal Case (ECF #314, p. 5) AUSA Kevin Khasigian wrote and four government attorneys certified under Rule 11:

"After all, forfeiture is designed to create a pool of assets from which victims can be reimbursed."

" Delaying forfeiture 'will only prolong the ability of [Defendant's] victims to receive distributions."

"Simply put, the sooner the properties are sold, the better off Zinnel's victims will be."

(see Misc. Case #1, ECF #84, pg. 7, ECF #84, Ex. D, p. 5 and Criminal Case ECF # 314, p. 5)

Again, Magistrate Judge Claire admits she did not consider Zinnel's Reply Brief because she mistakenly believes Zinnel did not file one.  (ECF #89, 8:5).

///

1   Since filing his Reply Brief, Zinnel has discovered
2   that Plaintiff United States of America has taken the same
3   position in another case that the government prosecutors
4   have taken in Zinnel's Criminal Case; to wit forfeiture
5   assets marshalled are used to satisfy restitution.   In the
6   criminal case entitled <u>United States v. Keith Raniere</u>,
7   U.S.D.C. ED NY case number 18-cr-204-NGG, Plaintiff United
8   States of America, by and through its Department of Justice
9   attorneys, take the position that criminal forfeited funds
10   in the criminal case will be used to pay defendant Keith
11   Raniere's victims $3.4 million.   Zinnel has concurrently
12   filed a Request for Judicial Notice of the <u>Raniere</u> case
13   and the government's forfeiture position in that case.

14   With this objection, Zinnel objects to the magistrate
15   judge's order and findings and recommendations at ECF #89,
16   pages 5:5-6:2.

17       F.   Objection #6 concerning that Zinnel as an alleged
              trust beneficiary, has no legal title or
18            ownership interest in Castana Trust assets and
              the Sacramento Superior Court Probate Division
19            will decide the question of the Castana Trust's
              ownership of assets

20   Zinnel objects to the order and findings and recommend-
21   ations, ECF #89, pgs. 6:3-7:8 in their entirety.   First,
22   as is the Court's pattern of practice in this case and the
23   Criminal Case, Magistrate Judge Allison Claire simply
24   re-wrties the government's argument as her findings and
25   recommendations.   ECF #89, 6:6.   The government's position
26   is wrong and Zinnel stands on his filings and the position
27

14

of Third-Party David Zinnel.  In aggravation, even though
the magistrate judge wants to deny Zinnel a hearing on his
claim that the Sacramento Superior Court Probate Division
will decide the question of the Castana Trust's Ownership
at a hearing set for on or about November 3, 2021, the
magistrate judge "witheld a determination on third-party
David Zinnel's Request for an Evidentiary Hearing until
after the hearing in Sacramento Superior Court Probate
Division on November 3, 2021." ECF #89, 1:21-26.  This is
patently unjust.  If the magistrate judge believes there
is a need for an evidentiary hearing on the same issue
Steven Zinnel raises for David Zinnel, there should be one
for Steven Zinnel as well.

G.  Objection #7 concerning no ruling on Zinnel's
    Objection to the Acknowledgment and Answer of
    Garnishee TD Ameritrade Clearing, Inc.,
    Motion to  Strike, and Request for Hearing

In her order and findings and recommendation, magistrate
judge Allison Claire wrote that garnishee TD Ameritrade
Clearing filed an acknowledgment of service and answer.
(Misc. Case #1, ECF #89, 2:13-18).  However, the magistrate
judge did not include that Zinnel filed an Objection to the
Acknowledgment and Answer of Garnishee TD Ameritrade Cleariing,
a Motion to Strike the Answer, and Request for Hearing.
(Misc. Case #1, ECF #29).  No ruling has been made on
Zinnel's Objection and there was no hearing.  Thus, the order
and findings and recommendations is "clearly erroneous" and
"contrary to law."

15

H.   Objection #8 concerning no ruling on Zinnel's
     Response and Objection to Third-Party Claim
     of David Zinnel (ECF #13), Motion to Strike,
     and Request for Hearing

In her order and findings & recommendations, magistrate judge Allison Claire did not include that Zinnel filed a Response and Objection to Third-Party Claim of David Zinnel, Motion to Strike, and Request for Hearing. (see Misc. Case #1, ECF #30). No ruling has been made on Zinnel's Objection and there was no hearing. Thus, the order and findings and recommendations is "clearly erroneous" and "contrary to law."

I.   Objection #9 concerning the court's ruling on
     the Motion contained in the court's docket as
     Misc. Case #1, ECF #77

In a glaring example that magistrate judge Allison Claire does not read or actually consider papers filed in this garnishment case and that her order and findings and recommendations are "clearly erroneous" and "contrary to law," magistrate judge Allison Claire erroneously wrote:

"the undersigned denies [Steven Zinnel's] motions at ECF nos. ....77..." (ECF #89, 1:23)

"Steven Zinnel filed twenty-two (22) motions (ECF Nos. ...77..." ECF #89, 2:24-25)

However, Misc. Case #1, ECF #77 is a motion brought by David Zinnel entitled "Third-Party Claimant and Garnishee David Zinnel's Motion to Consolidate Criminal Case with the Garnishment cases." Zinnel is glad Majistrate Judge Allison Claire "denied" ECF #77 as Zinnel and the government both opposed the motion. (see Misc. Case #1, ECF nos. 90 and 94).

16

1 However, David Zinnel's attorney set the motion for hearing
2 in front of district court Judge Troy L. Nunley on August 5,
3 2021 (ECF #77) and Judge Nunley issued a Minute Order on
4 July 23, 2021 ordering David Zinnel's motion "submitted
5 without oral argument." (Misc. Case #1, ECF #96). Thus, the
6 order and findings and recommendations is "clearly erroneous."

7       J.   Objection #10 concerning the magistrate judge's
             whining about Zinnel's proper court-filings

8       In her order and findings and recommendations,
9 magistrate judge Allison Claire's complains/whines that
10 Zinnel has filed twenty-two motions along with numerous
11 other documents and these filings are duplicative and
12 attempt to re-litigate issues settled by prior court-orders.
13 (ECF #89, 2:23-27). Magistrate Judge Allison Claire ignores
14 and refuses to correct the prejudice that Zinnel has suffered.
15 Further, because Magistrate Judge Allison Claire has made
16 many orders that are "clearly erroneous" and "contrary to
17 law," Zinnel has been forced to exercise his rights under
18 Federal Rule of Civil Procedure 72(a) and ED CA Local Rules
19 303(c) and (304)(b) and file objections to the magistrate
20 judge's erroneous orders and request reconsideration by
21 the district court which the law clearly provides. See
22 Misc. Case #1, ECF nos. 40, 33, 32, 56, 63. 67, and this
23 objection. The law is well-settled that under the magistrate
24 judge system, no party sill be denied independent review
25 by an Article III judge. (see page 2 of this Objection).
26 Therefore, Zinnel is not "re-litigating settled prior
27

1 court orders."  The magistrate judge's erroneous court orders
2 are far from settled as they have never been independently
3 reviewed by an Article III judge as Zinnel as properly
4 requested under Rule 72(a) and ED Local Rules 303(c) and 304(b).

5     Many of the motions the magistrate judge complains
6 about concern the prejudice Zinnel has suffered because his
7 United States Mail is obstructed and delayed by prison
8 authorities thus delaying Zinnel receiving court filings
9 and the government lawyers and the court serve Zinnel by
10 United States Mail at the wrong address.  (see Misc, Case #1,
11 ECF nos. 34, 35, 36, 41, 55, 63 pages 5-11, 68, 82. and 93.
12 Yet magistrate judge Allison Claire denied Zinnel's motion
13 for personal service.  (Misc. Case #1, ECF #44).  Magistrate
14 Judge Allison Claire complains about Zinnel's filing reflected
15 on the docket as ECF #21.  However, this is Zinnel's Request
16 to Transfer the garnishment case to the District of Oregon.
17 However, the Clerk's Notice of Instructions, drafted by
18 the government attorneys, clearly informs Zinnel of his
19 right to transfer this case to the District of Oregon.
20 (see Misc. Case #1, ECF #5-3, 3:8-11).  Further, 28 U.S.C.
21 3004(b)(2) clearly mandates that this Court shall transfer
22 this case as Zinnel solely requests it.  Thus, Zinnel's
23 filing ECF #21 is "not duplicative and attempt to re-litigate
24 issues settled by prior court orders."  ECF #29 is Zinnel's
25 Objection to the Answer of TD Ameritrade Clearing.  The
26 "Instructions to Judgment Debtor preparred by the government
27 attorneys and signed by AUSA Lymm Trinka Ernce on April 2, 2021

1 | instructs Zinnel that if TD Ameritrade's Answer contains
2 | "mistakes or inaccuracies, you have the right to object
3 | to the information contained in the Answer, pursuant to
4 | 28 U.S.C. 3205(c)(5)." (see Misc. Case #1, ECF #5-4, 2:1-23).
5 | Thus, Zinnel's Objection contained in the docket as ECF #29
6 | is "not duplicative, an attempt to relitigate issues settled
7 | by prior court orders, of even a 'motion'." ECF #30, another
8 | filing maagistrate judge Allison Claire calls duplicative
9 | and an attempt to re-litigate issues settled by prior court
10 | orders is also not a "motion" but in fact Zinnel's Objection
11 | to Third-Party Claim of David Zinnel. ECF #36, simply
12 | requests a copy of the court docket because Zinnel does not
13 | know the ECF numbers of the court filings in a case that he
14 | is a party; hardly frivolous from a pro se party who is
15 | incarcerated. Nor is Zinnel's reasonable request duplicative
16 | or an attempt to re-litigate issues settled by prior
17 | court orders. It should be noted, that in order to draft this
18 | objection, Zinnel reached out to his appellate attorney
19 | Michael Tanaka who sent Zinnel a complete docket of this case
20 | on July 28, 2021.

21 |       Therefore, the district court should strike page 2,
22 | lines 23-27 of the order and findings and recommendations.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///

19

K.   Objection #11 concerning the magistrate ruling
on and denying Zinnel's Motion to Vacate Reference
to a the Magistrate Judge

Zinnel objects to ECF #89, page 7, lines 22-28 wherein
the magistrate judge rules on Zinnel's motion to vacate
the reference of this case to a magistrate judge. (ECF nos.
70 and 85).  Preliminarily, magistrate judge Allison Claire
complains this motion is an example of a "duplicative filing"
of Zinnel's.  (ECF 89, 2:24-27); citing ECF nos. 70 and 85.
However, Zinnel properly noticed his motion before district
court Judge Troy L. Nunley as the Ninth Circuit has held in
reversing an Eastern District of California decision that
only a district court can rule on a motion to vacate a
reference to a magistrate judge.  (see Louis Branch v.
D. Umphenour, 936 F.3d 994 (9th Cir. 2019).  Zinnel even cited
Louis Branch in his Notice of Motion.  (see ECF #70, page 2,
FN #2).  However, on June 29, 2021, Relief Courtroom Deputy
M. York issued a Minute Order that is contrary to law
directing Zinnel to renotice his motion to vacate the
magistrate reference before the "assigned Magistrate Judge."
(see Misc. Case #1, ECF #75).  Zinnel complied with the
Minute Order and this is the sole reason Zinnel filed a
second Noticed Motion which is reflected on the docket as
ECF #85.  The Courtroom Deputy's Minute Order is contrary to
law, so Zinnel drafted and filed an Objection.  (ECF #86).
The law is clear that only a district court judge can rule
on Zinnel's motion to vacate the reference to a magistrate
judge (ECF #86, pgs. 2-3) and this Court was just recently

1 reversed by the Ninth Circuit for allowing a magistrate

2 judge to rule on a motion to vacate reference. Louis Branch Id

3 The magistrate judge's order is "contrary to law" and must

4 be vacated and thereafter, an Article III judge must rule

5 on Zinnel's motion to vacate the magistrate judge reference

6 which is on the docket as ECF nos. 70 and 85.  Further, it is

7 the Court that caused Zinnel's filings ECF nos. 85, 86, and

8 this filing, and Zinnel is not filing "duplicate motions" or

9 attempting to re-litigate issues settled by prior court orders

10 Zinnel will appeal to the Ninth Circuit any erroneous district

11 court orders in this garnishment case, which he can as a

12 matter of right, and he has the time to do because he is

13 incarcerated and does not have to spend time earning a

14 living, commuting to work, washing his clothes, preparing

15 his meals, or washing dishes.

16      L.   Objection #12 concerning Zinnel's motion for leave
to utilize the CM/ECF System to serve counsel

17     Zinnel objects to the magistrate judge's denial of

18 Zinnel's Motion for Leave of Court to Utilize the CM/ECF

19 System to Serve Counsel Electronically.  (Misc. Case #1, ECF

20 #87).  Zinnel objects to the order at ECF #89, 8:7-10.

21 Zinnel's motion never asked to use the ECF system to

22 electronically file.  Zinnel's motion did not address

23 access to computers because in federal prison, Zinnel

24 has no access to a computer or the internet to electronically

25 file.  Zinnel does not want to have to continue to wastefully

26 serve paper copies on counsel when they have both consented

27

1  to electronic service under ED CA <u>Local Rules</u> 135(a) and
2  135(g).  Zinnel is simply seeking leave of court from
3  ED CA <u>Local Rule</u> 133(b)(2) which requires Zinnel to serve
4  paper documents conventionally even though all the attorneys
5  that have made an appearance in this case receive from the
6  court Zinnel's court-flings electronically.  Further, Zinnel's
7  motion is unopposed.  This court should sustain this objection
8  and grant Zinnel's motion (ECF #87) so Zinnel does not have
9  to waste paper and stamps to copy and mail documents the
10 attorneys receive via e-mail.

11 IV.   CONCLUSION

12     For the foregoing reasons, all these objections should
13 be sustained, the magistrate judge's order and findings and
14 recommendations (ECF #89) should be reversed and vacated in
15 its entirety, Zinnel's motions contained on the docket as
16 ECF nos. 70, 85, and 87 should be granted, and this case
17 should be transferred to the District of Oregon pursuant
18 to 28 U.S.C. 3004(b)(2) and ECF #21 so it can be set for
19 hearing.

20 Seeking Justice,

21

22

23 Steven Zinnel                         Dated: 8/2/21

24

25

26

27

# EXHIBIT

# "A"

1   Steven Zinnel,   #66138-097

2   Federal Correctional Institution

3   FPC Sheridan
    P.O. Box 6000

4   Sheridan, OR  97378-6000

**ORIGINAL
FILED**

**JUL 0 2 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

7   Defendant in Pro Se

9              IN THE UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

14   UNITED STATES OF AMERICA

16              Plaintiff,

17   v.

19   STEVEN ZINNEL,

21         Defendant and Judgment Debtor.

23   TD AMERITRADE CLEARING, INC.,
     (and its Successors and Assignees)

25              Garnishee.

Case No.: 2:21-mc-00098-TLN

Criminal Case No.: 2:11-cr-00234-TLN

**DEFENDANT STEVEN ZINNEL'S
REPLY TO UNITED STATES OF
AMERICA'S RESPONSE TO STEVEN
ZINNEL'S CLAIM OF EXEMPTIONS
AND REQUEST FOR HEARING [ECF #47]**

29    Defendant and alleged judgment debtor Steven Zinnel ("Zinnel")

30   hereby Replies to the United States of America's Response to

31   Steven Zinnel's Claim of Exemptions and Request for Hearing

32   [ECF #47] as follows:

33   ///

     ///

34   ///

35   ///

Page 1

CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18.  I further certify that on ___6/2/21___

I served a true and correct copy of the foregoing on:
AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA  95814

Attorney for Plaintiff


K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA  95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR  97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR  97378-6000