1  Steven Zinnel,  #66138-097
2  Federal Correctional Institution
3  FPC Sheridan
   P.O. Box 6000
4  Sheridan, OR  97378-6000
5

**FILED**

AUG 09 2021

6
7  Defendant in Pro Se

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

8
9              IN THE UNITED STATES DISTRICT COURT
10
11              EASTERN DISTRICT OF CALIFORNIA
12
13

14  UNITED STATES OF AMERICA

15              Plaintiff,

16

17  v.

18

19  STEVEN ZINNEL,

20

21      Defendant and Judgment Debtor.

22

23  TD AMERITRADE CLEARING, INC.,
    (and its Successors and Assignees)
24

25          Garnishee.

26

27

Case No.: 2:21-mc-00098-**TLN**

Criminal Case No.: 2:11-cr-00234-TLN

**DEFENDANT STEVEN ZINNEL'S**
NOTICE OF MOTION AND MOTION
SEEKING DISTRICT COURT RULINGS
ON ZINNEL'S PREVIOUSLY FILED
OBJECTIONS TO MAGISTRATE JUDGE
ALLISON CLAIRE'S PRE-TRIAL
RULINGS BY AN ARTICLE III JUDGE,
OTHER THAN JUDGE TROY L. NUNLEY,
AS REQUIRED BY FED.R.CIV.P. 72(A)
AND ED CA LOCAL RULE 303(C) AND
304(B); MEMORANDUM OF POINTS AND
AUTHORITIES;
REQUEST FOR RECONSIDERATION BY
THE DISTRICT COURT OF
MAGISTRATE JUDGE'S RULINGS

28

29

30

31

HEARING [Oral Argument Requested
          by video appearance]

Date:     September 16, 2021
Time:     2:00 PM
Judge:    Hon. Troy L. Nunley
Ct.Rm.:   2

32      To the Honorable Court, Plaintiff United States of America,

33  and any person or entity that has appeared in the above-captioned

34  case.

35      PLEASE TAKE NOTICE that on September 16, 2021 at 2:00 PM,

    or as soon thereafter as this matter may be heard in Courtroom 2

1  in the above-entitled Court located at 501 I Street,
2  Sacramento, California, 95814 for hearing, defendant and
3  alleged judgment debtor Steven Zinnel ("Zinnel") will and
4  hereby does move the Court to have a district court judge,
5  other than Judge Troy L. Nunley, rule on Zinnel's previously
6  filed Objections and Request for Reconsideration of
7  Magistrate Judge Allison Claire's pre-trial rulings
8  pursuant to Federal Rule of Civil Procedure 72 (a) and
9  ED CA Local Rules 303(c) and 304(b).  This motion seeks an
10 Article III judge's rulings on Zinnel's Objections and
11 Request for Reconsiderations previously filed and contained
12 in the Court's docket as ECF numbers 40, 33, 32, 56, 63, 67,
13 86, and 92.

14     Zinnel's timely filed objections to the magistrate
15 judge's pre-trail orders specifically cited Fed.R.Civ.P.
16 Rule 72(a) and ED CA Local Rules 303(c) and 304(b).  Under
17 ED CA Local Rule 303(e), a noticed motion was not required
18 and ED CA Local Rule 303(e) specifies that Zinnel's Objections
19 and requests for reconsiderations should have been
20 automatically referred to the assigned judge by the Clerk
21 without the necessity of a specific motion for such
22 reference.   ED CA Local Rule 303(d) required Plaintiff
23 United States of America to file any opposition to Zinnel's
24 objections referenced above within seven (7) days.  Plaintiff
25 has not filed a single opposition to Zinnel's Objections thus
26 they are unopposed.

27

2

1  Even though under ED CA <u>Local Rule</u> 303(e), Zinnel is

2  not required to file a noticed motion to object to a magistrate

3  judge's pre-trial orders, on June 29, 2021, Relief Courtroom

4  Deputy M. York issued a Minute Order for Judge Troy L. Nunley

5  directing Zinnel to file a noticed motion which is in

6  conflict with ED CA <u>Local Rules</u> 303(c) and 303(e).  (see

7  ECF #76).  The Minute Order only concerns Zinnel's

8  objection to the magistrate judge's order contained in the

9  docket as ECF #67.  No minute orders have been issued

10  concerning Zinnel's objections to magistrate judge's orders

11  contained in the docket at ECF nos. 40, 33, 32, 56, 63, 86,

12  and 92.  Even though not required to do so under ED CA

13  <u>Local Rules</u> 303(c) and 303(e), Zinnel complied with the

14  Minute Order (ECF #76) and filed a noticed motion. (ECF 92).

15  No Article III judge has ruled on any of Zinnel's

16  timely filed objections to the magistrate judge's erroneous

17  orders that are "clearly erroneous" and "contrary to law."

18  Therefore, this motion seeks an Article III judge's rulings

19  on all of Zinnel's outstanding objections and requests for

20  for reconsideration of the magistrate judge's rulings.

21  This motion is based on this notice, the attached

22  memorandum of points and authorities, the Objections and

23  Requests for Reconsidertions previously served on the parties

24  and timely filed, and reflected on the docket as ECF numbers

25  40, 33, 32, 56, 63, 67, 86, and 92, the records and files in

26  this court, and any oral argument.

27  _____

Steven Zinnel                          Dated: __8/2/21__

3

## MEMORANDUM OF POINTS AND AUTHORITIES

1  As of July 28, 2021 Zinnel has not received any

2  ruling by an Article III district court judge on Zinnel's

3  pending Requests for Reconsideration by the District Court

4  of Magistrate Judge's Rulings and Objections to the

5  Magistrate Judge's aforementioned orders.  The following

6  Requests for Reconsideration and Objections to the Magistrate

7  Judge's orders are pending and awaiting a ruling and

8  modification by an Article III district court judge other

9  than Judge Troy L. Nunley.  FN #1:

10  1) Request for Reconsideration and Objection to
11     the Magistrate Judge's May 6, 2021 Order (ECF # 26)
       Denying "Plaintiff's" (sic) Motion to Appoint Counsel;
       [deemed filed May 17, 2021  FN #2] (ECF #40)
12  2) Request for Reconsideration and Objection to
       the Magistrate Judge's May 7, 2021 Order (ECF #24)
13     Providing Plaintiff thirty (30) days to file a response,
       but providing Zinnel only seven (7) days to file a
14     response  [deemed filed May 16, 2021  FN #2]; (ECF #33)

15  3) Request for Reconsideration and Objection to
16     the Magistrate Judge's May 7, 2021 Order (ECF #27)
       Denying Zinnel's Timely Request Pursuant to
17     28 U.S.C. 3004(b)(2) to Transfer this Garnishment
       Proceeding to the District Court for the District in
18     which the Alleged Debtor Resides which is the
       District of Oregon  [deemed filed May 16, 2021 FN #2];
                                                    (ECF #32)
19  4) Request for Reconsideration and Objection to
20     the Magistrate Judge's May 21, 2021 Order (ECF #39)
       Directing Zinnel to Renotice his Pending Motions
21     [deemed filed June 1, 2021  FN #2]  (ECF #56)

22

23

24  FN #1   On May 3, 2021, Zinnel filed an Objection to Judge
25  Troy L. Nunley presiding over this case and Zinnel
        renewed his Motion to Recuse and Disqualify Judge (ECF  #18)
26  Troy L. Nunley which is Docket Entry #558 in
        United States v. Steven Zinnel, U.S.D.C. ED CA
27  case no. 2:11-cr-00234-TLN which has not been ruled on.
    FN #2   Under prison "mailbox rule" Houston v. Lack, 487 U.S. 266
            (1988).

4

5) Request for Reconsideration and Objection to
the Magistrate Judge's May 25, 2021 Order (ECF #44)
Denying Steven Zinnel's Motions Reflected on the
Court's Docket as ECF nos. 36, 41, 29, 34, 35, 37, & 30
and Request that a District Court Judge, other than
Judge Troy L. Nunley rule on the objections
[deemed filed June 4, 2021  FN #2]  (ECF #63)

6) Request for Reconsideration and Objection to
the Magistrate Judge's May 25, 2021 Order (ECF #60)
Denying Steven Zinnel's Motions Reflected on the
Court's Docket as ECF nos. 58 & 59 amd Request that
a District Court Judge, other than Judge Troy L.
Nunley rule on the objections
[deemed filed June 18, 2021  FN #2] (ECF #67)

7) Request for Reconsideration by the District Court of
Relief Courtroom Deputy M. York's Minute Order made
6/29/21 (ECF #75) Directing Zinnel's Motion to Vacate
Reference to Magistrate Judge to be Renoticed
before a magistrate judge as being contrary to law
[deemed filed July 11, 2021  FN #2]  (ECF #86)

8) Request for Reconsideration by the District Court of
Relief Courtroom Deputy M. York's Minute Order made
6/29/21 (ECF #76) Stating that Zinnel's Request
for Reconsideration of a Magistrate Judge's Order
(ECF #67) was Deficient and Directing Zinnel to
file a Noticed Motion as being Contrary to
Local Rule 303(c) and 303(e)
[deemed filed July 14, 2021  FN #2]  (ECF #92)

///

///

///

///

///

///

///

///

///

///

## I.  KEY LAW

The right to adjudication before an Article III judge is an important constitutional right.  United States v. Mortensen, 860 F.2d 948, 950 (9th Cir. 1988); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc).  Critically, under the magistrate judge system, even though a magistrate judge may be designated to determine most pretrial matters directly, the parties can ask the district court to reconsider any such matter if "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); Louis Branch v. D. Umphenour, 936 F.3d 994 (9th Cir. 2019) (reversing an Eastern District of California judicial decision).  Under the magistrate judge system, no party will be denied independent review by an Article III judge.  Louis Branch Id.  This includes Zinnel who in fact is the named defendant in this case. Any denial would lack the requisite supervision by an Article III officer.

1    Fed.R.Civ.P. 72(a) concerns Magistrate Judge's pretrial

2 orders on Nondispositive matters and states in relevant part:

3       When a pretrial matter not dispositive of a party's
            claim or defense is referred to a magistrate
4       judge to hear and decide, the magistrate judge
        must promptly...issue a written order stating the
5       decision.

6       A party may serve and file objections to the order
        within 14 days after being served with a copy.
7
        The district judge in the case must consider timely
8       objections and modify or set aside any part of the
        order that is clearly erroneous or contrary to law.
9       (emphasis added)

10    U.S.D.C. ED CA Local Rule 303(c) is alligned with

11 Fed.R.Civ.P. 72(a) as it states a party may seek

12 reconsideration by a district court judge of a magistrate

13 judge's ruling.  ED CA Local Rule 303(d) requires any

14 opposition to a party's objection to a magistrate judge's

15 ruling shall be served and filed within seven (7) days.

16 (emphasis added).

17    Form of Objection

18  .    Ordinarily, when a pro se litigant submits a letter

19 expressing disapproval of an adverse magistrate judge's

20 ruling on a non-dispositve matter within the fourteen (14)

21 day allotted time period, the court of appeals would deem

22 the letter to be a motion for reconsideration so long as it

23 reasonable apprised the district court that the magistrate

24 judge's ruling was being contested.  McKeever v. Block,

25 932 F.2d 795 (9th Cir. 1991).  For purposes of Rule 72,

26 written objections of a prisoner proceeding pro se, are

27 deemed filed and served when they are forwarded to prison

    officials.  Thompson v. Rasberry, 993 F.2d 513 (5th Cir. 1983).

1

2    A party may object to a non-dispositive pre-trial order

3  of a magistrate judge within fourteen (14) days after service

4  of the order.  Fed.R.Civ.P. 72(a); ED CA Local Rule 303(c) and

5  304(b).  If Zinnel was prevented by the court in this case to

6  petition an Article III judge for review, such an arrangement

7  would raise significant constitutional difficulties. Pacemaker.

8    The "clearly erroneous" standard applies to a magistrate

9  judge's factual findings whereas the "contrary to law"

10  standard applies to a magistrate judge's legal conclusions.

11  e.g. Grimes v. City of San Francisco, 951 F.2d 236, 240

12  (9th Cir. 1991).  A magistrate judge's finding is "clearly

13  erroneous" if the district judge has a "definite and firm

14  conviction that a mistake has been committed."  United States

15  v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  An order is

16  "contrary to law" when it fails to apply or misapplies

17  relevant statutes, case law, or rules of procedure."

18  United States v. Desage, 229 F.Supp 3d 1029 (D. Nev., 1/9/17).

19    The law is well-settled that no party will be denied

20  independent review by an Article III judge.  Louis Branch v.

21  D. Umphenour, 936 F.3d 994 (9th Cir. 2019) (reversing an

22  Eastern District of California judicial decision).  Thus, in

23  upholding the magistrate judge system against constitutional

24  attacks, Article III judges retain "continuing responsibility

25  for the administration of the judicial business of the United

26  States."  Pacemaker v. Instromedix, 725 F.2d 537 (9th Cir. 1984).

27

This court must provide Zinnel with a
liberal pleading standard

As a pro se incarcerated litigant, Zinnel is entitled to and requests that this court provide him the liberal pleading standard as expressed in Estelle v. Gamble, 429 U.S. 97 (1976). The doctrine obliges this court to apply the law and rules liberally and with a duty of construance under any provision or practice, which would be most beneficial for the relief being sought regardless of couching or format presented by Zinnel as a pro se pleader. As a result of Zinnel's pro se status and formidable obstacles Zinnel faces as an incarcerated defendant, Zinnel's Request for Reconsiderations and Objections to the magistrate judge's erroneous rulings, must be held to less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972).

II. ANALYSIS

In this garnishment case, Zinnel has objected to and requested reconsideration of every single ruling thus far made by United States Magistrate Judge Allison Claire because they are "clearly erroneous," "contrary to law," and do not maintain a level playing field which is the hallmark of federal-court litigation. Further, the magistrate judge does not have jurisdiction to rule in this case because Zinnel made a timely request to transfer this case to the District of Oregon. (see ECF #21).

1    Pages four and five of this motion identify the eight (8)
2 Objections and Requests for Reconsideration Zinnel has filed
3 that are waiting for a ruling by an Article III judge other
4 than Judge Troy L. Nunley because of Zinnel's pending
5 objeciton and motion to recuse.  All of Zinnel's filed.
6 objections to the magistrate judge's erroneous rulings are
7 detailed, cited dispositive law and facts, gave specific
8 notice of Zinnel's grievances, and were timely made within
9 fourteen (14) days.

10    Plaintiff United States of America and its plethora of
11 attorneys have not filed a single opposition to Zinnel's
12 objections and requests for reconsideration and the seven-day
13 time period allotted under ED CA Local Rule 303(d) has
14 long since expired.  Therefore, the requested relief is
15 unopposed by the government.

16    The law is clear that Zinnel cannot be denied
17 independent review by an Article III judge.  Louis Branch,
18 supra.  Zinnel's objections have been pending for months.
19 Zinnel's third objection, ECF #32, affects the Eastern
20 District of California's jurisdiction in this case because
21 this case must be transferred to the District of Oregon
22 pursuant to Zinnel's timely request under 28 U.S.C. 3004(b)(2).
23 Zinnel filed an ex parte application for an Article III
24 judge to rule on the objections identified herein. (ECF #69).
25    Zinnel respectfully, but steadfastly, requests via this
26 motion that Zinnel's objections are ruled upon forthwith.
27

Steven Zinnel                                    Dated: 6/2/21

                        10

## CERTIFICATION OF SERVICE

By United States Mail

I hereby certify that at the time of service, I was over the age of 18. I further certify that on ___ �8/2/2| ___

I served a true and correct copy of the foregoing on:
AUSA Lynn Trinka Ernce
AUSA Kurt A. Didier
U.S. Attorney's Office, ED CA
501 I Street, Suite 10-100
Sacramento, CA 95814

Attorney for Plaintiff


K. Greg Peterson
K. Greg Peterson, A Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, CA 95814

Attorney for Third-Party Claimant David Zinnel

by United States Mail, in a sealed envelope with the postage thereon fully prepaid, and then depositing the foregoing with prison authorities at FPC Sheridan, 27072 Ballston Road, Sheridan, OR 97378.

Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to a court, the court deems the pleading constrctively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel, #66138-097
FPC Sheridan
P.O. Box 6000
Sheridan, OR 97378-6000