

```
STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

In pro se
```

**FILED**
JUL 26 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> STEVEN ZINNEL, <br> Defendant and [**alleged**] Judgment Debtor. <br><br> TD AMERITRADE CLEARING, INC., <br> Garnishee. | Case No.: 2:21-mc-00098-TLN-AC <br><br> **DEFENDANT STEVEN ZINNEL'S NOTICE OF APPEAL** <br><br> Criminal Case No. 2:11-cr-00234-TLN |

NOTICE IS HEREBY GIVEN that STEVEN ZINNEL, defendant and alleged Judgment Debtor in the above-entitled action, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the disposition order directing release of the garnished funds entitled ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT filed on July 18, 2022 and reflected on the court's docket in case number 2:21-mc-00098-TLN-AC as document ECF #149. The Order filed on July 18, 2022, ECF #149, is a final judgment for purposes of appeal because it is a **disposition order directing release of the garnished funds** which according to the government, and the United States Court of Appeals for the Ninth Circuit, **concludes a garnishment writ proceeding thus making this case ripe for appellate review**. (the government and United States Court of Appeals for the Ninth Circuit in this

case have previously cited *United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020)). (see ECF #116).

In *United States v. Swenson,* Id. the Ninth Circuit panel opined:

> The Fifth and Seventh Circuits have held that disposition orders directing the release of funds for garnishment under the FDCPA are final, appealable orders. See United States v. Branham, 690 F.3d 633, 635 (5th Cir. 2012); United States v. Kollintzas, 501 F.3d 796, 799, 801-02 (7th Cir. 2007); United States v. Minneman, 6 Fed. App'x 422, 424 (7th Cir. Apr. 24, 2001) ("The disposition order concludes the garnishment proceedings and therefore that order, and not the order denying the debtor's objections, is the final order from which a debtor should appeal."); see also United States v. Grigsby, 630 F. App'x 838, 841 (10th Cir. Oct. 29, 2015).
>
> We agree with the reasoning of our sister circuits that disposition orders directing release of the garnished funds conclude garnishment writ proceedings. Pursuant to the FDCPA, the garnished funds remain in the garnishee's possession unless and until the court orders those funds disbursed in a disposition order. See 28 U.S.C. § 3205(c)(7). The denial of a judgment debtor's objections may not be final for any number of reasons, including, for example, if a judgment debtor files a motion for reconsideration. A disposition order (or termination of the garnishment otherwise, see id. § 3205(c)(10)) concludes litigation of the writ on the merits and is thus a final judgment for purposes of appeal.

NOTICE IS FURTHER GIVEN that Steven Zinnel has already filed Notices of Appeal in this case. On May 20, 2021, Steven Zinnel gave Notice that he was appealing this case (see ECF #38). On October 12, 2021, Steven Zinnel also filed a Notice of Appeal. (see ECF #111). In, *Cato v. Fresno City*, 220 F.3d 1073, 1074 (9th Cir. 2000) the Ninth Circuit held that the court "can assume jurisdiction based on a prematurely filed notice of appeal when subsequent events can validate [the] prematurely filed appeal." (quoting *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980).

NOTICE IS FURTHER GIVEN that Steven Zinnel received the ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT filed on July 18, 2022 and reflected on the court's docket in case number 2:21-mc-00098-TLN-AC as document ECF #149 on July 20, 2022 via United States Mail because the Court refuses to allow Steven Zinnel to utilize the Court's CM/ECF system thus Zinnel is prejudiced by delayed notice by United States Mail.

Seeking justice in an unjust case,

_/s/ signature_

Steven Zinnel, In Pro Se                                          Dated:  July 22, 2022


Case 2:21-mc-00098-TLN-AC   Document 151   Filed 07/26/22   Page 4 of 4

# **CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| Lynn Trinka Ernce<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Email: lynn.trinka.ernce@usdoj.gov<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Email: greg@kgregpeterson.com<br><br>Attorneys for David Zinnel |
|---|---|
| Christopher Strecher, Esq.<br>Keesel, Young & Logan<br>450 Pacific Avenue #3<br>San Francisco, CA 94133<br><br>Email: Christopher.stretcher@kyl.com<br><br>Attorneys for TD Ameritrade Clearing, Inc. | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

[ ] **BY ELECTRONIC MAIL**: I caused such documents listed above to be transmitted via electronic mail to the e-mail address(es) as above described.

Executed on **July 22, 2022**, at Santa Ana, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Steven Zinnel

Notice of Appeal
- 4 -