

STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

AUG 0 1 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

Defendant In pro se

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant and [alleged]<br><br>Judgment Debtor.<br><br>_____<br><br>TD AMERITRADE CLEARING, INC.,<br><br>Garnishee. | Case No.: 2:21-mc-00098-TLN-AC<br><br>**DEFENDANT STEVEN ZINNEL'S OPPOSITION TO DAVID ZINNEL'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR MONETARY SANCTIONS [ECF #142]**<br><br>Criminal Case No. 2:11-cr-00234-TLN<br><br>Hearing<br>Date:         August 10, 2022<br>Time:        10:00 A.M.<br>Courtroom: 26<br>Judge:       Hon. Allison Claire |

Defendant and alleged judgment debtor, Steven Zinnel ("Zinnel") hereby opposes DAVID ZINNEL'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR MONETARY SANCTIONS [ECF #142] as follows:

1. **CITATIONS IN THIS OPPOSITION**

On a clarification matter, as this Opposition cites court-filings in other cases filed in the United States District Court, Eastern District of California, (Sacramento) and the Superior Court of California, County of Sacramento, Zinnel will refer to court-filings in the cases:

- *United States v. Steven Zinnel*, Case No. 2:11-cr-00234-TLN as "**Criminal Case**;"
- *United States v. Steven Zinnel / TD Ameritrade*, Case No. 2:21-mc-00098-TLN-AC as "**Misc. Case #1**;"
- *United States v. Steven Zinnel / David Zinnel, Castana Trust* Case No. 2:21-mc-00143-TLN-AC as "**Misc. Case #2**;"
- *United States v. Steven Zinnel / David Zinnel*, Case No. 2:19-mc-00242-TLN as "**Subpoena Case**;"
- *In The Matter of The Castana Trust Dated March 4, 2009*, Superior Court of California, County of Sacramento Case No. 34-2016-00200990-PR-TR-FRC as "**Probate Case**."

Further, **all references to Transcript** are to the Transcript of Proceedings of the Settlement Conference held on June 3, 2022, before the Hon. Kendall J. Newman, Chief Magistrate Judge in this matter and as transcribed Thresha Spencer, CSR (Misc. Case #1, ECF #134).

## 2. OBJECTIONS TO JURISDICTION

### A. This court does not have jurisdiction because Zinnel timely filed a Notice of Appeal in this case

Zinnel timely filed a Notice of Appeal in this case. (see Misc. Case #1, ECF #151). As a result, as of July 26, 2022, this Court is divested of jurisdiction pending the appeal. Zinnel's Notice of Appeal is a threshold issue of jurisdiction. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). See also, e.g., *Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883).

///

///

On appeal, in part, Zinnel is challenging what happened during the Settlement Conference on June 3, 2022 and the resulting settlement agreement. Therefore, this Court does not have jurisdiction to rule on David Zinnel's Motion to Enforce Settlement Agreement.

B. **This Court does not have jurisdiction because Zinnel timely requested to transfer this case to the District in which he resided under 28 U.S.C. 3004(b)(2)**

Second, this Court does not have jurisdiction because Zinnel timely requested to transfer this case to the District in which he resided under 28 U.S.C. 3004(b)(2) because that is where the government forced Zinnel to reside. Transfer is mandatory and it is/was reversible error not to transfer this case out of the Eastern District of California. It is axiomatic that this will be an issue on appeal.

During the Settlement Conference Steven Zinnel made it crystal clear that his position is that this Court does not have jurisdiction when he stated:

*MR. STEVEN ZINNEL: Three things, your Honor, quickly. Again, I just want to clarify. I agree -- I 'm stipulating that the Court has jurisdiction - - limited jurisdiction to make this settlement, but I strongly dispute that the Eastern District has jurisdiction, and I will continue to litigate that by me consenting today, I am not consenting and waiving my jurisdictional and venue argument.* Transcript 16:23-17:4.

*THE COURT: Mr. Zinnel can continue to make his argument if the Court doesn't have jurisdiction to do that. Yeah, okay.* Transcript 17:15-17.

*MR. STEVEN ZINNEL: That's correct, your Honor, and I intend to.*
Transcript 17:18-19.

C. **This magistrate court does not have jurisdiction because on June 24, 2021 Zinnel filed a Motion to Vacate the Reference of this case to a magistrate judge**

This magistrate court does not have jurisdiction because on June 24, 2021 Zinnel filed a Motion to Vacate the Reference of this case to a magistrate judge. (Misc. Case #1, ECF # 70). In further evidence of Judge Troy L. Nunley's improper bias against Zinnel, even though the motion has been pending for over a year now, Judge Troy L. Nunley has never ruled on the motion.

---

Defendant Steven Zinnel's Opposition to David Zinnel's Motion to Enforce Settlement Agreement
- 3 -

Nevertheless, Zinnel stands on his motion and contends that the magistrate court does not have jurisdiction to rule in this case. It is axiomatic that this will be an issue on appeal as well.

### 3. **KEY LAW**

A district court has the inherent power to enforce a **complete** settlement agreement entered into while the litigation is pending before it. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). (emphasis added). At its core, a motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th. Cir. 1989). Therefore, even though the underlying cause of action presented in this litigation is based upon a federal statute, this court applies California law regarding the formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992); see also *Harrop v. West. Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).

In California, oral settlement agreements made before the court and oral contracts are enforceable. Cal. *Civ. Proc. Code* § 664.6; Cal. *Civ. Code* § 1622. "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." *Lopez v. Charles Schwab & Co., Inc.*, 13 Cal. Rptr. 3d 544, 548 (Cal. Ct. App. 2004) (citing Cal. *Civ. Code* § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. *Civ. Code* § 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" *Weddington Prod., Inc., v. Flick*, 71 Cal. Rptr. 2d 265, 277 (Cal. Ct. App. 1998) (quoting Cal. *Civ. Code* § 1580).

///

## 4. ANALYSIS

A. The Settlement Conference Resulted in a **Partial** Settlement Agreement

Although a district court, **with actual jurisdiction**, has the inherent power to enforce a **complete** settlement agreement entered into while the litigation is pending before it (*In re City of Equities Anaheim, Ltd.*, supra.), in this case a complete agreement **was not** reached and Zinnel and the government are still litigating.

This is reflected in the Transcript when Chief Magistrate Judge Newman stated as follows:

*The parties have reached an agreement --**not a complete resolution** of this case -- but an agreement on a path forward.* (emphasis added). Transcript 3:10-12

*Again, **until this entire matter** involving the Ameritrade account **is resolved**.* (emphasis added). Transcript 8:11-12

*Okay. And that's the only reason. **If** you want to send him documents now, **you can't submit those to Ameritrade at this point**. But then you've got them signed and dated and stuff **once the actions resolve between Ms. Ernce and Steven Zinnel.*** Transcript 27:6-10

*For example, **if down the road there is a document necessary** to make sure that the Ameritrade -- the remainder of the Ameritrade account becomes an asset of the trust, you'll agree to sign whatever is necessary to effectuate that, it is not a basis to refuse to sign.*
Transcript 22:6-9.

*Very good. All right. Folks, we have an agreement. I think that helps with a path forward.* Transcript 25:20-21

Based on the aforementioned, a complete agreement was not reached, the parties are still litigating, and thus **there if not a complete agreement** for the Court to enforce, even if it had jurisdiction, which it does not.

///

///

///

///

Defendant Steven Zinnel's Opposition to David Zinnel's Motion to Enforce Settlement Agreement
- 5 -

B. <u>David Zinnel made a party admission that submitting something was a suggestion</u>

David Zinnel's lawyer confirms in his June 22, 2022 email that that the signing of the Stipulation, he solely chose to draft, and now seeks to enforce, **was in fact a suggestion of Judge Newman** and that David Zinnel's lawyer was requesting Zinnel sign. (See first two sentences of June 22, 2022 email, attached hereto as Exhibit A, and attached as Exhibit C to attorney Greg Peterson's declaration filed in support of Motion). Further, David Zinnel's lawyer stated *assuming it meets with your approval please sign.* (see Exhibit A attached hereto). David Zinnel has attached the email to his lawyer's declaration as Exhibit C, therefore putting it before this Court, David Zinnel made judicial admissions that he must be forced to abide by. See *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact") ("[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court").

Further, Zinnel responded to David Zinnel's attorney's June 22, 2022 email on July 5, 2022:

*Mr. Peterson:*

*Per your email "In accordance with the **suggestion** of Judge Newman during our settlement conference I have prepared a Stipulation and Order."*

*As an attorney and officer of the Court, this email is to inform you to quite threating me. I will report you to the State Bar…I will seek monetary sanctions against you and your client David Zinnel for frivolous motion practice under Rule 11 sanctions. Unlike you, I can cite legal authority for sanctions.*

*/S/ Steve Zinnel*

(See Exhibit B attached hereto)

Further, the Court stated:

*Okay. And that's the only reason. **If** you want to send him documents now, **you can't submit those to Ameritrade at this point**. But then you've got them signed and dated and stuff **once the actions resolve between Ms. Ernce and Steven Zinnel.*** Transcript 27:6-10

C. <u>The proposed Stipulation **is premature** and at the Magistrate Judge stated as such</u>

Chief Magistrate Judge Newman stated:

*Okay. And that's the only reason. **If** you want to send him documents now, **<u>you can't submit those to Ameritrade at this point</u>**. But then you've got them signed and dated and stuff **<u>once the actions resolve between Ms. Ernce and Steven Zinnel.</u>** Transcript 27:6-10*

*And also I'm happy that if the parties, the two brothers, if the stipulation on the record today by them, including ordering a transcription isn't sufficient, **<u>if they want</u>** to put together a stipulation that says, "Could you please agree to this, Judge, you know, here is the transcript attached so we have something to send to Ameritrade," that's fine, I'm happy do that. Transcript 12:11-17*

*But I'm not going to otherwise be issuing an order saying, "Yes, it becomes an asset of the trust." **<u>That's subject to the brother s agreement</u>**, and I'm fine with that as long as the two brothers agree to that record. Transcript 12:18-21*

**<u>Mr. Peterson, if you want to send any documents to Steven Zinnel to have him sign for Ameritrade purposes, clarifying that once the government's action is resolved between the government and Steven Zinnel</u>**, *that the account would then be converted to a Castana Trust account, you are welcome to do so. Transcript 26:13-18*

**<u>If</u>** *Steven and David both sign**<u>, fine.</u>** **<u>If it is the two of them just signing something with Ameritrade saying, "Please rename this account," but that's between them,</u>** the government is not involved in this, this Court is not making a determination whether or not it is a trust asset, just brothers are agreeing that **<u>that's what it is once the government is satisfied. Does that make it clear?</u>* (emphasis added) Transcript 16:4-11

*For example, **<u>if down the road there is a document necessary</u>** to make sure that the Ameritrade -- the remainder of the Ameritrade account becomes an asset of the trust, you'll agree to sign whatever is necessary to effectuate that, it is not a basis to refuse to sign. Transcript 22:6-9.*

**<u>*I just want to make. clear here that to avoid later disputes*</u>**, *while we're here on the record, Steven and David will both, on the record in front of a federal court, agree that the remainder, **<u>once the government has been satisfied,</u>** will be a trust asset and **<u>will do whatever paperwork is necessary to effectuate that</u>**.* (emphasis added) Transcript 15:23-16:3

---

Defendant Steven Zinnel's Opposition to David Zinnel's Motion to Enforce Settlement Agreement
- 7 -

***If it's an order from a probate court, fine. If it is the two of them just signing something with Ameritrade saying, "Please rename this account," but that's between them,*** *the government is not involved in this, this Court is not making a determination whether or not it is a trust asset, just brothers are agreeing that **that's what it is once the government is satisfied.** Does that make it clear?* (emphasis added) Transcript 16:4-11

D. The proposed Stipulation is evident on its face that it **is premature**

Further evidence that the proposed Stipulation, that David Zinnel is seeking to enforce, is premature is that it contains numerous conditions precedents. A condition precedent is a legal term describing a condition or event that must come to pass **before a specific contract is considered in effect** or **any obligations are expected of either party**. Here, a word-search of the proposed Stipulation reveals that in six places, the word "assuming." Thus, what the proposed Stipulation is trying to do is bind Steven Zinnel now when future events may not happen. For example the Stipulation states:

> ***Assuming*** *the USA prevails in its garnishment action against Steven, **and only after the USA has so prevailed**, any and all amounts paid in satisfaction of the USA's restitution judgment against Steven, including criminal monetary penalties and litigation expenses which shall not exceed $1,013,056.06, are Steven's sole personal responsibility and come from his personal interest in the TD Ameritrade IRA;*

This language is not a valid agreement and the Stipulation seeking to be enforced is speculative, premature, and unenforceable.

E. Steven Zinnel has never repudiated his agreement or refused to abide by the terms thereof

Contrary to David Zinnel's moving papers, Steven Zinnel has never "repudiated" the agreements he made at the Settlement Conference held on June 3, 2022. David Zinnel has not provided a single email from Steven Zinnel stating he was repudiating the agreements he made at the Settlement Conference. David Zinnel and his attorney are just mad that Steven Zinnel will not sign a flawed premature Stipulation. Steven Zinnel never agreed on June 3, 2022 to sign whatever David Zinnel's Certified Specialist in Estate Planning lawyer put in front of him. Based on what

was stated on the record during the June 3, 2022 Settlement Conference, Steven Zinnel understood that when the litigation between him and the government was done, and the matter was ripe for TD Ameritrade to be involved, that Steven Zinnel would be signing a document prepared by TD Ameritrade. In fact during the June 3, 2022 Settlement Conference, Judge Newman stated:

> *If it is the two of them **just signing something with Ameritrade saying**, "Please rename this account," but that's between them the government is not involved in this, this Court is not making a determination whether or not it is a trust asset, just that the bothers are agreeing that that's what it is **once the government is satisfied**. Does that make it clear? I see a yes from Ms. Ernce.*
>
> *MS. ERNCE: Yes, your Honor.*
>
> *THE COURT: Mr. Peterson?*
>
> *MR. PETERSON. Yes.*

Transcript 16:4-13 (emphasis added)

F. <u>The proposed Stipulation is fatally flawed</u>

The proposed Stipulation, that David Zinnel is seeking to enforce, is fatally flawed and poorly drafted in that it contains numerous conditions precedents. A condition precedent is a legal term describing a condition or event that must come to pass **before a specific contract is considered in effect** or **any obligations are expected of either party**. Here, a word-search of the proposed Stipulation reveals that in six places, the word "assuming." Thus, what the proposed Stipulation is trying to do is bind Steven Zinnel now when future events may not happen. For example the Stipulation states:

> ***Assuming** the USA prevails in its garnishment action against Steven, **and only after the USA has so prevailed**, any and all amounts paid in satisfaction of the USA's restitution judgment against Steven, including criminal monetary penalties and litigation expenses which shall not exceed $1,013,056.06, are Steven's sole personal responsibility and come from his personal interest in the TD Ameritrade IRA;*

This language is not a valid agreement and the Stipulation seeking to be enforced is speculative, premature, and unenforceable.

G. <u>Steven Zinnel never agreed to sign any document David Zinnel's attorney put in front of him</u>

The June 3, 2022 Transcript reflects that **Steven Zinnel never agreed to sign whatever poorly drafted document David Zinnel's Certified Specialist in Estate Planning lawyer put in front of him.** David Zinnel and his attorney are just mad that Steven Zinnel will not sign a flawed premature Stipulation. Steven Zinnel never agreed on June 3, 2022 to sign whatever David Zinnel's Certified Specialist in Estate Planning lawyer put in front of him. Based on what was stated on the record during the June 3, 2022 Settlement Conference, Steven Zinnel understood that when the litigation between him and the government was done, and the matter was ripe for TD Ameritrade to be involved, that Steven Zinnel would be signing a document prepared by TD Ameritrade. In fact during the June 3, 2022 Settlement Conference, Judge Newman stated:

> *If it is the two of them **just signing something with Ameritrade saying**, "Please rename this account," but that's between them the government is not involved in this, this Court is not making a determination whether or not it is a trust asset, just that the bothers are agreeing that that's what it is **once the government is satisfied**. Does that make it clear? I see a yes from Ms. Ernce.*
>
> *MS. ERNCE: Yes, your Honor.*
>
> *THE COURT: Mr. Peterson?*
>
> *MR . PETERSON. Yes.*

Transcript 16:4-13 (emphasis added)

///
///
///
///
///
///
///
///

# MONETARY SANCTIONS CANNOT BE IMPOSED AND ARE NOT WARRANTED

H. No statute is cited giving the Court power to award monetary sanctions

David Zinnel's moving papers do not cite a single statute providing the Court with authority to impose monetary sanctions against Steven Zinnel just because he will not sign a premature fatally flawed stipulation forced upon him by David Zinnel's Certified Specialist in Estate Planning lawyer. Lacking legal authority by statute, the Court cannot impose monetary sanctions.

I. David Zinnel agreed he would be responsible for his own attorney's fees

During the Settlement Conference on June 3, 2022, Judge Newman stated:

*THE COURT: And you understand that…between you and Steve Zinnel and the government, each side is responsible for its own attorney's fees and costs?*

David Zinnel's attorney responded:

*MR. PETERSON: Oh, yes.* Transcript 23:16-20

J. Monetary Sanctions are not warranted

Here, **there is no subjective bad faith on Steven Zinnel's part**, but bad faith on David Zinnel's part. The facts provided above clearly demonstrate Steven Zinnel did not repudiate the agreements he made on June 3, 2022 during the Settlement Conference. Further, the Stipulation David Zinnel's lawyer seeks to enforce was not contemplated by the Court or Steven Zinnel. Moreover, the proposed Stipulation is fatally flawed and premature.

In aggravation, David Zinnel's Certified Specialist in Estate Planning lawyer did not make a good faith attempt to meet and confer before filing the instant motion. Further, David Zinnel's lawyer will not respond to Steven Zinnel's emails. Moreover, David Zinnel's lawyer refused to provide Steven Zinnel with documents and a Castana Trust accounting. Attached as Exhibit C email dated July 11, 2022 to David Zinnel' attorney confirms that David Zinnel's lawyer did not meet and confer, fails to respond to Steven Zinnel's emails, and refuses to provide Steven Zinnel documents.

Fighting for what is Right…Seeking Justice in an unjust case,

*/s/ signature*

_____

Steven Zinnel, In Pro Se                                             Dated:  July 29, 2022

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

**From:** K. Greg Peterson
**Sent:** Wednesday, June 22, 2022 10:04 AM
**To:** firsthalfsteve@gmail.com (Other)
**Subject:** 20220622 ZIN2/Stipulation and Order re Settlement

In accordance with the suggestion of Judge Newman during our settlement conference I have prepared a Stipulation and Order pertaining to the disposition of the remaining balance of the TD Ameritrade IRA account that I am requesting that you sign. The stipulation is based upon the agreements made and placed on the record on June 3, and for clarity I have included citations to the transcript of the settlement that was placed on the record. Please review the stipulation and assuming it meets with your approval please sign it and return to me a copy of the page (page 6) bearing your signature, and I will have David sign the stipulation, I will sign it and then submit it to the court. If you have any questions or suggestions concerning the stipulation let me know.

Concerning your earlier emails regarding your personal property, I am advised by my client that he attempted some time ago to return certain property left in your mother's house to you. These arrangements included renting a U-Haul vehicle and making arrangements for 3 months of prepaid storage. The day before he was supposed to leave to transport this property to you in Southern California, I am told you refused to receive this property. If you will agree to make reasonable arrangements for the return of this property, my client would like nothing better than to return what he has to your possession. Let me know on this as well.

Kind Regards,



### K. Greg Peterson, Esq.

Principal Attorney
Certified Specialist, Estate Planning, Trust & Probate Law
K. Greg Peterson, A Professional Law Corporation



Phone: (916) 443-3010
Fax: (916) 492-2680
Email: greg@kgregpeterson.com
Address: 455 Capitol Mall #325, Sacramento CA 95814

NOTICES: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. f you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

**From:** Steveo
**Sent:** Tuesday, July 5, 2022 8:08 PM
**To:** dzinnel@comcast.net
**Subject:** FW: Stipulation


Sent from Mail for Windows

**From:** firsthalfsteve@gmail.com
**Sent:** Tuesday, July 5, 2022 8:04 PM
**To:** K. Greg Peterson
**Cc:** dzinnel@comcast.net
**Subject:** Stipulation

Mr. Peterson:

Per your email "In accordance with the **suggestion** of Judge Newman during our settlement conference I have prepared a Stipulation and Order."
As an attorney and officer of the Court, this email is to inform you to quite threating me  I will report you to the State Bar.  When is your client David Zinnel going to return my property including my laptop portable hard drive
I will seek monetary sanctions against you and your client David Zinnel for frivolous motion practice under Rule 11 sanctions.  Unlike you, I can cite legal authority for sancitons.

/S/ Steve Zinnel

 Virus-free. www.avg.com

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

**From:** firsthalfsteve@gmail.com
**Sent:** Monday, July 11, 2022 10:13 AM
**To:** K. Greg Peterson
**Cc:** dzinnel@comcast.net
**Subject:** In re Zinnel; Refusal to respond to emails or meet and confer in good faith

July 11, 2022

Mr. Peterson:

You refuse to respond to my emails to you or meet and confer in good faith.
Further, you refuse to provide me documents that I am legally entitled to.
As a result, I will inform the United States District Court of your refusal to respond to my communications or meet and confer in good faith.
I will also file a motion to compel you to provide me with the documents.
Further, I will file a civil lawsuit against your client David Zinnel in Sacramento Superior Court for Conversion (civil theft) and Unjust Enrichment.
Moreover, in Sacramento Probate Court, I will file a petition to remove David Zinnel as the Trustee of the Castana Trust and to remove you as the attorney for Castana Trust.
I trust this email clearly communicates my position.

Very truly yours,

/S/

Steve Zinnel


Cc: David Zinnel via email

 Virus-free. www.avg.com

# CERTIFICATE OF SERVICE

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| Lynn Trinka Ernce<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Email: lynn.trinka.ernce@usdoj.gov<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Email: greg@kgregpeterson.com<br><br>Attorneys for David Zinnel |
|---|---|
| Christopher Stecher, Esq.<br>Keesel, Young & Logan<br>450 Pacific Avenue #3<br>San Francisco, CA 94133<br><br>Email: christopher.stecher@kyl.com<br><br>Attorneys for TD Ameritrade Clearing, Inc. | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

☑ **BY ELECTRONIC MAIL**: I caused such documents listed above to be transmitted via electronic mail to the e-mail address(es) as above described.

Executed on **July 29, 2022**, at Santa Ana, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Steven Zinnel*

Steven Zinnel
11 Verdin Lane
Aliso Viejo, CA 92656

---