Case 2:21-mc-00098-TLN-AC    Document 169    Filed 08/08/25    Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Debtor.<br><br>TD AMERITRADE CLEARING, INC.,<br>(and its Successors and Assignees)<br><br>Garnishee. | No. 2:21-mc-00098-TLN-AC<br><br>**ORDER** |

After a jury convicted Steven Zinnel ("Zinnel") of bankruptcy fraud, money laundering, and other financial crimes, the United States filed an application for writ of garnishment under the Federal Debt Collection Procedures Act of 1990 (FDCPA) seeking to recover funds from Zinnel's TD Ameritrade Clearing, Inc.'s ("TD Ameritrade") account. (*See generally* ECF No. 1; *see also* Third Amended Judgment, *United States v. Zinnel*, Case No. 2:11-cr-00234-TLN, ECF No. 696.) Zinnel subsequently filed a motion to transfer proceedings to the United States District Court for the District of Oregon — the district where he claimed to reside at the time. (ECF No. 21.) The assigned magistrate judge denied Zinnel's motion to transfer. (ECF No. 27.) The magistrate

1

1  judge later issued findings and recommendations for a final order of garnishment, recommending
2  the Court direct TD Ameritrade to pay the District Court Clerk $1,012,047.08[1] and provide the
3  Department of Justice $150,000 for a litigation surcharge.  (ECF No. 137.)  Zinnel objected, again
4  arguing this Court should transfer venue.  (ECF No. 138 at 2.)  This Court overruled those
5  objections and granted the magistrate judge's findings and recommendations in full.  (ECF No.
6  149.)  Zinnel appealed.  (ECF No. 151.)  While the appeal was pending, TD Ameritrade disbursed
7  the required $1,012,047.08 to the District Court Clerk, who distributed $512,047 to Zinnel's
8  victims, and $500,000 to the Department of Justice's Crime Victims Fund.  (*See* ECF No. 168 at
9  7.)  TD Ameritrade also disbursed $150,000 to the Department of Justice for the litigation
10 surcharge.  (*Id.*)

11      The Ninth Circuit found this Court did not have the discretion to deny Zinnel's motion to
12 transfer the proceedings.  (ECF Nos. 167, 168.)  The Ninth Circuit determined that the
13 appropriate remedy was to reverse and vacate this Court's order granting the writ of final
14 garnishment rather than review for harmless error.  (ECF No. 168 at 18–19.)  In its order, the
15 Ninth Circuit stated that on remand, "the district court could vacate the portion of the garnishment
16 order requiring TD Ameritrade to disburse $650,000 for the unpaid fines and the litigation
17 surcharge and direct the United States to return the funds to TD Ameritrade." (*Id.* at 4.)
18 Additionally, the Ninth Circuit noted that because Zinnel had preserved his objection to venue,
19 the district court could reconsider a transfer request to the district in which Zinnel now resides.
20 (*Id.* at 19 n.4.)

21      Pursuant to the Ninth Circuit's mandate, the Court vacates its Final Order of Garnishment.
22 (ECF No. 149.)  Given the Ninth Circuit's order, the Court intends to direct the United States to
23 return $650,000 to TD Ameritrade.  Prior to doing so, the Court DIRECTS the parties to meet and
24 confer and file a joint status report in fourteen (14) days containing: (1) any response to the Ninth
25 Circuit's order regarding the appropriate remedy, and (2) outlining how they intend to proceed in

---

[1] The proposed findings and recommendations directed TD Ameritrade to pay $1,013,056.06 to the District Court Clerk.  (ECF No. 137 at 2.)  The United States subsequently amended its request to a payment amount of $1,012,047.08.  (ECF No. 147 at 1.)

this action, including whether Zinnel intends to file a renewed motion to transfer proceedings.

IT IS SO ORDERED.

Date: August 8, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3