

AUG 1 4 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1   STEVEN ZINNEL
    41 W HWY 14, Unit # 2484
2   Spearfish, SD 57783

3   E. firsthalfsteve@gmail.com

4   In pro se

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **EASTERN DISTRICT OF CALIFORNIA**

8

9   | UNITED STATES OF AMERICA, | Case No.: 2:21-mc-00098-TLN-AC |

10  | Plaintiff, | Criminal Case No.: 2: 11-cr-00234-TLN |

11  | v. | |

12  | STEVEN ZINNEL, | **DEFENDANT STEVEN ZINNEL'S** |

13  | Defendant and [**alleged**] | **NOTICE OF MOTION AND MOTION TO TRANSFER THE CASE TO THE DISTRICT OF** |

14  | Judgment Debtor. | **SOUTH DAKOTA, WESTERN DIVISION (RAPID CITY);** |

15  | TD AMERITRADE CLEARING, INC., | **MEMORANDUM OF POINTS AND** |

16  | Garnishee. | **AUTHORITI.ES** |

17  | | **[NO HEARING REQUESTED OR REQUIRED]** |

18

19  Hearing

20  Date:    September 24, 2025
    Time:    10:00 AM
21  Judge:   Magistrate Judge Allison Claire
    Ct. Rm: 26
22

23

24  To the Court, the United States of America, and any interested persons and organizations:

25  **PLEASE TAKE NOTICE** that on September 24, 2025 at 10:00 AM in Courtroom 26, of

26  the United States District Court located in the Robert T. Matsui United States Courthouse, 501 I

27  Street, Sacramento, CA  95814, a hearing will be held on Defendant and **alleged** judgment debtor

28

Steven Zinnel's ("Zinnel") MOTION TO TRANSFER THE CASE TO THE DISTRICT OF SOUTH DAKOTA, WESTERN DIVISION (RAPID CITY).

The grounds for the motion are:

1) Zinnel is now a resident of the State of South Dakota (see ECF #165 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC);

2) 28 *U.S.C.* § 3004(b)(2) mandates that the District Court **has absolutely no discretion and must transfer both garnishment cases**, *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC and *United States v. Steven Zinnel / David Zinnel, Successor Trustee of the Castana Trust, Dated March 4, 2009, (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00143-TLN-AC to the District Court for the district in which the debtor resides which is the District of South Dakota, Western Division (Rapid City); [1] [2]

3) Zinnel appealed Judge Troy L. Nunley's and Magistrate Allison Claire's unlawful refusal to transfer both garnishment cases as required by 28 *U.S.C.* § 3004(b)(2). (see ECF #151 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC). Zinnel, a non-attorney, prosecuted his appeal In Pro Se. In a Published Opinion, issued on June 9, 2025, (see ECF #164 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC), the United States Court of Appeals for the Ninth Circuit vacated the Judge Troy L. Nunley's unlawful final order of garnishment in the government's application for a writ of garnishment under the *Federal Debt Collection Procedures Act of*

---

[1] Zinnel is not an attorney, but he did learn how to read in elementary school so he could read the *Federal Debt Collection Procedures Act of 1990* (FDCPA) states that a proceeding initiated by the United States to recover a debt "shall," upon the debtor's timely request, "be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2).

[2] The Supreme Court has found "shall to be the language of command." *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935). In 1998, the Supreme Court again made it crystal clear that "shall" creates an obligation not subject to judicial discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The Ninth Circuit has held the same: "The word 'shall' is ordinarily the language of command." United States v. Kowalczyk, 805 F.3d 847, 857 (9th Cir. 2015). In this case, Appellant requested a hearing. (ECF #20, p. 1). The district court erred in failing to hold the hearing as required by 28 U.S.C. § 3202(

*1990* (FDCPA), seeking to seize funds from a TD Ameritrade Clearing, Inc., Individual Retirement Account. The panel held that the district court erred in denying Zinnel's timely motion to transfer the garnishment proceedings to the district in which he resided. Agreeing with the Sixth and Eleventh Circuits, the panel held that the plain language of section 3004 of the FDCPA imposed **a mandatory obligation on the district court to transfer the proceedings.** (emphasis added). Further, the panel held that the proper remedy was to vacate the final garnishment order. Disagreeing with the Sixth Circuit, the panel held that the Supreme Court's opinion in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), [cited by non-attorney In Pro Se Zinnel in his Opening Brief on Appeal,] foreclosed the contention that a district court's violation of §3004(b)(2) was

1    amenable to harmless error analysis; rather, it was the type of violation that necessarily

2    affected the debtor's "substantial rights." 28 *U.S.C.* § 2111. [3][4][5][6][7][8]

3

4    [3] Zinnel knew Magistrate Allison Claire and Judge Troy L. Nunley made reversible error when they both refused to comply with their mandatory obligation under 28 *U.S.C.* 3004(b)(2) and transfer both garnishment cases. On June 9,

5    2025, the Ninth Circuit issued a Published Opinion completely vindicating Steven Zinnel and finding that Steven Zinnel's legal contentions were sound regarding the underlying garnishment writ action Judge Troy L. Nunley, Magistrate Allison Claire, Magistrate Kendall J. Newman presided over. Magistrate Allison Claire cited the federal

6    venue statute 28 *U.S.C.* § 1391. As the Ninth Circuit noted, neither Magistrate Allison Claire nor Judge Troy L. Nunley addressed 28 *U.S.C.* §3004(b)(2). WTF? Zinnel was outraged, which he expressed to Magistrate Allison Claire and

7    Judge Troy L. Nunley  that the cases were not transferred to the District of Oregon especially since the Government is the one who forced Zinnel against my will to live in Oregon. Zinnel was quite confident that Judge Troy L. Nunley,

8    who is so bad and so biased in favor of the government, in Zinnel's opinion and belief, would be reversed on appeal. Zinnel is not a lawyer, but he learned to read well enough in elementary school to know what the statute Congress

9    enacted in  28 *U.S.C.* §3004(b)(2) of the Federal Debt Collection Procedure Act mandates.

10    If the debtor so requests, within 20 days after receiving the notice described in section 28 *U.S.C.* 3202(b), the action or proceeding in which the writ was issued **shall** be transferred to the district

11    court for the district in which the debtor resides.

12    [4] Judge Troy L. Nunley is the named judge in the Published Opinion as being reversed which is what he gets for rubber-stamping Magistrate Allison Claire  unlawful orders.

13

14    [5] In all three appeals involving Zinnel, **Judge Troy L. Nunley  has been reversed all three times** by the Ninth Circuit because he does not follow the law, in Zinnel's opinion and belief, and he tramples on Zinnel's "substantial rights."

15

16    [6] AUSA Lynn Trinka Ernce and the Department of Justice should have done the right and ethical thing and conceded error on appeal and not draft and file an Appellee Brief full of bullshit saying for many reasons Zinnel had nothing coming. AUSA Lynn Trinka Ernce was flat out wrong and the Ninth Circuit in a Published Opinion unequivocally

17    rejected each of AUSA Lynn Trinka Ernce's bullshit and unlawful positions. *The incredible thing about bullshit, is it always sounds like bullshit.*  Quote of Brandon Tartikoff, an American television executive who was head of the

18    entertainment division of NBC from 1981 to 1991.

19    [7] Zinnel is diametrically opposed to most of what President Donald J. Trump says and does, but Zinnel totally agrees the Department of Justice is weaponized and tries to win at all costs instead of seeking justice. Below is a compilation

20    of quotes from President Donald J. Trump regarding his claims of a "weaponized" Department of Justice (DOJ), based on publicly available information from reputable sources:

21

22    • "Unfortunately in recent years, a corrupt group of hacks and radicals within the ranks of the American government obliterated the trust and good will built up over generations. They weaponized the vast powers of our intelligence and law enforcement agencies to try and thwart the will of the American people."

23

24    • Pardoning Scott Jenkins: Trump pardoned former Virginia Sheriff Scott Jenkins, who was convicted of bribery, citing a "Corrupt and Weaponized Biden DOJ". Trump claimed the justice system under Biden was more about pursuing personal vendettas than fairness.

25

26    • Executive Order: Trump signed Executive Order 14147, "Ending the Weaponization of the Federal Government," which requires the Attorney General to review activities of departments and agencies exercising

27    civil or criminal enforcement authority over the last four years.

28

    • "The real crimes were on the other side, as nothing happens to them. Cannot allow this miscarriage of justice!"

*4)* In Footnote 4 on page 18 of the Published Opinion, (see ECF #164 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC), the Ninth Circuit ordered: *The government* [AUSA Lynn Trinka Ernce] *contends, in the alternative, that Zinnel's appeal is also moot because Zinnel now resides in the Central District of California and is therefore no longer entitled to transfer the proceedings to the District of Oregon.* ***NOT SO. Because Zinnel has preserved his objection to venue, on remand the district court may reconsider a transfer request to the district in which Zinnel now resides.*** (emphasis added.)

*5)* Mandate issued on August 4, 2025 returning jurisdiction to the District Court. (see ECF #168 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc.*, (Garnishee), U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC)

---

[8] Zinnel is diametrically opposed to most of what President Donald J. Trump says and does, but Zinnel totally agrees the Federal Judges, like Judge Troy L. Nunley and Magistrate Allison Claire are biased, unfair, unhinged, and do not follow the law: President Donald J. Trump has frequently criticized federal judges, calling them "crooked" and "monsters." He has also suggested that judges who oppose him should be impeached, reflecting his contentious relationship with the judiciary. Below is a compilation of quotes from President Donald J. Trump where he has criticized or attacked federal judges, based on publicly available information from various sources.

- Judge Esther Salas: "We're used to being appealed, but keep it on the merits. Stop demonizing us. Stop villainizing us."

- Judge John Coughenour: "What kind of people do these things? It's just so disgusting."

- On Judge James Robart "The opinion of this so-called judge, which essentially takes law-enforcement away from our country, is ridiculous and will be overturned!"

- On Judge Tanya Chutkan (2023, Federal Election Interference Case): "The Washington DC judge overseeing the four-count election interference charges brought by Smith is highly partisan and VERY BIASED and UNFAIR."

- On Judge Juan Merchan (2024, Hush Money Case): "This Judge, by issuing a vicious 'Gag Order,' is wrongfully attempting to deprive me of my First Amendment Right to speak out against the Weaponization of Law Enforcement. He is suffering from an acute case of Trump Derangement Syndrome."

1    Based on the foregoing, Zinnel requests and moves the district court that both garnishment

2    cases, *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc.,(Garnishee)*, U.S.D.C. ED CA

3    Case No. 2:21-mc-00098-TLN-AC and *United States v. Steven Zinnel / David Zinnel, Successor*

4    *Trustee of the Castana Trust, Dated March 4, 2009, (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-

5    mc-00143-TLN-AC must be transferred to the District of South Dakota, Western Division (Rapid

6    City) which is the district Zinnel now resides. Under 28 *U.S.C.* 3004(b)(2) and the Ninth Circuit's

7    Published Opinion, Judgment, and Mandate in this case, the **transfer of both garnishment cases is**

8    **mandatory**.

9    This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

10    Points and Authorities and Exhibits, all the filings in *United States v. Steven Zinnel / TD Ameritrade*,

11    U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC ("Misc. Case #1), all the filings in *United*

12    *States v. Steven Zinnel / David Zinnel, Castana Trust*, U.S.D.C. ED CA Case No. 2:21-mc-00143-

13    TLN-AC ("Misc. Case #2") , all the filings in *United States v. Steven Zinnel*, U.S.D.C. ED CA Case

14    No. 2:11-cr-00234-TLN, and any oral argument at the hearing if held.

15

16    Fighting for what is Right, Saying what needs to be said, and Seeking a scintilla of justice in such

17    an unjust case,

18

19

20

21    Steven Zinnel                                        Dated: August 11, 2025

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3 **1. INTRODUCTION**

4          Zinnel recently Came across the written test for prospective members of the United States

5   Attorney's Office. As a preamble to the written test, the United States Attorney's Office informed

6   the applicants:

7
8
9
10
11
12

> The Federal Government is the world's strongest litigant, who is represented by the world's largest law firm, the Department of Justice, with approximately 6,300 Assistant United States Attorneys (AUSAs) employed by the U.S. Department of Justice across the 94 federal judicial districts who are supported by plenty of alphabet agencies such as the FBI, DEA, IRS, DHS, SEC and ATF all of which have unlimited resources to successfully prosecute anyone and put them in prison for a long time. As an Assistant U.S. Attorney, you have the power to chew up any man or woman you want, and totally destroy their lives and their family, all with total impunity, with our unlimited resources and an *InJustice* system firing on all cylinders.

13          After the preamble, the first question to the budding AUSA, is to require the applicant to

14   match the words in the column on the left with the appropriate response and the column on the right:

15

16   In                                        -          White

17   Up                                        -

18   Hot                                       -          Down

19   Black                                     -          Out

20                                             -          Cold

21

22          The AUSAs, Matthew D. Segal, Audrey Benison Hemesath, and Lynn Trinka Ernce

23   obviously aced the application test and took the DOJ's manta to heart over the years.

24

25

26

27   ⁹ _____

28

---

¹⁰ No emphasis added.

## 2. **KEY LAW RE FREEDOM OF SPEECH, OPINIONS AND BELIEFS ARE NOT ACTIONABLE, LITIGATION PRIVILEGE, AND FEDERAL JUDGES ARE PUBLIC FIGURES**

Zinnel has completed the record-setting draconian and savage prison sentence that Judge Troy L. Nunley imposed and Zinnel is no longer on Supervised Release. Therefore, neither Judge Troy L. Nunley nor Magistrate Allison Claire nor government prosecutors AUSA Matthew D. Segal, AUSA Audrey Benison Hemesath, AUSA Lynn Trinka Ernce have any legal ability or mechanism to punish or abuse Zinnel any further. Therefore, in what should be Zinnel's **final motion filing with the United States District Court for the Eastern District of California**, Zinnel is saying what he has been wanting to say for well over a decade exercising his freedom of speech rights, expressing his opinions, beliefs, and viewpoints, none of which are actionable, while also enjoying the absolute protection of the Litigation Privilege, and knowing federal judges are considered public figures under the law.

### 2.1 **Freedom of Speech**

U.S. Constitution, First Amendment. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

California Constitution, Article I, section 2(a). Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.

Thus, Zinnel is free to exercise his right to freedom of speech and petition the Government for a redress of grievances herein.

///

///

///

///

## 2.2  Opinions, Beliefs, Viewpoints are not Actionable

Opinions are protected by the First Amendment and cannot be the basis of a defamation claim. They are considered a form of protected speech, which cannot be proven or disproven. The Supreme Court, in *Milkovich v. Lorain Journal Co.*, 479 US 1, (1990), defined an opinion as "an expression of a viewpoint, which may be supported by reason or evidence, but which is incapable of being proved true or false." The case dealt with a defamation lawsuit against a newspaper, and the court ruled that statements of opinion are protected by the First Amendment unless they imply a false statement of fact.

California appellate courts have held the same. Opinions are not actionable. *Baker v. Los Angeles Herald Examiner* (1986) 42 Cal.3d 254, 260. "A representation is an opinion "'if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value … or other matters of judgment.'" *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 606-607 (2014)

## 2.3  Litigation Privilege

California's litigation privilege is an incredibly powerful tool that effectively immunizes conduct if it is reasonably related to litigation. California's litigation privilege is a unique legal doctrine that provides immunity for statements made during litigation or in anticipation of litigation. The litigation privilege protects conduct even if it is "alleged to be fraudulent, perjurious, unethical, or even illegal." *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (2002). *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990) (quoting Prosser, Law of Torts (3d ed. 1964, p. 797); see id. at 213 ("The principal purpose of section [47(b)] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (internal citations omitted). "To effectuate its vital purposes, **the litigation privilege is held to be absolute in nature**." Id. at 215. (emphasis added).

In California, the litigation privilege is covered under *Civil Code* Section 47b. This common law doctrine grants protection from civil liability for certain communications and actions that are

1   made in connection with or in preparation for legal proceedings. Contrary to popular belief among

2   lawyers, application of the litigation privilege is not limited to civil lawsuits. **The privilege applies**

3   **to various legal contexts, including any judicial proceeding**. The California Court of Appeal

4   recently held that **the litigation privilege even applied in a *criminal* trial** involving charges of

5   extortion. *People v. Toledano*, 36 Cal.App.5th 715, 728 (June 24, 2019) ("Thus, the litigation

6   privilege may apply to criminal prosecutions of extortion."); id. at 730 ("The trial court, however,

7   had a sua sponte duty to give a correctly phrased instruction on Toledano's affirmative defense that

8   his actions were protected under the litigation privilege.")

9     The above gives rise to two key questions. First, when does conduct fall within the

10  protections of the litigation privilege? Second, are there any recognized exceptions to the litigation

11  privilege?

12    As to the first question, **the litigation privilege "applies to any communication (1) made**

13  **in judicial or quasi-judicial proceedings**; (2) by litigants or other participants authorized by law;

14  (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to

15  the action." *Silberg* at 212. The privilege applies during court proceedings and encourages open

16  communication and evidence presentation in both formal court settings and related judicial

17  procedures such as administrative hearings or depositions. While, for example, pleadings are an

18  obvious example of privileged communications, application of the litigation privilege "is not limited

19  to statements made during a trial or other proceedings, but may extend to steps taken prior thereto,

20  or afterwards." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007)

21  (internal quotations omitted); see *Rusheen v. Cohen*, 37 Cal.4th 1048, 1058 (2006). For example, in

22  *Rubin v. Green*, 4 Cal.4th 1187, 1191 (1993), a resident of a mobile home park, "Green," and a law

23  firm she hired, mailed a "notice of intention to commence action" to the park's owner, Rubin,

24  alleging various defects with operation of the park. Pre-litigation communications, such as these,

25  are often covered by the litigation privilege.

26

27    Thus, Zinnel is free to exercise his right to freedom of speech herein and has absolute

28  protection under the Litigation Privilege as codified under California *Civil Code* Section 47b.

1

2

### 2.4 **Judges are considered public figures**

3

4    Federal judges are considered public figures for defamation purposes. Courts have

5    consistently held that judges, as public officials with significant roles in the judicial system, are

6    subject to the higher "actual malice" standard established in *New York Times Co. v. Sullivan* (1964)

7    for defamation claims. This means that to succeed in a defamation lawsuit, a judge must prove that

8    the defamatory statement was made with knowledge of its falsity or with reckless disregard for its

9    truth. This standard applies because **judges, due to their prominent positions, are deemed to have**

**assumed the risk of public scrutiny and comment**.

10

11
### 3. **DOCKET CITATIONS IN THIS MOTION**

12    On a clarification matter, as this Motion cites court-filings in different cases filed in the

13    United States District Court, Eastern District of California, (Sacramento), Zinnel will refer to court-

14    filings in the cases:

15
- The criminal case entitled *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No.

16       2:11-cr-00234-TLN as "**Criminal Case**;"

17
- The garnishment case entitled *United States v. Steven Zinnel / TD Ameritrade*,

18       *(Garnishee)* U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC as "**Misc. Case #1**;"

19
- *United States v. Steven Zinnel / David Zinnel, Castana Trust (Garnishee),* U.S.D.C. ED

20       CA Case No. 2:21-mc-00143-TLN-AC as "**Misc. Case #2**;"

21

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1

## 4. **ANALYSIS**

2

**4.1    THIS COURT DOES NOT HAVE JURISDICTION TO DECIDE THIS CASE,**

3

**OR MISC. CASE #2, BECAUSE ZINNEL TIMELY MADE A REQUEST**

4

**UNDER 28 _U.S.C._ 3004(b)(2) TO TRANSFER THE CASE TO THE DISTRICT**

5

**THE GOVERNMENT SOLELY CHOSE TO INCARCERATE HIM IN**

6

7       In both garnishment cases, Zinnel timely requested under 28 _U.S.C._ 3004(b)(2) that the

8    actions and proceedings be transferred to the Federal Judicial District of Oregon because Plaintiff

9    had forced Zinnel to live in Sheridan, Oregon which is outside the Eastern District of California.

10    Zinnel would be greatly prejudiced if the case is not transferred. (Misc. Case #1, ECF #21; Misc.

11    Case #2, ECF #19). Zinnel now resides in the District of South Dakota. Zinnel files this motion in

12    this case, and Misc. Case # 2, to transfer both garnishments case to the United States District Court

13    for the District of South Dakota, Western Division (Rapid City) Under 28 _U.S.C._ 3004(b)(2) and

14    the Ninth Circuit's Published Opinion, Judgment, and Mandate in this case, the **transfer of both**

15    **garnishment cases is mandatory**.

16

17

### A. **KEY LAW REGARDING THE REQUIREMENT TO TRANSFER THIS CASE**

18

19       28 U.S.C. 3004(b)(2) of the _Federal Debt Collection Procedure Act_ ("FDCPA") states:

20    "If the debtor so requests, within 20 days after receiving the notice described in section 28 U.S.C.

21    3202(b), the action or proceeding in which the writ was issued **shall be transferred** to the district

22    court for the district in which the debtor resides." (emphasis added). The phrase "shall be

23    transferred" indicates that, upon the filing of a written request under 28 _U.S.C._ 3004(b)(2), transfer

24    is mandatory and a district court would abuse its discretion in not transferring this case to the District

25    of South Dakota, Western Division (Rapid City). The Supreme Court has found "shall to be the

26    language of command. _Escoe v. Zerbst_, 295 U.S. 490, 493 (1935). "The word "'shall" "creates an

27    obligation not subject to judicial discretion." _Lexecon Inc. v .Milberg Weiss Bershad Hynes &_

28    _Lerach_, 523 U.S. 26, 35 (1998). "The word 'shall' generally indicates a command that admits of no

discretion on the part of the person instructed to carry out the directive." *Association of Civilian Technicians v. FLRA*, 22 F.3d 1150, 1153 (D.C. 1994). The Ninth Circuit has of course held the same: "The word 'shall' is ordinarily the language of command." *United States v. Kowalczyk*, 805 F.3d 847, 857 (9th Cir. 2015). The district court must assume that Congress meant what it said when it used the term "shall be transferred to the district court for the district in which the [alleged] debtor resides." *United States v. Gonzales*, 520 U.S. 1, 5 (1997).

28 *U.S.C.* 3202(b) of the FDCPA requires the "Clerk's Notice of Instructions to the Judgment Debtor" to provide the above-cited section 3004(b)(2) notice to the debtor.

In drafting the "Clerk's Notice," the government lawyers complied with the 28 *U.S.C.* 3202(b) requirement. (Misc. Case #1, ECF #2). On April 5, 2021, the Court Clerk signed the "Clerk's Notice of Instructions to Judgment Debtor" containing the required 28 *U.S.C.* 3202(b) notice. (Misc. Case #1, ECF #3, pg. 3, lines 10-12).

In a Published Opinion, issued on June 9, 2025, (see ECF #164 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC), the United States Court of Appeals for the Ninth Circuit vacated Judge Troy L. Nunley's unlawful final order of garnishment in the government's application for a writ of garnishment under the *Federal Debt Collection Procedures Act of 1990* (FDCPA), seeking to seize funds from a TD Ameritrade Clearing, Inc., Individual Retirement Account. The panel held that the district court erred in denying Zinnel's timely motion to transfer the garnishment proceedings to the district in which he resided. Agreeing with the Sixth and Eleventh Circuits, the panel held that the plain language of section 3004 of the FDCPA imposed a mandatory obligation on the district court to transfer the proceedings. Further, the panel held that the proper remedy was to vacate the final garnishment order. Disagreeing with the Sixth Circuit, the panel held that the Supreme Court's opinion in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), (cited by non-attorney In Pro Se Zinnel in his Opening Brief on Appeal, foreclosed the contention that a district court's violation of § 3004(b)(2) was amenable to harmless error analysis; rather, it was the type of violation that necessarily affected the debtor's "substantial rights." 28 *U.S.C.* § 2111.

In Footnote 4 on page 18 of the Published Opinion, (see ECF #164 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC), the Ninth Circuit ordered: *The government* [AUSA Lynn Trinka Ernce] *contends, in the alternative, that Zinnel's appeal is also moot because Zinnel now resides in the Central District of California and is therefore no longer entitled to transfer the proceedings to the District of Oregon.* ***NOT SO. Because Zinnel has preserved his objection to venue, on remand the district court may reconsider a transfer request to the district in which Zinnel now resides.*** (emphasis added.)

Mandate issued on August 4, 2025 returning jurisdiction to the District Court. (see ECF #168 in *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc.*, (Garnishee), U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC)

The Eleventh Circuit has weighed in holding that under 28 *U.S.C.* 3004(b)(2), transfer to the district where the alleged debtor is incarcerated is mandatory if timely requested. In *United States v. Peters*, 783 F.3d 1361, (11th Cir. 2015), the Eleventh Circuit wrote:

"If the debtor so requests, ... the action or proceeding shall be transferred to the district in which the debtor resides. 28 U.S.C. 3004(b)(2)" [emphasis added by the Court of Appeals]

Shall creates an obligation not subject to judicial discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Peters' request required the district judge to transfer his case to California where he is incarcerated. (emphasis added). The case is remanded to the district judge to enter an order transferring Peters' proceeding to the California district court with jurisdiction for a hearing and decision. VACATED AND REMANDED."

Here, Zinnel's request to transfer under 28 U.S.C. 3004(b)(2) is timely made. (Misc. Case #1, ECF #21).

So many times at the District Court level Zinnel gave Judge Troy L. Nunley and Magistrate Allison Claire the opportunity to correct their blatant legal errors. They refused and just went along with whatever the weaponized DOJ prosecutors requested. In Zinnel's opinion, Judge Troy L.

1    Nunley is such a bad judge and so biased in favor of government prosecutors and against any
2    criminal defendant, especially in a white-collar case.

3    In the three (3) appeals concerning Steven Zinnel, Judge Troy L. Nunley has been reversed
4    all three times with the last one being in a Published Opinion where Zinnel, a non-attorney Pro Se
5    Appellant, was completely vindicated.

6    The court MUST GRANT Zinnel's Motion to Transfer both garnishment cases, the
7    garnishment case entitled *United States v. Steven Zinnel / TD Ameritrade, (Garnishee)* U.S.D.C. ED
8    CA Case No. 2:21-mc-00098-TLN-AC as "Misc. Case #1 and *United States v. Steven Zinnel / David*
9    *Zinnel, Castana Trust (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00143-TLN-AC as "Misc.
10   Case #2.

11   If Magistrate Allison Claire   and /or Judge Troy L. Nunley   refuse to transfer both
12   garnishment cases, Zinnel will certainly appeal any adverse ruling. As Zinnel demonstrated in the
13   most recent successful appeal wherein Judge Troy L. Nunley  was reversed for the third time in
14   Zinnel's case, Zinnel has demonstrated he has the time, legal skills, and drive to litigate and appeal.
15   As Zinnel told Judge Troy L. Nunley  during his resentencing hearing in the Criminal Case on May
16   6, 2019:

18       *I recognize that if this case does not end today, there will be continuous vigorous*
         *litigation in the foreseeable future in this case.*

20       *I want to end this long and painful chapter in my life. I want to end the suffering on*
         *me and the people that are important to me. We've endured much. I want to move on*
21       *with my life, and I want others to move on as well. I'm sick and tired of constantly*
         *working on legal work involving this case. **Quite frankly, it has been a rough***
22       ***decade.** I want the second half of my life to start today. It's more than past time. I*
         *want to create new happy memories.*
23

24       *This case for all intents and purposes has been in continuous litigation since June 8,*
         *2011. 92.8 months. 7.7 years. There's been a trial. There's been multiple appeals*
25       *there. There is still a pending Supreme Court petition, lots of law and motion, lots of*
         *court filings. There's been two sentencing proceedings. There can be another appeal.*
26       *There can be a 2255. There can be a new trial, there could be a third resentencing.*
27       *There could be a new judge.*

28

*In other words, lots of past litigation and potential for future litigation. I want to make it clear. **I do not want to litigate anymore, but my resolve to fight for what's right as I've demonstrated is still strong, and I will litigate if necessary.***

*It is possible that this litigation can end today at this resentencing if just punishment is imposed. The sentence promotes respect for the law. And I'm sentenced to what **similarly situated bankruptcy fraud defendants receive which is between 19 and 36 months of imprisonment.** And based on my 69 months of incarceration to date, no term of supervised release.*

*If this right sentence is imposed, the litigation will stop.*

*If this right sentence is imposed, the litigation will stop. This case will end today. I will be unhappy. I will be angry. I will grumble loudly. I will have a bitter taste in my mouth for the rest of my life of how justice was served in this case, but I will go away. I will live a law abiding life. I will do everything in my power to not be in the United States Government's cross hairs again. I will stay out of any United States courthouse.*

*I seek your mercy, Your Honor. I told you what has happened to my loved ones. I'm humiliated. I'm humbled. I have shame. I have regret. I do not want my life to be defined by what is on the internet right now based upon the Government's misrepresentations and lies. That is not who I am.*

*Courage and conviction are rare qualities in a man. God has blessed me with both. I trust God's perfect plan and timing. I believe that suffering is part of something bigger. My children, my family and I have suffered excessively in this case for a long time now. However, justice, like the will of God, does not always manifest itself in the spur of the moment. It doesn't come when you think it should. You've got to wait it out, and when it does, I will still be standing without a doubt.*

*Your Honor, I seek your mercy. I seek some measure of justice. I implore you to end this case today with a sentence that is **reasonable**, **rational** and **right**.*

*I end where I began. Where I am is not who I am. I am Steve Zinnel, and I had something to say.*

Shortly thereafter, Judge Troy L. Nunley resentenced Zinnel to a draconian and savage 152 months imprisonment which is still the longest sentence for a bankruptcy fraud conviction in the history of the United States by 25%;   The litigation continues between the government and Zinnel which has been constant and continuous since June 8, 2011 when Zinnel was indicted and will continue in the foreseeable future.

1    The Court must GRANT this case transfer motion and make is **so Zinnel can finally be out**

2    **of the Eastern District of California <u>forever</u> which in Zinnel's unactionable opinion, belief,**

3    **and viewpoint is a cesspool [11] of judicial incompetence and weaponized DOJ prosecutors that**

4    **try to win at all costs.** In 1940, 85 years ago, the U.S. Attorney General, Robert Jackson, stated:

6        The prosecutor has more control over life, liberty, and reputation, than any other
         person in America. If the prosecutor is obliged to choose his case, it follows that he
7        can choose his defendants. Therein is the most dangerous power of the prosecutor;
         he will pick the people that he thinks he should get, rather than cases that need to be
8        prosecuted. With the law books filled with a great assortment of crimes, a prosecutor
9        stands a fair chance of finding at least a technical violation of some act on the part of
         almost anyone. In such a case, it is not a question of discovering the commission of
10       a crime and then looking for the man who has committed it, it is a question of picking
         the man and then searching the law books, or putting investigators to work, to pin
11       some offense on him. It is in this realm--in which the prosecutor picks some person
         whom he dislikes or desires to embarrass, then looks for an offense, that the greatest
12       danger or abuse of prosecuting power lies. It is here that law enforcement becomes
13       personal, and the real crime becomes that of being unpopular or being personally
         obnoxious to or in the way of the prosecutor himself.
14

15       Much of what the United States Attorney's office does isn't open to public scrutiny or judicial
16
17   review. See *United States v. Redondo-Lemos*, 955 F.2d 1296 (9 CA, 1992). It is therefore

18   particularly important that the DOJ attorneys discharge their responsibilities fairly, consistent with

19   due process. But the temptation is always there: it's the easiest thing in the world for people trained

20   in the adversarial ethic to think a prosecutor's job is simply to win. "It is disturbing to see the Justice

21   Department change the color of its stripes to such a significant degree, portraying an individual as
22
     virtuous and honorable or as corrupt and perfidious, depending on the strategic necessities of the
23
24   separate litigations." *United States v . Katter*, 840 F.2d 118, 137 (1 CA, 1988).

25       According to a report by the Project on Government Oversight, the Department of Justice
26
     identified more than 650 instances of federal prosecutors violating the profession's rules and ethical
27

28
     _____
     [11] Dictionary Definition: A filthy, disgusting, or morally corrupt place.

standards between 2002 and 2013. More than 400 of these were "at the more severe end of the scale." Prosecutors have been and remain the engines driving mass incarceration in America. This especially true when the prosecutors cheat, lie, and win at all costs like they did in Steve's case.

Department of Justice prosecutors are supposed to be wearing white hats and riding white stallions. Assistant United States Attorneys are required to act beyond reproach. Government lawyers should not even be in gray areas or come close to crossing legal and ethical lines. Unfortunately, throughout Zinnel's, the federal prosecutors have dressed in all black and have dipped so far below the legal and ethical lines to warrant Ninth Circuit, DOJ OPR, and State Bar intervention.

From the halls of Congress to the classrooms in our schools, we pledge allegiance to one nation under God with liberty and justice for alt. Justice means that the punishment must fit the crime.

Steven Zinnel and Derian Eidson were prosecuted, remanded into county jail, and sentenced to prison as if they were repeat violent offenders, drug cartel, mafia, or bigger than this nation's biggest financial fraudsters. In Zinnel's case, no one was killed, disfigured, raped, assaulted, had their innocence stolen, poisoned by drugs, had their identity stolen, or had their house burned down.    In Zinnel's case, there  was no trust  abused, no loss of someone's livelihood, no psychological scars, no violence, no loss of reputation, no life irreparably harmed, no life changing event, or no life destroyed except for Steve's and Derian's.

Since being at Federal Correctional Institution, Terminal Island, Zinnel has shared a prison cell with two convicted murderers who each were  sentenced to less time in prison than Bad-Judge Troy L. Nunley sentenced Zinnel to first 212 months (18 years) imprisonment and then 152 months (12 years) of imprisonment for a bankruptcy fraud case that ASUAs Matthew D. Segal and Audrey

Benison Hemesath represented on appeal to the Ninth Circuit that Zinnel's case was *the mine run of roughly similar cases.* (Government Answering Brief at page 154.)

As the Judge Troy L. Nunley  and the weaponized government prosecutors were all aware of , similarly situated defendants received between 2 to 4 years in prison. At sentencing, Judge Troy L. Nunley   compared Zinnel to Letantia Bussell, who after being convicted of sophisticated bankruptcy fraud by a jury, was sentenced to 3 years in prison. The prison sentences and maximum fine imposed by biased Judge Troy L. Nunley  are far beyond the norm for the offenses of conviction. Something is wrong in Denmark. The convictions and record-setting draconian sentences *strike as more than probably wrong, they strike as wrong with the force of a five-week old unrefrigerated dead fish*. *United States v. Bussell*, 504 F.3d 956, 962 (9 CA, 2007).

As Justice Douglas once warned, *The function of the prosecutor under the Federal Constitution is not to tack as many skins of victims as possible to the wall. His function is to vindicate the right people as expressed in the laws and give those accused of crime a fair trial.* "*Donnelly v. DeChristofra*, 416 U.S. 637, 648-49 (1974). Judge T.S. Ellis put it this way in his Virginia courtroom on May 4, 2018 in the Paul Manafort case: "What we don't want in the country is anyone with unfettered power" referring to prosecuting special counsel Robert Mueller.

The reality is that over criminalization and vague federal criminal laws combined with ambitious, prison-thirsty prosecutors, passive, rubber-stamping judges, corporate profit motives and ungodly harsh, cruel sentencing has created a prison industrial complex that gives America the dubious distinction of being the incarceration nation. We have become far too punitive as a society, mistakenly believing that prison is the answer for all transgressions of law. Rather than skinning every defendant, eradicating his hope and decimating his life, sanctions should include some mechanism through which offenders can work to redeem themselves.

1

2

3

4

5

6

7

8

9

10

11

12

    The longer an individual languishes in prison, the less effective the intended punishment becomes. As the months turn into years, and the years turn into decades, the prisoner becomes alienated from society and retreats into a kind of hibernation, accepting the prison environment as the only world he knows. For nonviolent offenders it doesn't serve any interest other than vengeance. And who wins when the pursuit is vengeance? History has shown vengeance does not work to the benefit of anyone. It is not the Christian way, and yet it is frequently those who proclaim to uphold the Christian faith that call for the pound of flesh. Shakespeare illustrated the errors of vengeance in his timeless play "The Merchant of Venice" more than 400 years ago, yet the United States, the government prosecutors in Zinnel's case, and biased and bad Judge Troy L. Nunley   continues to perpetuate them today.

13

## 4.  CONCLUSION

14

15

16

17

18

19

20

21

22

23

24

25

    You can fuck over some of the people some of the time, but you can't fuck over all the people all the time including Zinnel.  Zinnel's opinion, belief, viewpoint is that Judge Troy L. Nunley, AUSA Matthew D. Segal, and  AUSA Audrey Benison Hemesath are such bad human beings. Some of the men, Judge Troy L. Nunley  and AUSA Mathew D. Segal forced  Zinnel to be exposed to and incarcerated with,  called Judge Troy L. Nunley, AUSA Matthew D. Segal, and AUSA Audrey Benison Hemesath *pieces of shit*. Further it is Zinnel's opinion, belief, and viewpoint that Judge Troy L. Nunley, is a horribly bad judge, a biased judge, who does not follow the law. Moreover, it is Zinnel's opinion, belief, and viewpoint that Judge Troy L. Nunley, AUSA Matthew D. Segal, and  AUSA Audrey Benison Hemesath completely and consistently ruin defendants' lives and destroy their families, like they did to Steven Zinnel and Derian Eidson without a second thought and without shame, regret, or remorse.

26

27

28

    For over a decade now, Zinnel has prayed to God many times asking God that when Judge Troy L. Nunley  and AUSA Matthew D. Segal die, that God judges both of them harshly and sentences them to burn in hell for eternity.  Zinnel trusts God and defers to him to finally judge and sentence Judge Troy L. Nunley  and AUSA Matthew D. Segal.

1

2      In the interim, it is Zinnel's opinion, belief, and viewpoint that Judge Troy L. Nunley should

3  be impeached and Magistrate Allison Claire  should never be a District Court judge.  It is Zinnel's

4  opinion, belief, and viewpoint that AUSA Matthew D. Segal, and  AUSA Audrey Benison Hemesath

5  should be disbarred.  If Zinnel has any say or opportunity to assist in making this happen, he will

6  jump on the opportunity.

7      Under 28 *U.S.C.* 3004(b)(2), the Ninth Circuit's Published Opinion, Judgment, and

8  Mandate, and this Motion and Request, **this case must be transferred** out of the Eastern District

9  of California, which Zinnel has been trying to do for over four (4) years now. Judge Troy L. Nunley

10  and Magistrate Allison Claire  have absolutely no discretion and must transfer both garnishment

11  cases. **Misc. Case # 1** and **Misc. Case # 2**  to the District of South Dakota, Western Division (Rapid

12  City).

13      Zinnel says **Good Riddance** to the Eastern District of California and

14  its judges and government prosecutors which this Motion makes clear of what Zinnel's

15  opinions, beliefs, and viewpoints of them are. It seems fitting and applicable that **what should be**

16  **Zinnel's last words** to Judge Troy L. Nunley, Magistrate Allison Claire,  AUSA Mathew D. Segal,

17  AUSA Audrey Benison Hemesath, and AUSA Lynn Trinka Ernce should be to simply quote Tom

18  Hanks' *Knock-Knock* joke in the 2002 movie *Catch Me If You Can*: **Go fuck yourselves**. [12]

19  [13]

20

21  Fighting for what is Right, Saying what needs to be said, and Seeking a scintilla of justice in such

22  an unjust case,

23

24

25  _____

Steven Zinnel, In Pro Se                 Dated:  August 11, 2025

26

27  _____

[12] https://www.youtube.com/watch?v=Yn3SI0Y-zqg

28

[13] Zinnel is quoting Tom Hanks in the movie, but also exercising his free speech rights under the United States and California Constitutions.

# CERTIFICATE OF SERVICE

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| Lynn Trinka Ernce<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Email: lynn.trinka.ernce@usdoj.gov<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>Boutin Jones Inc.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br><br>Email: gpeterson@boutinjones.com<br><br>Attorney for Michael Brumbaugh, the *Castana Trust*, and the *Estate of David P. Zinnel* |
| Melanie Vartabedian, Esq.<br>Ballard Spahr LLP<br>201 South Main Street, Suite 800<br>Salt Lake City, UT 84111-2221<br>Email: vartabedianm@ballardspahr.com<br><br>Attorneys for TD Ameritrade Clearing, Inc. | |
| Kimberly A. Sanchez, Acting U.S. Attorney<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Attorneys for the United States of America | Heather E. Williams, Federal Defender<br>Federal Defender's Office<br>801 I Street, 3rd floor<br>Sacramento, CA 95814 |
| Honorable Kendall J. Newman<br>Courtroom 25, 8th floor<br>United States Courthouse<br>501 I Street<br>Sacramento, CA 95814 | Honorable Troy L. Nunley<br>Courtroom 2, 15th floor<br>United States Courthouse<br>501 I Street<br>Sacramento, CA 95814 |
| Audrey Benison Hemesath, Esq.<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br>Email: audrey.hemesath@usdoj.gov<br><br>Attorneys for the United States of America | Former AUSA Matthew D. Segal<br>Stoel Rives, LLP<br>500 Capitol Mall Ste 1600<br>Sacramento, CA 95814-4740 |

1    I further certify I served the foregoing document(s) by the following method checked:

2

3    ☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

4    [ ] **BY ELECTRONIC MAIL**: I caused such documents listed above to be transmitted via

5    electronic mail to the e-mail address(es) as above described.

6    Executed on **August 11, 2025**, at Aliso Viejo, California. I certify under penalty of perjury

7    under the laws of the United States of America that the foregoing is true and correct.

8

9

10   Derian Eidson

11   11 Verdin Lane
     Aliso Viejo, CA  92656

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28