ERIC GRANT
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>           v.<br><br>STEVEN ZINNEL,<br><br>     Defendant and Judgment Debtor.<br>_____<br>TD AMERITRADE CLEARING, INC.,<br><br>     Garnishee.<br>_____ | Case No.  2:21-mc-00098-TLN-AC<br><br>**JOINT STATUS REPORT BY UNITED STATES OF AMERICA AND MICHAEL BRUMBAUGH**[1] |

The United States and Michael Brumbaugh hereby submit this joint status report:

### Procedural Status

The Ninth Circuit issued its Opinion vacating the final garnishment order and remanding the matter to this Court on June 10, 2025.  ECF 164.  The Ninth Circuit's Mandate issued on August 4, 2025.  ECF 168.  The Court issued its order requiring a joint status report on August 8, 2025, and stated the following:

---

[1] On August 15, 2025, Steven Zinnel provided a written response to the United States' meet and confer request for an insert setting forth his positions to be included in the joint status report.  However, while the United States intended to copy and paste Zinnel's responses into this status report, on August 18, 2025, Zinnel stated that he would draft and file his own status report.  *See* Ex. A.  Garnishee TD Ameritrade's successor, Charles Schwab, declined to participate in this joint status report.

> Pursuant to the Ninth Circuit's mandate, the Court vacates its Final Order of Garnishment. (ECF No. 149.) Given the Ninth Circuit's order, the Court intends to direct the United States to return $650,000 to TD Ameritrade. Prior to doing so, the Court DIRECTS the parties to meet and confer and file a joint status report in fourteen (14) days containing: (1) any response to the Ninth Circuit's order regarding the appropriate remedy, and (2) outlining how they intend to proceed in this action, including whether Zinnel intends to file a renewed motion to transfer proceedings.

ECF 169 at 2-3.

On August 14, 2025, Zinnel filed his motion to transfer this case to the District of South Dakota and set it for hearing before Magistrate Judge Claire on September 24, 2025, at 10:00 a.m. ECF 170. The Court has submitted the matter without appearance or oral argument. ECF 171. The deadline for any opposition or non-opposition to the transfer motion is August 28, 2025. L.R. 230(c).

## Responses Regarding the Appropriate Remedy

### A.    United States' Response

The Court should not direct the United States to return the $650,000 to TD Ameritrade. The Ninth Circuit did not address the merits of the final garnishment order, nor did it find that returning the funds was an appropriate remedy. As this Court noted in its August 8 order, the "Ninth Circuit determined that the appropriate remedy was to reverse and vacate this Court's order granting the writ of final garnishment rather than review for harmless error." ECF 169 at 2.

The Ninth Circuit vacated the final garnishment order and remanded the case to this Court for further proceedings on the merits. ECF 164 at 5 (stating that "the proper remedy is to vacate the final order and permit the debtor to litigate the proceeding in his or her district of residence"); *see id.* at 18 and n.4 (vacating and remanding for further proceedings, including any future transfer request). It only addressed the possible return of $650,000 when analyzing whether the appeal was moot. It found that:

> Zinnel's appeal is not moot. The United States, a party to this proceeding, has retained $650,000 of the money that TD Ameritrade disbursed from Zinnel's account. Assuming Zinnel prevails on appeal *and on remand in the district court*, the district court could vacate the portion of the garnishment order requiring TD Ameritrade to disburse $650,000 for the unpaid fines and the litigation surcharge and direct the United States to return the funds to TD Ameritrade.

*Id.* at 7 (emphasis added). Thus, the Ninth Circuit recognized that there will be further proceedings on the merits on remand. *See id.* and *id.* at 18 n.4.

Although the Court has vacated its final garnishment order, its writ of garnishment remains in effect, and the United States intends to renew its request for a final garnishment order as soon as practicable.  The United States believes that Zinnel's continued objection to the garnishment – that he does not owe any money because the United States forfeited more than he was ordered to pay in victim restitution – which this Court found to lack merit, continues to be meritless and untenable.

The United States believes that directing it to return the $650,000 to TD Ameritrade before any court has acted on its renewed request for a final garnishment order, would be premature and unnecessary. The money remains safely in the United States' possession.  If the court enters a new final garnishment order, it will affirm that the money shall remain with the United States.  If the court denies a final garnishment order, it can direct the United States to return the funds in its denial order.

Moreover, during the meet and confer for this joint status report, Zinnel represented that the account from which TD Ameritrade disbursed the funds has been closed, and he demanded that the Court order the United States to pay the $650,000 directly to him within ten days.  The Court should reject any such demand if made in Zinnel's separate status report. If the court enters a new final garnishment order, it will be extremely difficult to recover the $650,000 from Zinnel to pay his $500,000 fine and $150,000 litigation surcharge.  The United States believes that the prudent and appropriate course of action is for the $650,000 to remain with the United States pending a decision on its renewed request for a final garnishment order.

**B.      Michael Brumbaugh's Response**

All issues between Michael Brumbaugh and Steven Zinnel have been resolved by way of the Settlement Agreement and Stipulation and Order.  ECF 160, 161.  Any unresolved issues in this matter are solely between the USA and Steven Zinnel.

<u>**How the Parties Intend to Proceed**</u>

**A.      United States' Response**

As discussed above, the United States intends to move for entry of a new final garnishment order as soon as practicable.  The United States also intends to file a response to the motion to transfer this action to the District of South Dakota by the August 28, 2025 deadline.

///

**B.      Michael Brumbaugh's Response**

Because all issues between Michael Brumbaugh and Steven Zinnel have been resolved, Brumbaugh does not intend to take any further action in this matter.  Brumbaugh requests that the Court's order on this status report reflect that he has no further role in this matter.[2]

Dated:  August 19, 2025                                       ERIC GRANT
                                                             United States Attorney


                                                    By:   _/s/ Lynn Trinka Ernce_____
                                                             LYNN TRINKA ERNCE
                                                             Assistant United States Attorney



Dated:  August 19, 2025

                                                    By:   _/s/ K. Greg Peterson (as authorized 8/19/2025)_
                                                             K. Greg Peterson, Esq.
                                                             Attorney for Michael Brumbaugh, Administrator
                                                             of the Estate of David P. Zinnel and Trustee of
                                                             the Castana Trust, Dated March 4, 2009

---

[2] Michael Brumbaugh as trustee of the Castana Trust continues to retain an interest in any proceedings involving related Case Number 2:21-mc-00143-TLN-AC which is a garnishment action brought by the USA against the assets of the Castana Trust, and which remains pending.

| | |
|---|---|
| **From:** | firsthalfsteve@gmail.com |
| **To:** | Ernce, Lynn Trinka (USACAE) |
| **Cc:** | "K. Greg Peterson"; "Vartabedian, Melanie J." |
| **Subject:** | [EXTERNAL] In re Status Report in United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee) U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC |
| **Date:** | Monday, August 18, 2025 2:00:33 PM |

Ms. Ernce:

Steven Zinnel DOES NOT agree with your edict that you will draft the Joint Status Report in the case entitled *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc.*, *(Garnishee)* U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC as "**Misc. Case #1**;"
Therefore, Steven Zinnel will draft and file his own comprehensive Status Report.

/S/
Steven Zinnel

---

**From:** Ernce, Lynn Trinka (USACAE) <Lynn.Trinka.Ernce@usdoj.gov>
**Sent:** Friday, August 15, 2025 8:56 AM
**To:** firsthalfsteve@gmail.com
**Cc:** K. Greg Peterson <greg@kgregpeterson.com>
**Subject:** Meet and Confer

Judge Nunley ordered the parties to meet and confer and file a joint status report by August 22 which addresses "(1) any response to the Ninth Circuit's order regarding the appropriate remedy, and (2) outlining how they intend to proceed in this action including whether Zinnel intends to file a renewed motion to transfer proceedings."  ECF 169.  I will prepare the draft joint status report.  I received your motion to transfer the case, so the joint status report will include that you have requested a transfer to South Dakota.  Please send me your response to Judge Nunley's inquiries so that I can insert them into the document.  I haven't drafted the United States' portion yet, but it will include that the United States intends to seek a new final garnishment order and that the court should not order anything regarding the $650,000 until the court rules on the matter.

**Lynn Trinka Ernce | Chief, Asset Recovery Unit | U.S. Attorney's Office for the Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
***t*** 916-554-2720 | ***f*** 916-554-2900 | ***e*** lynn.trinka.ernce@usdoj.gov

# EXHIBIT A